GERARD FOX LAW P.C.
Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Lauren M. Greene (SBN 271397)
lgreene@gerardfoxlaw.com
Banu S. Naraghi (SBN 312754)
bnaraghi@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

*Attorneys for Plaintiffs*
SEAN HALL D.B.A. GIMME SOME HOT
SAUCE MUSIC AND NATHAN BUTLER
D.B.A. FAITH FORCE MUSIC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HALL d.b.a. GIMME SOME HOT SAUCE MUSIC, an individual, and NATHAN BUTLER d.b.a. FAITH FORCE MUSIC, an individual,<br><br>           Plaintiffs,<br><br>v.<br><br>TAYLOR SWIFT, an individual, KARL MARTIN SANDBERG, an individual, KARL JOHAN SCHUSTER, an individual, SONY/ATV MUSIC PUBLISHING, LLC a limited liability company, KOBALT MUSIC PUBLISHING AMERICA INC. a Delaware Corporation, BIG MACHINE LABEL GROUP, LLC, a limited liability company, UNIVERSAL MUSIC GROUP, INC., a California Corporation, and DOES 1-5,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><u>**DEMAND FOR JURY TRIAL**</u> |

COMPLAINT

Plaintiffs, SEAN HALL D.B.A. GIMME SOME HOT SAUCE MUSIC and NATHAN BUTLER D.B.A. FAITH FORCE MUSIC hereby allege as follows:

## PARTIES

1.     Plaintiff SEAN HALL D.B.A. GIMME SOME HOT SAUCE MUSIC ("Hall") is a songwriter and a resident of the State of California. Hall is a co-author of the musical composition entitled "*Playas Gon' Play*" and a legal and/or beneficial owner of a copyright interest in and to that musical composition.

2.     Plaintiff NATHAN BUTLER D.B.A. FAITH FORCE MUSIC ("Butler") is a songwriter and a resident of the State of Georgia. Butler is a co-author of the musical composition entitled "*Playas Gon' Play*" and a legal and/or beneficial owner of a copyright interest in and to that musical composition.

3.     On information and belief, Defendant, TAYLOR SWIFT ("Swift"), is a songwriter and a resident of the State of California and, at all material times, is and was doing business in the State of California and within this judicial district.

4.     On information and belief, Defendant KARL MARTIN SANDBERG aka Max Martin ("Sandberg"), is a songwriter and a resident of the State of California and, at all material times, is and was doing business in the State of California and within this judicial district.

5.     On information and belief, Defendant KARL JOHAN SCHUSTER aka Shellback ("Schuster"), is a songwriter and a resident of the State of California and, at all material times, is and was doing business in the State of California and within this judicial district.

6.     Defendant SONY/ATV MUSIC PUBLISHING, LLC ("Sony") is a limited liability company existing under the law of the State of Delaware, admitted and authorized to conduct business in the State of California, and with offices in the County of Los Angeles, State of California. On information and belief, Plaintiffs allege that Sony owns or co-owns the publishing rights in and to the infringing musical composition "*Shake it Off*".

COMPLAINT

7. Defendant KOBALT MUSIC PUBLISHING AMERICA INC. ("Kobalt") is a Delaware corporation formed with its principal place of business in New York and doing business throughout the State of California including Los Angeles County. On information and belief, Plaintiffs allege that Kobalt owns or co-owns the publishing rights in and to the infringing musical composition "*Shake it Off*".

8. Defendant BIG MACHINE LABEL GROUP, LLC ("Big Machine") is a limited liability company existing under the law of the State of Delaware with its principal place of business in the State of Tennessee and doing business throughout the State of California including Los Angeles County. On information and belief, Plaintiffs allege that Big Machine is the label of record for Defendant Swift and released the infringing musical composition "*Shake it Off*".

9. Defendant UNIVERSAL MUSIC GROUP, INC. ("Universal") is a California corporation formed with its principal place of business in Los Angeles County. On information and belief, Plaintiffs allege that Universal distributes the infringing musical composition "*Shake it Off*".

10. The true names and capacities, whether individual, corporate, or otherwise, of Defendants sued as Does 1 through 5 are unknown to Plaintiffs, who, therefore, sue them by such fictitious names. At such time as their true names and capacities have been ascertained, Plaintiffs will seek leave of the Court to amend this Complaint accordingly. On information and belief, Plaintiffs allege that each of Does 1 through 5 are liable to Plaintiffs in connection with one or more claims sued upon here and are responsible in some manner for the wrongful acts and conduct alleged here.

## JURISDICTION

11. This court has subject matter jurisdiction, pursuant to 28 U.S.C. §1388(a) because of this court's exclusive jurisdiction over copyright cases.

