Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040

Attorney for Defendants
TAYLOR SWIFT, KARL MARTIN SANDBERG,
KARL JOHAN SCHUSTER, SONY/ATV MUSIC
PUBLISHING LLC, KOBALT MUSIC
PUBLISHING AMERICA INC.,
BIG MACHINE LABEL GROUP, LLC and
UNIVERSAL MUSIC GROUP, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SEAN HALL d.b.a. GIMME SOME HOT SAUCE MUSIC, an individual, and NATHAN BUTLER d.b.a. FAITH FORCE MUSIC, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR SWIFT, an individual, KARL MARTIN SANDBERG, an individual, KARL JOHAN SCHUSTER, an individual, SONY/ATV MUSIC PUBLISHING, LLC a limited liability company, KOBALT MUSIC PUBLISHING AMERICA INC. a Delaware Corporation, BIG MACHINE LABEL GROUP, LLC, a limited liability company, UNIVERSAL MUSIC GROUP, INC., a California Corporation, and DOES 1-5,<br><br>Defendants. | Case No. 2:17−cv−06882 MWF (ASx)<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE<br><br>[Fed. R. Civ. P. 12(b)(6) & 12(f)]<br><br>Date: February 5, 2018<br>Time: 10:00 a.m.<br><br>Courtroom of the Honorable Michael W. Fitzgerald<br>United States District Judge |

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

1.  INTRODUCTION ...........................................................................................1

   (a)  Summary of Argument.........................................................................1

   (b)  Summary of the Complaint's Allegations ...........................................3

      (1)  Plaintiffs' 2001 Recorded Composition, *Playas Gon' Play*..........3

      (2)  The 2014 Release of Taylor Swift's *Shake It Off*.........................5

      (3)  Plaintiffs' 2017 Filing of this Action...........................................6

2.  PLAINTIFFS' SPECIFIC ALLEGATIONS AS TO THE ALLEGEDLY
    COPIED LYRICS CONCLUSIVELY NEGATE A PLAUSIBLE
    COPYRIGHT INFRINGEMENT CLAIM ..................................................7

   (a)  The Standards Governing the Motion to Dismiss.................................7

   (b)  Plaintiffs' Copyright Infringement Claim Fails to Plead a Plausible
        Claim of Copying Copyrightable Expression ......................................8

      (1)  A Copyright Infringement Claim Requires, *inter alia*, the
           Copying of Protected Expression ................................................8

      (2)  The Allegedly Copied Lyrics Are Not Protected Expression .......9

         i.   *Copyright Does Not Protect the Short Phrase – "Playas
              Gonna Play and Haters Gonna Hate" – that Plaintiffs
              Claim Was Copied*............................................................10

            a.   It Is Black-Letter Copyright Law that Short
                 Phrases Are Not Protected .....................................10

            b.   The Allegedly Similar Words Also Are Not
                 Protectable Because their Underlying Idea
                 Merges with the Words..........................................12

            c.   Combining the Public Domain Elements of
                 Players/Playing and Haters/Hating Is Not
                 Copyrightable Expression .......................................13

i

ii.     *Copyright Also Does Not Protect the Idea of "Actors Engaging in a Type of Activity"* .......................................16

iii.    *Plaintiffs' Allegations as to Custom and Practice in the Music Industry Do Not Establish an Infringement Claim* ........................................................................17

3.   PLAINTIFFS' ALLEGATIONS OF AN INDUSTRY PRACTICE TO OBTAIN LICENSES ARE IRRELEVANT AND PROPERLY STRICKEN..........................................................................18

     (a)   The Standards Governing the Motion to Strike ...................18

     (b)   Whether Others Have Obtained Licenses to Avoid Possible Infringement Claims as to Unrelated Works Is Irrelevant ....................19

4.   CONCLUSION ..............................................................19

# TABLE OF AUTHORITIES

**Cases**

*Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140 (2d Cir. 1998)........................11

*Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705 (7th Cir. 1972) ...............11

*Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435 (9th Cir.1994)......... 9, 12, 13

*Batiste v. Najm*, 28 F. Supp. 3d 595 (E.D. La. 2014).................................................11

*Berkic v. Crichton*, 761 F.2d 1289 (9th Cir. 1985).....................................................17

*Braham v. Sony/ATV Music Publ'g*, No. 215CV8422-MWF-GJSx,
  2015 WL 7074571 (C.D. Cal. Nov. 10, 2015)...........................................................5

*Bureerong v. Uvawas*, 922 F. Supp. 1450, (C.D. Cal. 1996) ....................................18

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569 (1994) ........................................18

*Cavalier v. Random House, Inc.*, 297 F.3d 815 (9th Cir. 2002) ..................................8

*CMM Cable Rep, Inc. v. Ocean Coast Props.,* 97 F.3d 1504 (1st Cir.1996).............11

*Darden v. Peters*, 488 F.3d 277 (4th Cir. 2007)........................................................15

*e-Cash Technologies v. Guargliardo*, 127 F. Supp. 2d 1069 (C.D. Cal. 2000)...........7

*Effects Assocs., Inc. v. Cohen*, 908 F.2d 555 (9th Cir. 1990).....................................17

*Emanation Inc. v. Zomba Recording Inc.*, 72 F. App'x 187 (5th Cir. 2003) .............11

*Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221
  (9th Cir. 2012).........................................................................................................13

*Fantasy, Inc. v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993) ..........................................18

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991).................... 8, 14, 15

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).........................................................19

*Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377 (Fed. Cir. 2007) .................................10

*Ileto v. Glock. Inc.*, 349 F.3d 1191 (9th Cir. 2003) ....................................................7

*Johnson v. Gordon*, 409 F.3d 12 (1st Cir. 2005)......................................................11

*Kim Seng Co. v. J & A Importers, Inc.*, 810 F. Supp. 2d 1046
  (C.D. Cal. 2011)......................................................................................................15

*Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042 (9th Cir. 1994)...............17