12. Venue is proper pursuant to 28 U.S.C. § 1400(a) because the

Defendants reside or may be found within this district and personal jurisdiction may be properly obtained over the Defendants.

## GENERAL ALLEGATIONS

### Plaintiffs And 3LW's "*Playas Gon' Play*"

13.     Plaintiff Hall is a songwriter and music producer. Since roughly 1993, Hall has written and produced hundreds of songs for various artists such as Justin Bieber, Color Me Badd, Xscape, 98º, Lionel Richie, Pink!, and Maroon 5.

14.     Plaintiff Butler is a songwriter, music producer, vocal producer, and recording artist. He has worked with multi-platinum artists such as Luther Vandross, Victoria Beckham aka Posh Spice, Backstreet Boys, Christina Milian, Stacie Orrico, JoJo, Aaron Carter, and several others. To date, Butler has accounted for over 45 million records sold worldwide.

15.     In 2001, Plaintiffs Hall and Butler co-authored the song entitled "*Playas Gon' Play*". "*Playas Gon' Play*" was recorded by the girl group 3LW and released to the public in May 2001.

16.     After its release, "*Playas Gon' Play*" became a hit. "*Playas Gon' Play*" stayed on Billboard's Hot 100 chart for weeks peaking at No. 81. "*Playas Gon' Play*" also reached No. 56 on Billboard's Hot R&B/Hip-Hop Songs chart and No. 17 on Billboard's Rhythmic chart.

17.     "*Playas Gon' Play*" helped springboard the career of 3LW – one of the top girl groups of their era. The song "*Playas Gon' Play*" served as the second single on 3LW's self-titled debut album *3LW*. That album reached No. 29 on the Billboard 200 album chart, No. 19 on the Billboard Top R&B/Hip-Hop chart, and was certified platinum by the RIAA with over 1,000,000 units sold.

18.     In addition, on March 7, 2001 "*Playas Gon' Play*" debuted at #7 on TRL, MTV's video countdown show which played the ten most requested music videos of the day. In the early 2000s, inclusion on the TRL top ten countdown was the benchmark for a top 40 song's popularity.

19.     In addition, 3LW performed "*Playas Gon' Play*" several times national television including on Regis & Kelly, MTV, and Fox Family.

20.     "*Playas Gon' Play*" includes the lyrical phrase "Playas, they gonna play / And haters, they gonna hate." The combination of playas/players playing along with hatas/haters[1] hating may seem like common parlance today[2], however, in 2001 it was completely original and unique. Indeed, the combination had not been used in popular culture prior to Plaintiffs' original use.

21.     While previous artists had used terms such as "playa hater(s)" or "playa hater(s) hate…" those do not make Plaintiffs' phrase any less original. The term "playa hater(s)" was often used as a noun to describe a type of person. As commonly used "playa hater(s)" described just one person, a person who hates playas.

22.     Similarly, the term "playa haters hate" or simply "haters hate" was often used to describe a certain thing that the playa hater or the hater actually held with discontent. When used in this way the term described one person, either a playa hater or a hater, who often engaged in hating.

23.     Through Plaintiffs' own originality they created the original and unique lyrical phrase "Playas, they gonna play / And haters, they gonna hate" which is featured prominently in the chorus of Plaintiffs' work. A version of this phrase "The playas gon' play / Them haters gonna hate" appears in the introduction of the song. As created by Plaintiffs, the lyrical phrase describes two separate people – one playa who engages in playing and one hater who engages in hating.

24.     That Plaintiffs originated the linguistic combination of playas/players playing along with hatas/haters hating was recently espoused by the United States District Court for the Central District of Los Angeles in the case *Jessie Braham v. Sony/ATV Music Publishing, et. al.*, United States District Court for the Central

---

[1] The terms' spellings "playa"/"player" and "hater"/"hata" have been used interchangeably in popular and hip hop culture.

[2] In large part due to the success of the infringing song "*Shake it Off*".

COMPLAINT

District of Los Angeles Case No. 2:15-cv-8422 MWF(GJSx). In its Memorandum Supporting Recommendation of Denial of Application to Proceed In Forma Pauperis the Court sets forth the history of the combination and noted that Plaintiffs' work was the first use in public. *Braham v. Sony/ATV Music Publ'g*, No. 215CV8422MWFGJSX, 2015 WL 7074571, at *4 (C.D. Cal. Nov. 10, 2015).