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140
  (9th Cir. 2003) ............................................................... 14, 15

*Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522 (9th Cir. 2008) ......................... 9

*Narell v. Freeman*, 872 F.2d 907 (9th Cir. 1989) ............................................. 11, 13

*Newton v. Diamond*, 204 F. Supp. 2d 1244 (C.D. Cal. 2002), *aff'd*
  388 F.3d 1189 (2004) ........................................................................ 3

*Olson v. Nat'l Broad. Co.*, 855 F.2d 1446 (9th Cir. 1988) ....................................... 17

*Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*,
  975 F. Supp. 2d 920 (N.D. Ill. 2013) ......................................................... 12

*Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15 (D.D.C. 2010),
  *aff'd* 425 F. App'x 1 (D.C. Cir. 2011) ....................................................... 12

*Rice v. Fox Broad. Co.*, 330 F.3d 1170 (9th Cir. 2003) ........................... 9, 12, 16, 17

*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003) ................................................ 14, 15

*Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123 (C.D. Cal. 2015),
  *aff'd* 690 F. App'x 519 (9th Cir. 2017), *cert. denied*, No. 17-180,
  2017 WL 3325074 (U.S. Oct. 10, 2017) ....................................................... 8

*Silas v. Home Box Office, Inc.*, 201 F. Supp. 3d 1158 (C.D. Cal. 2016) ..................... 7

*Skilstaf, Inc v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012) ......................... 8

Stern v. Does, 978 F. Supp. 2d 1031 (C.D. Cal. 2011) ..................................... 13

*Stern v. Weinstein*, 512 F. App'x 701 (9th Cir. 2013) ....................................... 15

*Stewart v. Abend*, 495 U.S. 207 (1990) ....................................................... 14

*United States v. Bailey*, 696 F.3d 794 (9th Cir. 2012) ....................................... 18

*United States v. Corinthian Colleges,* 655 F.3d 984 (9th Cir. 2011) ....................... 11

**Statutes**

17 U.S.C. § 102 ............................................................................ 12, 16

17 U.S.C. § 103 .............................................................................. 13

17 U.S.C. § 114 .............................................................................. 3

**Other Authorities**

COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES (3D ED. 2014) ........................ 11

**Rules**

Federal Rule of Civil Procedure 12 ................................................. 7, 11, 18

Federal Rule of Evidence 201 .......................................................................... 8

**Treatises**

C. A. WRIGHT & A. R. MILLER, FEDERAL PRACTICE AND PROCEDURE (1990) .......... 19

M. & D. NIMMER, NIMMER ON COPYRIGHT (2017) ...................................... 11

TODD BOYD, THE DEATH OF CIVIL RIGHTS AND THE REIGN OF HIP HOP (2003) ......... 4

**Regulations**

Copyright Office & Procedures, 37 C.F.R. § 202.1 .................................... 11

1
## MEMORANDUM OF POINTS AND AUTHORITIES

2
## 1.   INTRODUCTION

3
### (a)   Summary of Argument

4       Defendants respectfully submit this Memorandum in support of their Motion

5 to dismiss plaintiffs Sean Hall and Nathan Butler's claim that *Shake It Off* infringes

6 plaintiffs' alleged copyright in a 2001 musical composition, *Playas Gon' Play*, and

7 to strike the Complaint's allegations of a music industry practice of obtaining

8 licenses to avoid possible copyright claims.

9       Plaintiffs concede there are no musical similarities between *Playas Gon' Play*

10 and *Shake It Off*, and instead base their infringement claim on lyrics.  Plaintiffs are

11 very specific about the lyrics allegedly copied, and their specificity establishes that

12 they impermissibly rely on an uncopyrightable short phrase comprised of words they

13 admit were commonplace before their musical composition.  These are fatal and

14 incurable defects in plaintiffs' claim and the Motion to dismiss should be granted.

15      Plaintiffs admit that words such as players will play and haters will hate –

16 which are simply nouns and their corresponding verbs – are not protected by

17 copyright.  Instead, plaintiffs allege that they are the first *to combine* players will

18 play and haters will hate into the short phrase "playas, they gonna play, and haters,

19 they gonna hate," and that – while anyone can say, *e.g.*, players are going to play *or*

20 haters are going to hate – plaintiffs' claimed copyright prevents everyone else in the

21 world from saying these truisms together.  Based on plaintiffs' alleged monopoly of

22 the combination of  players playing and haters hating, plaintiffs assert a single claim

23 that *Shake It Off* infringes copyright because it includes the lyrics "Cause the players

24 gonna play, play, play, play, play and the haters gonna hate, hate, hate, hate, hate."

25      Defendants strenuously dispute plaintiffs' allegations of copying.  But

26 plaintiffs' claim trips at the starting line because, as a matter of black-letter

27 copyright law, there is no copyright protection in plaintiffs' alleged decision to

28 combine players playing with haters hating.

Plaintiffs cannot proceed with their lawsuit without a plausible copyright claim, and a plausible copyright claim must allege, among other things, the copying of protected expression.  However, it is well-established that copyright does not protect short phrases such as "playas, they gonna play and haters, they gonna hate." For that reason alone, plaintiffs fail to allege a plausible copyright infringement claim.  *See below* at 8-12.

Also, to avoid copyright impeding the free exchange of ideas, copyright does not protect words that are inseparable from their underlying idea.  There can be no copyright protection in "playas, they gonna play and haters, they gonna hate," because it would impermissibly monopolize the idea that players will play and haters will hate.  For that second and independent reason, plaintiffs fail to allege a plausible copyright infringement claim.  *See below* at 12-13.

In addition, since players will play and haters will hate are each public domain elements, plaintiffs' only claimed contribution in the phrase "playas, they gonna play and haters, they gonna hate" is in plaintiffs' decision to combine those two public domain elements.  But that decision is not copyrightable expression and for this additional independent reason plaintiffs fail to allege a plausible copyright infringement claim.  *See below* at 13-16.