25.     The next line of "*Playas Gon' Play*" furthers the linguistic sequence with the lyrical phrases "Ballers, they gonna ball" and "Shot callers, they gonna call." In all, "*Playas Gon' Play*" prominently features a sequence of four peoples (playas, haters, callers, and ballers) who engage in four activities (playing, hating, calling, and balling). Plaintiffs were the first to put such a sequence together using the terms playas and haters, and prior to Defendants' use at issue herein, the combination had not since been used in popular music. Thus, this sequence created by Plaintiffs is unique and copyrightable.

**Defendants' Infringement**

26.     In 2014, Defendants Swift, Sandberg, and Schuster co-authored the musical composition entitled "*Shake it Off*". The composition was recorded and performed by Defendant Swift and was released to the general public in August 2014.

27.     "*Shake it Off*" copies and includes Plaintiffs' lyrical phrase "Playas, they gonna play / And haters, they gonna hate" by featuring the lyrical phrase "Cause the players gonna play, play, play, play, play and the haters gonna hate, hate, hate, hate, hate" prominently throughout the chorus of "*Shake it Off*". In all, the infringed copyrighted material accounts for roughly 20% of "*Shake if Off*".

28.     Just like "*Playas Gon' Play*", "*Shake it Off*" continues into a four part lyrical sequence with actors engaging in a type of activity. In Defendants' version, the players and haters are followed by "Heartbreakers gonna break, break, break, break, break/And the fakers gonna fake, fake, fake, fake, fake." The sequence is substantially similar to the sequence in "*Playas Gon' Play*" created by Plaintiffs.

29.     Defendants undoubtedly had access to "*Playas Gon' Play*" prior to writing and releasing "*Shake it Off*" given its wide commercial success. Defendant Swift has admitted that she watched MTV's TRL which promoted "*Playas Gon' Play*". Defendants Sandberg and Schuster are music industry songwriters who specialize in popular music and who have had songs which were also featured on MTV's TRL.

30.     Additionally, had Defendants searched Google for the intended lyrics of "*Shake it Off*" in 2014, "*Playas Gon' Play*" would have appeared further informing Defendants of Plaintiffs' copyrighted work.

31.     Defendants knew or should have known that "*Playas Gon' Play*" could not be used in a musical work by Defendants without a license and/or songwriting credit, as is customary standard practice in the music industry. For example, Beyoncé's song "*Hold Up*" features lyrics from two previous copyrighted works – the Yeah Yeah Yeahs' "*Maps*" and Soulja Boy's "*Turn My Swag On*". The chorus in "*Maps*" includes the lyrics "Wait, they don't love you like a love you." "*Hold Up*" riffs off of these lyrics with the chorus "Hold up, they don't love you like I love you / Slow down, they don't love you like I love you / Back up, they don't love you like I love you / Step down, they don't love you like I love you."

32.     Similarly, "*Turn My Swag On*" includes the lyrics "Hopped up out the bed turn my swag on / Took a look in the mirror said what's up" while "*Hold Up*" interpolates this lyric with "I hop up out the bed and get my swag on / I look in the mirror, say, 'What's up?'" Similar to how "*Shake if Off*" repeats the words "play," "hate," "break," and "fake" at the end of the phrase, the lyrics in "*Hold Up*" repeat the phrase "What's Up" three times at the end of the phrase.

33.     Even though "*Hold Up*" did not use the lyrics from "*Turn My Swag On*" or "*Maps*" verbatim, the use of the lyrics from both of these songs was still cleared in advance with the copyright owners. This demonstrates the industry standard practice to clear such lyrical similarities.

COMPLAINT

34.   Despite this industry standard practice, Defendants never sought a license or other permission from Plaintiffs.

35.   Upon release "*Shake it Off*" debuted at No. 1 on Billboard's Hot 100 chart. The song went on to become a massive worldwide hit for Swift. "*Shake it Off*" stayed on the Hot 100 for fifty weeks – 24 of them on the top 10. "*Shake it Off*" has been certified 9x Platinum by the RIAA with over 9,000,000 copies sold. The music video for "*Shake it Off*" featuring the song debuted on August 18, 2014 and has approximately 2,380,831,410 views on YouTube.[3] Indeed, "*Shake it Off*" is the seventh most viewed video of all time on YouTube.[4]

36.   Swift's album *1989*, for which "*Shake it Off*" was the lead single, has been certified 6x Multi-Platinum by the RIAA with over 6,000,000 certified units sold in the United States. In addition, *1989* has sold over 10,000,000 units worldwide.

37.   Defendants' infringing acts include, but are not limited to, unlawfully creating, recording, manufacturing, producing, selling, licensing marketing and/or distributing the musical composition and sound recording of "*Shake it Off*". Defendants' infringement amounts to the unlawful appropriation of Plaintiffs' copyrighted material including the lyrical phrase "Playas, they gonna play/And haters, they gonna hate."