For at least each of these reasons, plaintiffs' claim to being the only ones in the world who can refer to players playing and haters hating is frivolous.

Apparently recognizing the weaknesses in their claim, plaintiffs try to buttress it by alleging that their musical composition and *Shake It Off* also refer to types of people engaging in activities characteristic of their ilk: ballers balling and shot callers calling shots in plaintiffs' composition, and heartbreakers breaking hearts and fakers faking in *Shake It Off*.  However, there is no copyright protection in the idea of people doing what is characteristic of them.  *See below* at 16-17.  Plaintiffs also allege that there is a music industry custom and practice of obtaining licenses if similar words appear in earlier works.  But federal copyright law, not alleged custom

1   and practice, determines whether a license is required, and none was required here.
2   *See below* at 17-18.

3       Plaintiffs' copyright infringement claim is fundamentally flawed and properly
4   dismissed.   Further, plaintiffs' irrelevant allegations of custom and practice are
5   properly stricken.

6       **(b)   <u>Summary of the Complaint's Allegations</u>**

7       Solely for the purposes of this Motion, the properly pleaded allegations of the
8   Complaint, although disputed, are taken as true.

9           **(1)   Plaintiffs' 2001 Recorded Composition, *Playas Gon' Play***

10      Plaintiffs allege that in 2001 they wrote a musical composition titled *Playas*
11  *Gon' Play*, recorded by the musical group 3LW, and which includes in its chorus the
12  lyrics:

13          "Playas, they gonna play

14          And haters, they gonna hate.

15          Ballers, they gonna ball.

16          Shot callers they gonna call."

17  Complaint (Doc. 1) at 4, ¶ 15, & at 5:3-4, 5:16-18.   Plaintiffs also allege that the
18  composition's introduction includes as a version of "Playas, they gonna play /
19  haters, they gonna hate," the lyrics "The playas gon' play / Them haters gonna hate."
20  *Id.* at 5:18-21.   Plaintiffs allege they own the copyright in the musical composition
21  and registered that copyright with the Copyright Office.  *Id.* at 9, ¶ 42.[1]

22

23  ───────────────────

24  [1]      Plaintiffs do not claim ownership of the sound recording copyright in 3LW's
25  recording of *Playas Gon' Play*.  *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249
    (C.D. Cal. 2002) ("Sound recordings and their underlying musical compositions are
26  separate works with their own distinct copyrights"), *aff'd* 388 F.3d 1189 (2004).
    The sound recording copyright protects only "the actual sounds fixed in the
27  recording" (17 U.S.C. § 114(b)) and plaintiffs do not claim that *Shake It Off*
28  incorporates the actual sounds in the 3LW sound recording.

Plaintiffs do not claim copyright in the words "players" and "haters," including when pronounced "playas" and "hatas."  *Id.* at 5 n. 1 ("The terms' spellings 'playa'/'player' and 'hater'/'hata' have been used interchangeably in popular and hip hop culture").  Plaintiffs also admit that phrases such as "playa hater," "playa haters" and "playa haters hate," were commonplace before plaintiffs' 2001 composition, and plaintiffs do not claim copyright in players playing or haters hating.  *Id.* at 5, ¶¶ 21-22.[2]  Instead, plaintiffs claim to be the first ever to "combin[e] playas/players playing along with hatas/haters hating," to "describe[ ] two separate

---

[2]   While plaintiffs admit that the words players/playas and haters/hatas and various combinations of them predate their 2001 composition, defendants also respectfully refer the Court to defendants' accompanying Request for Judicial Notice of the following multiple prior uses of players, haters and combinations of the two: *Dreams* by Fleetwood Mac (1977) ("Players only love you when they're playing"); Player, a 1970s musical group; Playa, a 1990s R&B and hip hop musical group; *The Player*, a 1992 motion picture, based on *The Player*, a 1988 novel; *Psychobetabuckdown* by Cypress Hill (1991) ("You're looking at the Tribe, and you're a hater"); *Player's Ball* by Outkast (1993); *Playa Playa* by Big Mike (1994); *Playa Hata* by Luniz (1995) ("So playa hataz hate me," "Why you wanna playa hate on me?" and "Why you playa hate?"); *Man U Luv ta Hate* by Sir Mix-A-Lot (1996) ("If you want to playa hate," "Playa's in the house can you feel me, Got these playa haters lookin' at me silly," "Cause with these haters you gotta keep your strap," "Boy get a job and quit player hatin'"); *Playa Hater* by Notorious B.I.G. (1997) ("Playa, turn your head round," "We have, the playas, and we have, the playa haters"); *Hater Players* by Black Star (1998) ("I'm sick of the hater-players" and "Aiyyo, later for the hater-players/Yo-yo, yo-yo, later for these hater-players"); *Don't Hate the Player* by Ice-T (1999) ("Bunch of players listenin' to the seventh deadly sin," "Ice-T baby, this goes out to all you haters out there" and "Don't hate the player"); *Don't Hate the Player* by Too Short (2000) ("Don't hate the player," "If you never was a player, I can't hate you," "You never was a player, we can't hate you," "You think someone player hated").  *See also* TODD BOYD, THE DEATH OF CIVIL RIGHTS AND THE REIGN OF HIP HOP 71-72 (2003) ("The playa hater is an idea that has long been a part of the Black experience, but only during hip hop has it been given a name.  The term 'playa hater,' or 'playa hata,' seems to have originated in Oakland and was put on record by a Bay Area group called The Luniz experiencing their fifteen minutes of fame during the summer of 1995 . . . .  Shortly thereafter, the term 'playa hater' would become an instant classic.").

people – one playa who engages in playing and one hater who engages in hating." *Id.* at 5, ¶¶ 20, 23, 24 ("the combination had not been used in popular culture prior to Plaintiffs' original use"; "Plaintiffs originated the linguistic combination of playas/players playing along with hatas/haters hating" (emphasis added)).  That is, plaintiffs concede that anyone can write, sing or say "players are going to play" or "haters are going to hate," but plaintiffs contend that only they can write, sing or say them together.