38.   "*Shake it Off*" has also been extensively licensed by Defendants to various third parties for commercial and advertising uses including film, advertisements, television, and video games.

39.   On information and belief, Defendants have exploited, and continue to exploit, "*Shake it Off*" in this District, the State of California, and throughout the United States and the World by reproducing, preparing derivative works,

---

[3] *See* https://www.youtube.com/watch?v=nfWlot6h_JM (last accessed September 18, 2017).

[4] *See* https://www.youtube.com/playlist?list=PLirAqAtl_h2r5g8xGajEwdXd3x1sZh8hC (last accessed September 18, 2017).

distributing, licensing, publically performing and otherwise exploiting "*Shake it Off*".

40.     Defendants' infringement is continuing as "*Shake it Off*" continues to be sold and licensed by Defendants. Plaintiffs informed Defendants of the infringement, yet, nevertheless, Defendants have persisted in their infringement.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement Against All Defendants)

41.     Plaintiffs restate and incorporate by reference paragraphs 1 through 40 as if fully set forth herein.

42.     Plaintiffs' composition "*Playas Gon' Play*" contains copyrightable subject matter under the copyright laws of the United States. At all relevant times herein, Plaintiffs were the owners of the copyright to "*Playas Gon' Play*" which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

43.     The lyrical phrase "Playas, they gonna play / And haters, they gonna hate" along with the four part sequence of actors engaging in a specific activity detailed above is unique and original, and as such, is properly the subject of copyright protection.

44.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce and distribute the copyrighted materials to the public and prepare derivative works.

45.     Defendants have continued to copy and publicly perform Plaintiffs' copyrighted material and have authorized the making or distribution of phonorecords substantially utilizing Plaintiffs' copyrighted material in and as part of "*Shake it Off*" throughout the world.

46.     Defendants' exploitation of "*Playas Gon' Play*" was made without Plaintiffs' knowledge or consent constitutes a violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

COMPLAINT

47.   Plaintiffs are informed and believe, and based thereon allege, that the foregoing acts of infringement have been willful and intentional, in disregard for and indifference to Plaintiffs' rights.

48.   Defendants have profited substantially from their infringing activities, have collected, and continue to collect, fees, and royalties from the sale of the infringing work or any derivatives thereof, and have retained a portion of those fees and royalties without submitting any amount to Plaintiffs. Defendants should be held jointly and severally liable for all profits derived as a result of their infringing activities, whether or not collected and retained by them, as practical partners.

49.   As a result of Defendants' willful infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to maximum statutory damages pursuant to 17 U.S.C. § 504(c), or to recover their actual damages and profits attributable to the infringement pursuant to 17 U.S.C. § 504(b), at Plaintiffs' election, and such other relief as is provided by law. Plaintiffs are further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

50.   The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing Plaintiffs' copyrights, and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiffs' exclusive rights.

**WHEREFORE**, Plaintiffs SEAN HALL D.B.A. GIMME SOME HOT SAUCE MUSIC and NATHAN BUTLER D.B.A. FAITH FORCE MUSIC pray for relief as follows:

1.   For a judicial determination that Plaintiffs' copyright has been infringed upon by Defendants.

2.   For damages in such amount as may be found, or as otherwise

1    permitted by law.

2          3.      For attorney's fees and costs pursuant to 17 U.S.C. §505.

3          4.      For any such other and further relief as the Court may deem just and

4    proper.

5    DATED: September 18, 2017          BY:   GERARD FOX LAW P.C.

6

7                                       /s/ Gerard P. Fox
                                        _____
8                                           Gerard P. Fox
                                            Lauren M. Greene
9                                           Banu S. Naraghi
                                            *Attorneys for Plaintiffs*
10                                          SEAN HALL D.B.A. GIMME SOME
                                            HOT SAUCE MUSIC and NATHAN
11                                          BUTLER D.B.A. FAITH FORCE
                                            MUSIC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully demand a trial by jury in this action.

DATED: September 18, 2017          BY:   GERARD FOX LAW P.C.


                                   /s/ Gerard P. Fox
                                   Gerard P. Fox
                                   Lauren M. Greene
                                   Banu S. Naraghi
                                   *Attorneys for Plaintiffs*
                                   SEAN HALL D.B.A. GIMME SOME
                                   HOT SAUCE MUSIC and NATHAN
                                   BUTLER D.B.A. FAITH FORCE
                                   MUSIC

COMPLAINT