To support their claim to being the first to combine players playing with haters hating, plaintiffs' Complaint cites *Braham v. Sony/ATV Music Publ'g*, No. 215CV8422-MWF-GJSx, 2015 WL 7074571 (C.D. Cal. Nov. 10, 2015).  There, the Magistrate Judge recommended denying a plaintiff's request to proceed in forma pauperis, concluding that he failed to state a plausible claim that *Shake It Off* infringed his composition's lyrics "Playas gonna play" and "Haters gonna hate."  *Id.* at *3.  Plaintiffs allege that the Magistrate Judge's recommendation "sets forth the history of the combination [of "Playas gonna play" and "Haters gonna hate"] and noted that Plaintiffs' work was the first use [of that combination] in public." Complaint at 5-6, ¶ 24 (emphasis added), *citing* 2015 WL 7074571 at *4.[3]

**(2)   The 2014 Release of Taylor Swift's *Shake It Off***

Taylor Swift, Karl Martin Sandberg and Karl Johan Schuster co-authored the musical composition titled *Shake It Off*, which was recorded by Ms. Swift and released to the public in 2014.  Complaint at 6, ¶ 26.

---

[3]     Plaintiffs omit that *Braham* also found that the plaintiff's lyrics lacked substantial similarity with *Shake It Off* under the extrinsic test, including because – as here – the plaintiff's composition and *Shake It Off* use these commonplace words differently.  *Braham*, 2015 WL 7074571, at *5 ("For example, 'Haters gonna hate' is 'Haters gonna hate, hate, hate, hate, hate' [in *Shake It Off*] and 'Players gonna play' is 'Players gonna play, play, play, play, play' [in *Shake It Off*].  That repetition is nowhere to be found in [plaintiff's composition] 'Haters Gone Hate.'"); *see below* at 9:8-10:2, 15:18-16:4.

Plaintiffs allege that *Shake It Off* "copies and includes Plaintiffs' lyrical phrase 'Playas, they gonna play / And haters, they gonna hate' by featuring the lyrical phrase 'Cause the players gonna play, play, play, play, play and the haters gonna hate, hate, hate, hate, hate." *Id.* at 6, ¶ 27.  Plaintiffs also allege that both their composition and *Shake It Off* then "continue[ ]" with lyrics referring to "actors engaging in a type of activity," namely ballers balling and shot callers calling in plaintiffs' composition and heartbreakers breaking and fakers faking in *Shake It Off*. *Id.* at 6, ¶¶ 25, 28.  Actually, *Shake It Off* has intervening lyrics – "Baby I'm just gonna shake, shake, shake, shake, shake, Shake it off.  Shake it off." – that plaintiffs omit.[4]

Plaintiffs do not claim any other similarities between *Playas Gon' Play* and *Shake It Off*, which are dramatically different works.  Anderson Declaration at 1-2, ¶¶ 3-8, & *compare* Exhibits 1-2 (*Playas Gon' Play* sound recording and lyrics) *with* Exhibits 3-4 (*Shake It Off* sound recording and lyrics).

Plaintiffs also allege that it "is customary standard practice in the music industry" to obtain licenses when words of a new musical composition are similar to words in an earlier recording, and that "[d]espite this industry standard practice," defendants did not seek a license here.  Complaint at 7-8, ¶¶ 31-34.

### (3)    Plaintiffs' 2017 Filing of this Action

Plaintiffs filed their Complaint in September 2017.  Based on the allegations above, they allege a single claim for direct copyright infringement.  Complaint at 9-10, ¶¶ 41-50.

---

[4]    Anderson Decl. at 2, ¶¶ 6-8, & Exhibits 3-4.  On defendants' Federal Rule of Civil Procedure 12(b)(6) Motion, the Court may consider *Shake It Off* and 3LW's sound recording of plaintiffs' musical composition because plaintiffs' Complaint identifies the recordings, they are "central to the plaintiff[s'] claim" and plaintiffs do not dispute their authenticity.  *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *see below* at 7-8.

**2.      PLAINTIFFS' SPECIFIC ALLEGATIONS AS TO THE ALLEGEDLY COPIED LYRICS CONCLUSIVELY NEGATE A PLAUSIBLE COPYRIGHT INFRINGEMENT CLAIM**

### (a)      The Standards Governing the Motion to Dismiss

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss "tests the legal sufficiency of the claims asserted in the complaint." *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). While "[t]he Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them" (*eCash Tech. v. Guargliardo*, 127 F. Supp. 2d 1069, 1074 (C.D. Cal. 2000)), the plaintiff must plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

To survive a Rule 12(b)(6) motion, a copyright infringement claim must allege a plausible claim of substantial similarity under this Circuit's extrinsic test. *Silas v. Home Box Office, Inc.*, 201 F. Supp. 3d 1158, 1167 (C.D. Cal. 2016) (Rule 12(b)(6) motion granted; "Without extrinsic similarity, a copyright claim cannot survive"); *Shame on You Prods., Inc. v. Banks*, 120 F. Supp. 3d 1123, 1147, 1148-49 (C.D. Cal. 2015) (expert testimony not required for court's application of extrinsic test; Rule 12 motions to dismiss and for judgment on the pleadings granted where alleged copying did not satisfy extrinsic test), *aff'd* 690 F. App'x 519 (9th Cir. 2017), *cert. denied*, No. 17-180, 2017 WL 3325074 (U.S. Oct. 10, 2017).

In ruling on a motion to dismiss, the Court may take judicial notice of public records and facts not subject to reasonable dispute. *Skilstaf, Inc v. CVS Caremark*

1    *Corp.*, 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012); Fed. R. Evid. 201.  The Court "may

2    also consider unattached evidence on which the complaint 'necessarily relies' if: (1)

3    the complaint refers to the document; (2) the document is central to the plaintiff's

4    claim; and (3) no party questions the authenticity of the document."  *Corinthian*

5    *Colleges*, 655 F.3d at 999.  Thus, in a copyright infringement action the Court may

6    consider the plaintiff's and the defendant's works even though not attached to the

7    plaintiff's complaint.  *Silas*, 201 F. Supp. 3d at 1168-69; *Shame on You Prods.*, 120

8    F. Supp. 3d at 1144 ("Because [the plaintiff's and defendants'] works are referenced

9    in—although not attached to—the amended complaint, they are incorporated by

10   reference in it, and can be considered by the court in assessing substantial

11   similarity").

12        Applying these established principles and black-letter copyright law,

13   plaintiffs' copyright infringement claim fails because plaintiffs do not plausibly

14   allege the copying of copyrightable expression.

15        **(b)**    **Plaintiffs' Copyright Infringement Claim Fails to Plead a Plausible**

16               **Claim of Copying Copyrightable Expression**

17               **(1)**    **A Copyright Infringement Claim Requires, *inter alia*, the**

18                     **Copying of Protected Expression**

19        The elements of a claim for copyright infringement are the plaintiff's

20   ownership of a valid copyright in the work "and that defendant copied protected

21   elements of the work."  *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir.

22   2002).

23        Plaintiffs allege that they are the owners of a registered copyright in the

24   musical composition *Playas Gon' Play*.  Complaint at 9, ¶ 42.  Solely for the

25   purpose of this Motion, that allegation is assumed correct.

26        However, "[t]he mere fact that a work is copyrighted does not mean that every

27   element of the work may be protected."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,

28   499 U.S. 340, 348 (1991).  Courts "must distinguish between the protectable and

unprotectable material because a party claiming infringement may place 'no reliance upon any similarity in expression resulting from unprotectable elements.'"  *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003), *quoting Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1446 (9th Cir. 1994).

### (2)    The Allegedly-Copied Lyrics Are Not Protected Expression

Plaintiffs allege similarity in lyrics, which are potentially protected as a literary work.  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 527 (9th Cir. 2008).  Here, the alleged lyrics in the introduction and chorus of plaintiffs' work and the lyrics in the chorus of *Shake It Off* are:

| ***Playas Gon' Play*** | ***Shake It Off*** |
|---|---|
| **Introduction** | |
| "The playas gon' play | |
| Them haters gonna hate" | |
| **Chorus** | |
| "Playas, they gonna play | "Cause the players gonna play, |
| And haters, they gonna hate. | play, play, play, play |
| Ballers, they gonna ball. | And the haters gonna hate, hate, |
| Shot callers they gonna call." | hate, hate, hate. |
| | Baby I'm just gonna shake, |
| | shake, shake, shake, shake |
| | Shake it off. |
| | Shake it off. |
| | Heartbreakers gonna break, |
| | break, break, break, break |
| | And the fakers gonna fake, fake, |
| | fake, fake, fake." |

Complaint at 5, ¶ 23, at 6, ¶¶ 25, 27-28; *compare id.* at 6:19-27 (describing *Shake It Off* lyrics), *with* Anderson Decl., Exhibits 3-4 (*Shake It Off* sound recording and

9

lyrics; plaintiffs' Complaint omits the *Shake It Off* chorus' lyrics "Baby I'm just gonna shake, shake, shake, shake, shake, Shake it off.  Shake it off.").

For at least the following reasons, however, plaintiffs' allegation that *Shake It Off* copies their combining of "players gonna play" with "haters gonna hate" fails to allege a plausible claim that protected expression was copied.

> ### i.   Copyright Does Not Protect the Short Phrase – "Playas Gonna Play and Haters Gonna Hate" – that Plaintiffs Claim Was Copied

Plaintiffs do not claim copyright in players will play or haters will hate.  Nor could plaintiffs do so, since these are simply a noun and its corresponding verb – *e.g.*, rulers will rule, sailors will sail, lovers will love, players will play and haters will hate.  Instead, plaintiffs claim copyright protection in "[t]he combination of playas/players playing along with hatas/haters . . . ."  Complaint at 5-6, ¶¶ 20, 24 ("Plaintiffs originated the linguistic combination of playas/players playing along with hatas/haters hating").   But plaintiffs' legal conclusion that the "phrase 'Playas, they gonna play / And haters, they gonna hate' . . . is properly the subject of copyright protection" (*id.* at 9, ¶ 43) is simply not correct.

> ### a.   It Is Black-Letter Copyright Law that Short Phrases Are Not Protected

"It is axiomatic that copyright law denies protection to 'fragmentary words and phrases' . . . ."  *Hutchins v. Zoll Med. Corp.*, 492 F.3d 1377, 1384 (Fed. Cir. 2007), *quoting CMM Cable Rep, Inc. v. Ocean Coast Props.,* 97 F.3d 1504, 1519 (1st Cir. 1996); *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection"); COPYRIGHT OFFICE & PROCEDURES, 37 C.F.R. § 202.1(a) ("words and short phrases" are not copyrightable); COMPENDIUM OF U.S. COPYRIGHT OFFICE PRACTICES §§ 313.4(B) (3d ed. 2014) (same); 1 M. & D. NIMMER, NIMMER ON COPYRIGHT § 2.01[B][3] (2017) ("Cases also deny protection to fragmentary words or phrases").

10

Courts have repeatedly concluded that phrases even less pedestrian then plaintiffs' "Playas, they gonna play/And haters, they gonna hate" simply are not protected by copyright. *See, e.g., Narell*, 872 F.2d at 911 (as a matter of law no copyright protection in phrases "river wound its way between muddy banks crawling with alligators," "hordes of gold seekers," "shanties and corrugated [iron/steel] shacks . . . were crowded together" and "beach was strewn with boxes, bales"); *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143 (2d Cir. 1998) (phrase "You've got to stand for something, or you'll fall for anything" not protected by copyright); *CMM Cable*, 97 F.3d at 1520 (no infringement by alleged copying of "if you're still 'on the clock' at quitting time," "clock in and make $50 an hour" and "call in, clock in, and win"); *Emanation Inc. v. Zomba Recording Inc.*, 72 F. App'x 187, 190-91 (5th Cir. 2003) (no copyright protection in phrases "We Gon Pass a Good Time, Yeah, Cher" and "You Gotta Suck Da Head of Dem Der Crawfish"); *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972) ("the phrase 'most personal sort of deodorant' is not subject to copyright protection"); *Johnson v. Gordon*, 409 F.3d 12, 21 (1st Cir. 2005) (lyric "You're the One for Me" "too trite to warrant copyright protection"); *Puckett v. Hernandez*, No. 216CV02199-SVW-AGR, 2016 WL 7647555, at *5 (C.D. Cal. Dec. 21, 2016) (lyrics "I would die for you baby but you don't feel me/I gave you my heart/ But you didn't do the same," "are not entitled to copyright protection"; Rule 12(b)(6) motion granted without leave to amend); *Batiste v. Najm*, 28 F. Supp. 3d 595, 615 (E.D. La. 2014) (lyrics "I can't get enough," "Win, win, win, at all cost" and "raise your hands in the air" "are common, everyday expressions, which do not satisfy the originality requirement"); *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 925 (N.D. Ill. 2013) ("'May the strength of the Holy Spirit be with you, guiding you every day of your life' is too common and unoriginal to receive copyright protection in itself"; Rule 12(b)(6) motion granted without leave to amend); *Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15, 25-28 (D.D.C.

2010) (no copyright protection in lyrics including, *e.g.*, "fire in the hole," "God, pick up the phone," "I smoke, I drank," "Kings in the city" and "We got it poppin"), *aff'd* 425 F. App'x 1 (D.C. Cir. 2011).

Black-letter copyright law precludes protection for the short "phrase 'Playas, they gonna play / And haters, they gonna hate' . . . ." (Complaint at 9, ¶ 43), as well as the "version of this phrase 'The playas gon' play / Them haters gonna hate' . . . in the introduction of" plaintiffs' composition (*id.* at 5:18-21). Because "a party claiming infringement may place 'no reliance upon any similarity in expression resulting from unprotectable elements,'" plaintiffs' allegation that this unprotected phrase was copied fails to state a plausible claim for copyright infringement. *Rice*, 330 F.3d at 1174, *quoting Apple,* 35 F.3d at 1446.

> **b.** **The Allegedly Similar Words Also Are Not Protectable Because their Underlying Idea Merges with the Words**

As a second and independent reason that plaintiffs are incorrect in alleging that copyright protects the "phrase 'Playas, they gonna play / And haters, they gonna hate' . . ." (Complaint at 9, ¶ 43), the phrase is merged with the underlying uncopyrightable idea.

Copyright protection does not "extend to any idea, . . . regardless of the form in which it is described, explained, illustrated, or embodied in [a] work." 17 U.S.C. § 102(b). To ensure that copyright does not limit the free availability of ideas, "[p]hrases and expressions conveying an idea typically expressed in a limited number of stereotyped fashions are not subject to copyright protection." *Narell*, 872 F.2d at 911 (no copyright protection for, *e.g.*, "river wound its way between muddy banks crawling with alligators"); *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1229 (9th Cir. 2012) ("when similar features of a work are 'as a practical matter indispensable, or at least standard, in the treatment of a given idea, they are treated like ideas and are therefore not protected by copyright'"), *quoting Apple,* 35

F.3d at 1444; *Stern v. Does*, 978 F. Supp. 2d 1031, 1037, 1042 (C.D. Cal. 2011) ("As Plaintiff's expression of his idea is indistinguishable from the idea itself, it is not entitled to copyright protection"; no protection in sentence "Has anyone had a problem with White, Zuckerman . . . cpas including their economist employee Venita McMorris over billing or trying to churn the file?"), *aff'd sub nom. Stern v. Weinstein*, 512 F. App'x 701 (9th Cir. 2013).

Here, the idea that players will play and haters will hate merges with the phrase "Playas, they gonna play / And haters, they gonna hate."  Providing a copyright monopoly in the phrase would prevent others from sharing the idea that players play and haters hate.  Accordingly, that phrase, as well as the version "The playas gon' play / Them haters gonna hate" in the introduction of plaintiffs' composition, are "not subject to copyright protection."  *Narell*, 872 F.2d at 911.

### c.   Combining the Public Domain Elements of Players/Playing and Haters/Hating Is Not Copyrightable Expression

Plaintiffs cannot overcome that "Playas, they gonna play and haters, they gonna hate" is not protected because it is an uncopyrightable short phrase and also because the phrase is inseparable from the underlying idea.  As a result, even if plaintiffs claimed to have created that short phrase in its entirety their claim fails for each of those two reasons.  Further, plaintiffs do not claim copyright in the phrase's constituent parts – players will play and haters will hate – but only in combining them.   As yet another independent reason that plaintiffs' claim fails, allegedly combining players playing and haters hating is not sufficiently original to support copyright protection.

When copyright is claimed in a combination of public domain elements, any copyright protection applies at most only to the compiler's contribution and not to the preexisting public domain elements.  17 U.S.C. § 103(b) ("The copyright in a compilation or derivative work extends only to the material contributed by the

1    author of such work, as distinguished from the preexisting material employed in the

2    work"); *Stewart v. Abend*, 495 U.S. 207, 234 (1990) ( "if an author attempts to

3    copyright a novel, *e.g.,* about Cinderella, and the story elements are already in the

4    public domain, the author holds a copyright in the novel, but may receive protection

5    only for his original additions to the Cinderella story").  Here, plaintiffs claim

6    originality not in players playing and haters hating, but in "[t]he combination of

7    playas/players playing along with hatas/haters hating . . . ."  Complaint at 5, ¶¶ 20,

8    23.

9        However, "a combination of unprotectable elements is eligible for copyright

10   protection only if those elements are numerous enough and their selection and

11   arrangement original enough that their combination constitutes an original work of

12   authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003); *Feist*, 499 U.S. at

13   346 ("Originality is a constitutional requirement").  Further, the copyright obtained

14   by combining public domain elements is "a thin copyright that protects against only

15   virtually identical copying." *Id.* at 812.  Applying these established principles, there

16   is no plausible merit to plaintiffs' claim to be the only ones who can lawfully

17   combine players playing and haters hating.

18       First, plaintiffs claim copyright in combining only two public domain

19   elements, namely "[t]he combination of playas/players playing along with

20   hatas/haters hating . . . ."  Complaint at 5, ¶¶ 20, 23.  Two elements falls far short of

21   the "numerous" elements necessary to obtain protection by combining public

22   domain elements. *Satava*, 323 F.3d at 811 (combination of six elements not

23   "numerous enough"); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d

24   1140, 1147 (9th Cir. 2003) (combination of four elements not sufficient).  For that

25   reason alone, there is no copyright protection accorded the allegedly-copied

26   combining of the public domain elements, players play and haters hate.

27       Second, while "the originality requirement is not particularly stringent," there

28   must be "at least some minimal degree of creativity" in combining the public

14

domain elements.  *Feist*, 499 U.S. at 358-59.  Merely combining players play with haters hate falls far short.  *See, e.g., Satava*, 323 F.3d at 811 (glass sculpture of jellyfish; "The selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form, considered together, lacks the quantum of originality needed to merit copyright protection"); *Lamps Plus*, 345 F.3d at 1146-47 (combining four pieces of existing lamps not original); *Darden v. Peters*, 488 F.3d 277, 287 (4th Cir. 2007) (color, shading and labels with standard fonts not an original contribution to preexisting maps); *Stern v. Weinstein*, 512 F. App'x 701, 703 (9th Cir. 2013) (Internet post "Has anyone had a problem with White, Zuckerman . . . cpas including their economist employee Venita McMorris over billing or trying to churn the file?", "is not copyrightable because it lacks the 'modicum of creativity' necessary to satisfy the originality requirement of the Copyright Act"), *quoting Feist*, 499 U.S. at 346; *Kim Seng Co. v. J & A Importers, Inc.*, 810 F. Supp. 2d 1046, 1053 (C.D. Cal. 2011) (sculpture combining pre-existing bowl with traditional Vietnamese food not original).  For that additional reason, there is no protection in the bare combining of the public domain elements, players play and haters hate.

Third, even if plaintiffs could overcome these hurdles and claim "a thin copyright" in their decision to combine players playing and haters hating, their combination is not "virtually identical" to *Shake it Off*.  *Satava*, 323 F.3d at 812.  Plaintiffs' lyrics are "Playas, they gonna play / And haters, they gonna hate" (Complaint at 9, ¶ 43), and the "version of this phrase 'The playas gon' play / Them haters gonna hate' . . ." (*id.* at 5:18-21).  Plaintiffs, however, allege that *Shake It Off*'s lyrics are "Cause the players gonna play, play, play, play, play and the haters gonna hate, hate, hate, hate, hate."  There are significant differences, including, for example, that *Shake It Off* begins with "[bec]ause" and repeats "play" and "hate" multiple times, none of which is present in plaintiffs' lyrics.  Also, plaintiffs' lyrics are broken into clauses – "Playas, they gonna play," and "haters, they gonna hate" –

1   while *Shake It Off*'s lyrics are straight declarations that "the players gonna play,

2   play, play, play, play, play" and "the haters gonna hate, hate, hate, hate, hate."   The

3   significant differences preclude a plausible claim of the required virtually identical

4   copying.

5        Accordingly, plaintiffs' allegation that *Shake It Off* copies plaintiffs' decision

6   to combine the public domain elements of players playing and haters hating fails to

7   allege a plausible claim of copyright infringement.

8        ***ii.     Copyright Also Does Not Protect the Idea of "Actors***

9                   ***Engaging in a Type of Activity"***

10        In an attempt to buttress their claim, plaintiffs allege that the following lyrics

11   are substantially similar not because of their words, but because they refer to "actors

12   engaging in a type of activity":

13        ***Playas Gon' Play***                    ***Shake It Off***

14        "Ballers, they gonna ball.              "Heartbreakers   gonna   break,   break,

15        Shot callers they gonna call."              break, break, break

16                                                   And the fakers gonna fake, fake, fake,

17                                                       fake, fake."

18   Complaint at 6, ¶¶ 25-28.

19        However, the "actors" and the "type of activity" in plaintiffs' composition are

20   completely different from those in *Shake It Off*: (1) ballers balling and shot callers

21   calling in plaintiffs' composition and (2) heartbreakers breaking and fakers faking in

22   *Shake It Off*.   The only similarity between these different nouns and their

23   corresponding verbs is the general idea – indeed, the truism – that a type of person

24   will do what that type of person does.  But, again, there is no copyright protection in

25   ideas.  17 U.S.C. § 102(b).

26        Indeed, this Circuit has repeatedly rejected infringement claims based on far

27   more specific ideas than plaintiffs' generalized "actors engaging in a type of

28   activity."  Complaint at 6, ¶ 28; *see, e.g., Rice*, 330 F.3d at 1174 (both works involve

16

mysterious magician revealing how tricks are done; "ideas generally do not receive protection, only the *expression* of such ideas do"); *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994) ("We attach no significance to the fact that both works involve a life struggle of fighting insurmountable dangers [after being shrunken to small size], because '[g]eneral plot ideas are not protected by copyright law'"), *quoting Berkic v. Crichton*, 761 F.2d 1289, 1293 (9th Cir. 1985) (no substantial similarity between two works about exposing a criminal organization that murders healthy people to sell their organs for transplants; "No one can own the basic idea for a story"); *Olson v. Nat'l Broad. Co.*, 855 F.2d 1446, 1453 (9th Cir. 1988) (no copyright protection in idea of "group action-adventure series designed to show Vietnam veterans in a positive light").

Accordingly, plaintiffs' allegation that *Shake It Off* copies the idea of different "actors engaging in a type of activity" does not establish substantial similarity in protected expression and, as a result, does not support a copyright infringement claim.  *Rice*, 330 F.3d at 1174.

### iii.   Plaintiffs' Allegations as to Custom and Practice in the Music Industry Do Not Establish an Infringement Claim

In another attempt to buttress their claim, plaintiffs allege there is a practice in the music industry of obtaining licenses when there is a similarity with another musical composition's lyrics.  Complaint at 7-8, ¶¶ 31-34.  But the Copyright Act, not alleged custom and practice, determines whether an alleged use is infringing. *See, e.g., Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990) (rejecting argument that motion picture industry custom and practice trumps Copyright Act's requirement copyright transfers be memorialized in a signed writing).   And the allegation that others have obtained licenses when lyrics are supposedly similar does not prove a license was in fact required in those instances, let alone required here: licenses may be obtained just to avoid litigation and even though not actually required.  *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 585 n. 18 (1994);

*United States v. Bailey*, 696 F.3d 794, 800 (9th Cir. 2012) (Since "[a] defendant may settle a case for a variety of reasons . . . [t]here is no logical relevancy to admitting this type of evidence").

Plaintiffs are clear and unequivocal: their copyright infringement claim is based on the alleged copying of a short phrase that combines the public domain clichés that players play and haters hate.  As a result, plaintiffs plead directly into a Rule 12(b)(6) challenge.  Copyright does not protect short phrases, or a phrase that merges with its underlying idea.  Even if plaintiffs could overcome those hurdles, which they cannot do, simply combining players play and haters hate is trivial, does not satisfy the Constitutional requirement of originality and, in any event, is done differently in plaintiffs' composition and *Shake It Off*.  Neither can plaintiffs save their claim by alleging similarity in the basic idea of "actors engaging in a type of activity" nor by alleging that by industry practice a license should have been obtained.

Accordingly, plaintiffs' claim for copyright infringement should be dismissed for failure to state a plausible claim of copying copyrightable expression.

**3.    PLAINTIFFS' ALLEGATIONS OF AN INDUSTRY PRACTICE TO OBTAIN LICENSES ARE IRRELEVANT AND PROPERLY STRICKEN**

**(a)    The Standards Governing the Motion to Strike**

"Under Federal Rule of Civil Procedure 12(f), the Court 'may order stricken from any pleading . . . any . . . immaterial [or] impertinent . . . matter.'" *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).  "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010), *quoting Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  "Impertinent matter consists of statements that do not pertain, and are not necessary,

18

1  to the issues in question." *Whittlestone*, 618 F.3d at 974, *quoting* 5A C.A. WRIGHT

2  & A.R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1382, at 706-07 (1990).

3        **(b)**    **<u>Whether Others Have Obtained Licenses to Avoid Possible</u>**

4                **<u>Infringement Claims as to Unrelated Works Is Irrelevant</u>**

5        Plaintiffs allege that in the music industry there is a standard practice to obtain

6  a license if words in a new composition are similar to those of another work and, to

7  support that allegation, plaintiffs identify alleged instances were recording artists

8  supposedly obtained licenses.  Complaint at 7, ¶¶ 31-33.  Plaintiffs then allege that

9  defendants should have obtained a license here.  *Id.* at 8, ¶ 34.

10        These allegations are immaterial and impertinent because they are irrelevant

11  to plaintiffs' copyright infringement claim.  That licenses were supposedly obtained

12  by others in other instances does not mean they were required in those instances (*see*

13  *above* at 17:24-18:3) and, of course, does not mean a license was required here.

14  Further, allowing these allegations to stand threatens to inject into this action and

15  expert and fact discovery the claimed industry practice and the reasons and

16  circumstances under which non-parties supposedly obtained licenses for works

17  unrelated to either plaintiffs' composition or *Shake It Off*.

18        Accordingly, plaintiffs' allegations of an industry practice to obtain licenses

19  are properly stricken.

20  **4.**    **<u>CONCLUSION</u>**

21        Plaintiffs assert a single claim for copyright infringement and plaintiffs'

22  specific allegations as to what was allegedly copied lead inexorably to the

23  conclusion that they fail to allege a plausible copyright infringement claim.

24        Plaintiffs allege that the short phrase "Playas, they gonna play / And haters,

25  they gonna hate" was copied, but for at least three independent reasons that phrase,

26  including the alleged version in their composition's introduction, "The playas gon'

27  play / Them haters gonna hate," is not protected expression.  First, copyright does

28  not protect short phrases such as the short phrase plaintiffs claim was copied.

Second, the alleged phrase is not protected because it merges with its underlying idea.  Third, simply tacking together the admittedly public domain truisms that players are going to play and haters are going to hate, does not satisfy the Constitutional requirement of originality and these truisms are used differently in plaintiffs' composition and *Shake It Off*.  Further, plaintiffs' claim is not saved by the alleged copying of the idea of "actors engaging in a type of activity" or by a supposed industry practice of obtaining a license when words in a new work might be similar to those in an earlier work.

Applying black letter copyright law, plaintiffs fail to allege the copying of protectable expression.  Accordingly, their claim for copyright infringement should be dismissed.

Further, plaintiffs' allegations of an industry practice to obtain licenses is irrelevant and could lead to unnecessary and expensive expert and fact discovery wholly immaterial to plaintiffs' claim.  Those allegations are properly stricken.

Dated: January 3, 2018

_____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
TAYLOR SWIFT,
KARL MARTIN SANDBERG,
KARL JOHAN SCHUSTER, SONY/ATV
MUSIC PUBLISHING LLC, KOBALT
MUSIC PUBLISHING AMERICA INC.,
BIG MACHINE LABEL GROUP, LLC and
UNIVERSAL MUSIC GROUP, INC.