1
2
3
4
5
6
7
8
9

GERARD FOX LAW P.C.
Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Lauren M. Greene (SBN 271397)
lgreene@gerardfoxlaw.com
Banu S. Naraghi (SBN 312754)
bnaraghi@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

*Attorneys for Plaintiffs*
SEAN HALL D.B.A. GIMME SOME HOT
SAUCE MUSIC AND NATHAN BUTLER
D.B.A. FAITH FORCE MUSIC

10
11

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| SEAN HALL d.b.a. GIMME SOME HOT SAUCE MUSIC, an individual, and NATHAN BUTLER d.b.a. FAITH FORCE MUSIC, an individual,<br><br>              Plaintiffs,<br><br>v.<br><br>TAYLOR SWIFT, an individual, KARL MARTIN SANDBERG, an individual, KARL JOHAN SCHUSTER, an individual, SONY/ATV MUSIC PUBLISHING, LLC a limited liability company, KOBALT MUSIC PUBLISHING AMERICA INC. a Delaware Corporation, BIG MACHINE LABEL GROUP, LLC, a limited liability company, UNIVERSAL MUSIC GROUP, INC., a California Corporation, and DOES 1-5,<br><br>              Defendants. | Case No.  2:17-cv-06882 MWF (ASx)<br><br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE**<br><br><br>Date:    February 12, 2018<br>Time:    10:00 a.m.<br>Place:   Courtroom 4311 |

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

# TABLE OF CONTENTS

I.      INTRODUCTION ............................................................. 1

II.     STATEMENT OF FACTS ................................................. 2

III.    LEGAL STANDARD ON MOTION TO DISMISS ..................... 3

IV.     ARGUMENT ................................................................. 5

        A.  The Copied Element Is Not An Unprotected Short Phrase ........ 5

            1.  Plaintiffs' Phrase Is Sufficiently Creative ................ 7

            2.  Plaintiffs' Phrase Is Not Barred From Copyright Protection As
                Public Domain ....................................... 9

            3.  Originality Should Not Be Decided On A Motion To Dismiss ....... 10

        B.  Plaintiffs' Copyright In The Phrase At Issue Is Not Barred By The
            Doctrine Of Merger .................................... 11

        C.  Evidence Of Industry Custom And Practice Can Support A Claim For
            Copyright Infringement ................................. 15

V.      LEGAL STANDARD ON MOTION TO STRIKE ..................... 16

VI.     ARGUMENT ............................................................. 17

VII.    LEAVE TO AMEND ................................................... 18

VIII.   CONCLUSION .......................................................... 20

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

# TABLE OF AUTHORITIES

**Cases**

*Acuff-Rose Music, Inc. v. Jostens, Inc.*,
  155 F.3d 140 (2d Cir. 1998) .................................................................. 7

*Alberto-Culver Co. v. Andrea Dumon, Inc.*,
  466 F.2d 705 (7th Cir. 1972) ................................................................ 7

*Allen v. Destiny's Child*,
  No. 06 C 6606, 2009 WL 2178676 (N.D. Ill. July 21, 2009) ............... 11

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
  301 F.R.D. 487 (C.D. Cal. 2014) ......................................................... 17

*Architettura, Inc. v. DBSI Cumberland at Granbury LP*,
  652 F. Supp. 2d 775 (N.D. Tex. 2009) ................................................. 15

*Bach v. Forever Living Prod. U.S., Inc.*,
  473 F. Supp. 2d 1127 (W.D. Wash. 2007) ....................................... 11, 12

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ............................................................... 19

*Batiste v. Najm*,
  28 F. Supp. 3d. 595 (E.D. La. 2014) ...................................................... 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................... 4

*Breier v. Northern California Bowling Proprietors' Ass'n*,
  316 F.2d 787 (9th Cir. 1963) ............................................................... 18

*Bruce v. Weekly World News, Inc.*,
  310 F.3d 25 (1st Cir. 2002) ................................................................. 16

*Cable Vision, Inc. v. KUTV, Inc.*,
  335 F.2d 348 (9th Cir. 1964) ................................................................. 9

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2002) ................................................................. 5

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

*Cellular Accessories for Less, Inc. v. Trinitas LLC*,

   65 F. Supp. 3d 909 (C.D. Cal. 2014)...................................................................... 6, 8

*Center for Biological Diversity v. Veneman*,

   394 F.3d 1108 (9th Cir. 2005)............................................................................... 19

*CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.*,

   97 F.3d 1504 (1st Cir. 1996) .......................................................................... 5, 6, 7

*Cousins v. Lockyer*,

   568 F.3d 1063 (9th Cir. 2009)................................................................................. 4

*Craig Frazier Design, Inc. v. Zimmerman Agency, LLC*,

   No. C 10-1094 SBA, 2010 WL 3790656 (N.D. Cal. Sept. 27, 2010) ................... 10

*Dezendorf v. Twentieth Century-Fox Film Corp.*,

   99 F.2d 850 (9th Cir. 1938)................................................................................... 10

*Doe v. United States*,

   419 F.3d 1058 (9th Cir. 2005)................................................................................. 4

*Durham v. Prudential Ins. Co. of Am.*,

   236 F. Supp. 3d 1140 (C.D. Cal. 2017)................................................................. 15

*Emanation Inc. v. Zomba Recording Inc.*,

   72 F. App'x 187 (5th Cir. 2003) .............................................................................. 7

*Ets-Hokin v. Skyy Spirits, Inc.*,

   225 F.3d 1068 (9th Cir. 2000)............................................................................... 14

*Fantasy, Inc. v. Fogerty*,

   984 F.2d 1524 (9th Cir. 1993)............................................................................... 16

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,

   499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991).............................. 5, 6

*Fischer v. Forrest*, No. 14 CIV. 1304 PAE,

   2015 WL 195822 (S.D.N.Y. Jan. 13, 2015)............................................................ 6

*Fogerty v. Fantasy, Inc.*,

   510 U.S. 517 (1994) .............................................................................................. 16

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

*FragranceNet.com, Inc. v. FragranceX.com, Inc.*,

    679 F. Supp. 2d 312 (E.D.N.Y. 2010).................................................................11

*Greenwich Ins. Co. v. Rodgers*,

    729 F. Supp. 2d 1158 (C.D. Cal. 2010)............................................................16

*Griggs v. Pace Am. Group, Inc.*,

    170 F.3d 877 (9th Cir. 1999)..........................................................................19

*Hall v. City of Santa Barbara*,

    833 F.2d 1270 (9th Cir. 1986)..........................................................................3

*Harlow v. Fitzgerald*,

    457 U.S. 800 (1982) ........................................................................................4

*Health Grades, Inc. v. Robert Wood Johnson University Hosp., Inc.*,

    634 F.Supp.2d 1226 (D. Colo. 2009) ..............................................................5

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*,

    790 F. Supp. 2d 1152 (C.D. Cal. 2011)..........................................................17

*Jacobsen v. Katzer*,

    609 F. Supp. 2d 925, 935 (N.D. Cal. 2009) ...................................................16

*Johnson v. Gordon*,

    409 F.3d 12 (1st Cir. 2005) .............................................................................7

*Landsberg v. Scrabble Crossword Game Players, Inc.*,

    736 F.2d 485 (9th Cir. 1984)..........................................................................12

*Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*,

    416 F.3d 940 (9th Cir. 2005)............................................................................5

*Lopez v. Smith*,

    203 F.3d 1122 (9th Cir. 2000)........................................................................19

*Mattel, Inc. v. Goldberger Doll Mfg. Co.*,

    365 F.3d 133 (2d Cir. 2004).............................................................................6

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

*Mayimba Music, Inc. v. Sony Corp. of Am.*,

    No. 12 CIV. 1094 AKH, 2014 WL 5334698 (S.D.N.Y. Aug. 19, 2014) ............... 9

*Microsoft Corp. v. Grey Computer*,

    910 F. Supp. 1077 (D. Md. 1995) ................................................. 15, 18

*Moss v. U.S. Secret Serv.*,

    572 F.3d 962 (9th Cir. 2009)........................................................ 19

*N. Coast Indus. v. Jason Maxwell, Inc.*,

    972 F.2d 1031 (9th Cir. 1992)....................................................... 10

*Narell v. Freeman*,

    872 F.2d 907 (9th Cir. 1989)...................................................... 6, 7

*Optima Tax Relief LLC v. Channel Clarity, Inc.*,

    No. SACV141902JLSJCGX, 2015 WL 12765016 (C.D. Cal. Aug. 26, 2015)..... 10

*Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH,

    2015 WL 5176582 (D. Nev. Sept. 3, 2015) .................................... 15, 17

*Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*,

    975 F. Supp. 2d 920 (N.D. Ill. 2013) ............................................... 7

*Porter v. Jones*,

    319 F.3d 483 (9th Cir. 2003)........................................................ 4

*Prunte v. Universal Music Grp., Inc.*,

    699 F. Supp. 2d 15 (D.D.C. 2010) ................................................. 7

*Puckett v. Hernandez*,

    No. 216CV02199SVWAGR, 2016 WL 7647555 (C.D. Cal. Dec. 21, 2016) ......... 7

*Rivera v. Peri & Sons Farms, Inc.*,

    735 F.3d 892 (9th Cir. 2013)....................................................... 15

*Robert Kubicek Architects & Assocs., Inc. v. Bosley*,

    No. CV-11-02112-PHX-DGC, 2012 WL 6554396 (D. Ariz. Dec. 14, 2012)....... 11

*Robinson v. Managed Accounts Receivables Corp.*,

    654 F. Supp. 2d 1051 (C.D. Cal. 2009)............................................ 17

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

*Rogers v. Koons*,
    960 F.2d 301 (2d Cir. 1992) ........................................................... 6

*Salinger v. Random House, Inc.*,
    811 F.2d 90 (2d Cir.) ..................................................................... 6

*Satava v. Lowry*,
    323 F.3d 805 (9th Cir. 2003) ..................................................... 9, 11

*Scheuer v. Rhodes*,
    416 U.S. 232 (1974) ....................................................................... 4

*Shabaz v. Polo Ralph Lauren Corp.*,
    586 F. Supp. 2d 1205 (C.D. Cal. 2008) ....................................... 17

*Society of Holy Transfiguration Monastery, Inc. v. Gregory*,
    689 F.3d 29 (1st Cir. 2012) ........................................................... 5

*Stern v. Does*,
    978 F. Supp. 2d 1031 (C.D. Cal. 2011) ......................................... 6

*Stern v. Weinstein*,
    512 F. App'x 701 (9th Cir. 2013) .................................................. 6

*Tempest Pub., Inc. v. Hacienda Records & Recording Studio, Inc*,
    No. CIV.A. H-12-736, 2015 WL 1246644 (S.D. Tex. Mar. 18, 2015) .......... 15, 17

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*,
    368 F.3d 1053 (9th Cir. 2004) ..................................................... 19

*Tyler v. Cisneros*,
    136 F.3d 607 (9th Cir. 1998) ......................................................... 4

*United States v. City of Redwood City*,
    640 F.2d 963 (9th Cir. 1981) ......................................................... 5

*Vargas v. Pfizer, Inc.*,
    418 F. Supp. 2d 369 (S.D.N.Y. 2005) ..................................... 10, 11

*Warner Bros. Entm't Inc. v. RDR Books*,
    575 F. Supp. 2d 513 (S.D.N.Y. 2008) ......................................... 14

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

*Yee v. City of Escondido, Cal.*,

  503 U.S. 519 (1992) ........................................................................................ 4


**Statutes**

17 U.S.C. § 504 .............................................................................................. 17


**Rules**

Federal Rule of Civil Procedure 12 ........................................................... 4, 16

Federal Rule of Civil Procedure 15 ............................................................. 18

Federal Rule of Civil Procedure 8 ................................................................. 4

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants Taylor Swift, Karl Martin Sandberg, Karl Johan Schuster, Sony/ATV Music Publishing, LLC, Kobalt Music Publishing America Inc., Big Machine Label Group, LLC, and Universal Music Group, Inc.'s ("Defendants") Motion to Dismiss and Motion to Strike ("Motion") is an attempt to evade liability for infringing Plaintiffs Sean Hall d.b.a. Gimme Some Hot Sauce Music, and Nathan Butler d.b.a. Faith Force Music's ("Plaintiffs") copyright.[1]  The entire Motion is based on the argument that the infringed lyrics are not entitled to copyright protection.  Defendants' leading argument is based on the incorrect assertion that "It Is Black-Letter Copyright Law that Short Phrases Are Not Protected." (Motion at § 2(b)(2)*i.a.*)  Overwhelming case law shows that short phrases are entitled to copyright when they display the requisite amount of originality and creativity. Defendants spend the rest of their Motion arguing variations of the same central theme – that Plaintiffs' work is not original.

Unfortunately for Defendants, Plaintiffs' phrase not only meets, but exceeds the minimum threshold of originality.  Plaintiffs were the first to combine the concept of "playas" playing along with "haters" hating to express the idea that other people will do what they are going to do, and to not let what those other people are doing and thinking affect you. The prior uses of "playas" and "haters" together were references to a "playa hater" which is a completely different concept that was used in an entirely different context.  Since the release of *Playas Gon' Play*, Defendants are the only other commercial songwriters to use the exact same terminology to express Plaintiffs' same idea.[2]

---

[1] All internal alterations, quotation marks, footnotes and citations herein are omitted and all emphasis is added unless otherwise noted.

[2] Defendants argue that affording the phrase at issue copyright protection would give Plaintiffs a monopoly in the "combination of players playing and haters hating."

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

1    Defendants' Motion to Strike has even less merit than their Motion to

2    Dismiss.  The law is clear that industry customs and practice are relevant to a variety

3    of elements of copyright infringement claims.  As such, Plaintiffs' allegations

4    regarding industry custom and practice are proper and should not be stricken.

5         In total, Plaintiffs' Complaint properly alleges a claim for copyright

6    infringement.  Plaintiffs have a valid copyright in the lyrics of *Playas Gon' Play* and

7    *Shake it Off* infringes those lyrics.  As such, this Court should deny Defendants'

8    Motion.

9    **II.   STATEMENT OF FACTS**

10        The facts of this case are straightforward.  Plaintiffs wrote the musical

11   composition *Playas Gon' Play* for the popular girl group 3LW in 2001.  (Complaint

12   at ¶ 15.)  *Playas Gon' Play* became a success for 3LW charting on the Billboard Hot

13   100, Billboard Hot R&B/Hip-Hop, and Billboard Rhythmic charts.  (*Id*. at ¶ 16.)

14   The chorus of *Playas Gon' Play* is comprised of the lyrics "Playas, they gonna play /

15   And haters, they gonna hate / Ballers, they gonna ball / Shot callers, they gonna

16   call."  (*Id*. at ¶¶ 20, 25.)  This chorus is a four-part sequence of distinct actors

17   engaging in a distinct activity.  (*Id*. at ¶ 25.)  Plaintiffs were the first to combine the

18   terms "playas" and "haters" in this unique and original fashion.  (*Id*. at ¶ 20-25.)

19        Even more, Plaintiffs were the first to use these slang terms to express the idea

20   that people will do as they do, and the narrator is not concerned with what other

21   people do and what other people think about them.  (*Ibid*.; Declaration of Peter J.

22   Anderson ("Anderson Decl.") (Dkt. No. 20-3), Ex. 2.)  In furtherance of that idea,

23   the chorus continues with the lyrics "That ain't got nothin' to do / With me and you /

24

25   (Motion at 1:21-22.)  However, it should be noted that for thirteen years Plaintiffs

26   enjoyed a de facto monopoly on the phrase as no commercial songwriters had used

27   the combination to express the same idea that Plaintiffs did because music industry
     standards and customs dictate that Plaintiffs' authorization would be required to do

28   so.  (Complaint at ¶¶ 25, 31-34.)

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

That's the way it is / That's the way it is." (Anderson Decl., Ex. 2.)  Additionally, the introduction to *Playas Gon' Play* includes the lyrics "The playas gon' play / Them haters gonna hate."  The Complaint alleges that these phrases are original, unique, and copyrightable.  (Complaint at ¶¶ 20-25.)

In 2014, Defendants wrote and released the musical composition *Shake it Off* performed by Defendant Taylor Swift.  (*Id*. at ¶ 26.)  *Shake it Off* was a worldwide success for Defendants and has been certified 9x Platinum by the RIAA.  (Complaint at ¶¶ 35-36.)  The chorus of *Shake it Off* includes the infringing lyrics "Cause the players gonna play, play, play, play, play / And the haters gonna hate, hate, hate, hate, hate."  (*Id*. ¶ 27.)  Exactly like *Playas Gon Play* these lyrics are part of a four-part lyrical sequence of actors engaging in an activity.  (*Id*. at ¶ 28.)  In Defendants' version, the sequence continues with "Heartbreakers gonna break, break, break, break, break /And the fakers gonna fake, fake, fake, fake, fake."  (*Id*.)  Taking another page from *Playas Gon' Play*, the chorus of *Shake it Off* includes a positive affirmation that the narrator is not concerned with the opinions of others in the lyrics "Baby, I'm just gonna shake, shake, shake, shake, shake / I shake it off, I shake it off."  (Anderson Decl., Ex. 4.)  After *Playas Gon' Play*, Defendants are the only ones to use the terms "playas gonna play" and "haters gonna hate" together to express the same idea.  (Complaint at ¶ 25.)

In the music industry, it is customary for an artist to obtain a license before using such similar lyrics.  (*Id*. at ¶ 31-34.)  Despite this custom and practice, and with knowledge of *Playas Gon' Play*, Defendants, who have extensive music industry experience, intentionally included infringing lyrics in *Shake it Off* without obtaining a license.  (*Id*. at ¶¶ 29, 31-34.)

## III.  LEGAL STANDARD ON MOTION TO DISMISS

"It is axiomatic that '[t]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'"  *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986), abrogated on other grounds by *Yee v. City of*

1   *Escondido, Cal.*, 503 U.S. 519 (1992).  Federal Rule of Civil Procedure 12(b)(6) is

2   read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only a

3   short and plain statement of the claim showing that the pleader is entitled to relief.

4   *See Fed. R. Civ. P.* 8(a)(2) (requiring that a plaintiff provide "'a short and plain

5   statement of the claim' that will give the defendant fair notice of what the plaintiff's

6   claim is and the grounds upon which it rests"); *Porter v. Jones*, 319 F.3d 483, 494

7   (9th Cir. 2003) ("To survive a motion to dismiss for failure to state a claim under

8   Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading

9   requirements of [Federal] Rule [of Civil Procedure] 8(a)(2).").

10      In evaluating the current motion at bar, this Court must accept as true all facts

11   alleged in the complaint, as well as any reasonable inferences arising therefrom.  *See*

12   *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  Moreover, this Court is

13   required to construe all facts alleged in the complaint and any reasonable inferences

14   arising therefrom in the light most favorable to Plaintiffs.  *See Cousins v. Lockyer*,

15   568 F.3d 1063, 1067 (9th Cir. 2009).  Indeed, Defendants' motion appears to ignore

16   the well-established cannon of construction, requiring the Court at this stage to give

17   a plaintiff the benefit of every inference that reasonably may be drawn from well-

18   pled facts.  *See Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998).  Dismissal

19   under Rule 12(b)(6) for failure to state a claim is appropriate only when the

20   complaint does not give the defendant fair notice of a legally cognizable claim and

21   the grounds on which it rests.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

22   (2007).

23      The U.S. Supreme Court has stated: "The issue is not whether a plaintiff will

24   ultimately prevail but whether the claimant is entitled to offer evidence in support of

25   the claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

26   *grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  Even if the face of the

27   pleadings suggests that the chance of recovery is remote, the Court must allow the

28   plaintiff to develop the case at this stage of the proceedings.  *See United States v.*

- 4 -

*City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).  A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Livid Holdings Ltd. v. Salomon Smith Barney*, *Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

## IV.   ARGUMENT

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) ("To establish a successful copyright infringement claim, a plaintiff must show that he or she owns the copyright and that defendant copied protected elements of the work.). Here, Defendants have argued only the second prong – that the elements of Plaintiffs' work at issue are not protected by copyright.  This argument fails as detailed below.

### A.   The Copied Element Is Not An Unprotected Short Phrase

Defendants first argue that because the lyrical phrase "Playas, they gonna play / And haters, they gonna hate" is short that it is automatically denied copyright protection.  This is based on a misinterpretation of the applicable copyright principals.  Defendants have asserted that copyright protection is denied to all fragmentary words and phrases.  That is not the case.  There is no blanket prohibition on the copyrightability of short phrases.  *Society of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 52 (1st Cir. 2012) ("[N]ot all short phrases will automatically be deemed uncopyrightable."); *CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1520 (1st Cir. 1996) ("Of course, we recognize that not all short, simple, declarative sentences" are uncopyrightable.); *Health Grades, Inc. v. Robert Wood Johnson University Hosp., Inc.*, 634 F.Supp.2d 1226, 1238 (D. Colo. 2009) ("[I]t does not make sense to state categorically that no

- 5 -

combination of numbers or words short enough to be deemed a phrase can possess at least some minimal degree of creativity."); *Fischer v. Forrest*, No. 14 CIV. 1304 PAE, 2015 WL 195822, at *5 (S.D.N.Y. Jan. 13, 2015) ("[B]revity does not preclude copyright protection."); *Narell v. Freeman*, 872 F.2d 907, 911-12 (9th Cir. 1989) (stating that "Weasels Ripped My Flesh" is a copyrightable phrase.).

The reason fragmentary works and phrases are sometimes denied protection is because they "do not exhibit the minimal level of creativity necessary to warrant copyright protection." *CMM Cable Rep, Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1519 (1st Cir. 1996). Thus, "the copyrightability of a very short textual work—*be it word, phrase, sentence, or stanza*—depends on the presence of creativity." *Stern v. Does*, 978 F. Supp. 2d 1031, 1041 (C.D. Cal. 2011), *aff'd sub nom. Stern v. Weinstein*, 512 F. App'x 701 (9th Cir. 2013); *Salinger v. Random House, Inc.*, 811 F.2d 90, 98 (2d Cir.), *opinion supplemented on denial of reh'g,* 818 F.2d 252 (2d Cir. 1987) (finding short phrases entitled to protection when they "display[] a sufficient degree of creativity as to sequence of thoughts, choice of words, emphasis, and arrangement to satisfy the minimal threshold of required creativity."). That said, "the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, *no matter how crude, humble or obvious it might be.*" *Feist*, 499 U.S. at 345; *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 135 (2d Cir. 2004) ("To merit protection from copying, a work need not be particularly novel or unusual. It need only have been independently created by the author and possess some minimal degree of creativity."); *Rogers v. Koons*, 960 F.2d 301, 307 (2d Cir. 1992) ("But the quantity of originality that need be shown is modest—only a dash of it will do."); *Cellular Accessories for Less, Inc. v. Trinitas LLC*, 65 F. Supp. 3d 909, 913 (C.D. Cal. 2014) ("To be original, all that is needed to satisfy both the Constitution and the statute is that the author contributed something more than a merely trivial variation, recognizably his own."). It is under this

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

framework that the copyrightability of Plaintiffs' phrase must be analyzed.

### 1.   Plaintiffs' Phrase Is Sufficiently Creative

Defendants have not argued that Plaintiffs' lyrics lack the requisite "creative spark" to entitle them to copyright protection despite being a short phrase.  Nor could they.  Instead, Defendants simply list cases where the short phrase at issue was not entitled to copyright protection.  (*See* Motion at § 2(b)(2)*i*.a.)  The disposition of these readily distinguishable cases has no impact on the determination of whether Plaintiffs' phrase here meets the creativity requirement for protection.[3]  Rather, Plaintiffs' unique lyrical phrase "Playas, they gonna play / And haters, they gonna hate" is sufficiently creative to warrant protection.  The compendium of songs and

---

[3] *Narell*, 872 F.2d at 911-12 (9th Cir. 1989) (also states that the short phrase "Weasels Ripped My Flesh" is copyrightable.); *Acuff-Rose Music, Inc. v. Jostens, Inc.*, 155 F.3d 140, 143 (2d Cir. 1998) (the phrase was not copyrightable because of extensive similar prior art, including a John Cougar Mellencamp song with the exact same phrase.); *CMM Cable*, 97 F.3d at 1520 (1st Cir. 1996) (phrase was not entitled to protection because it was a "slogan…used in advertising and promotion" and because it merely detailed how to participate in a contest.); *Emanation Inc. v. Zomba Recording Inc.*, 72 F. App'x 187, 190 (5th Cir. 2003) (finding that the phrases at issue "were unprotected facts, not original factual compilations."); *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 711 (7th Cir. 1972) (finding the phrase used on an advertisement was descriptive of the product.); *Johnson v. Gordon*, 409 F.3d 12, 24 (1st Cir. 2005) (finding the phrase unprotected because "**hundreds of composers** have registered songs capturing the same sentiment in the same verbiage."); *Puckett v. Hernandez*, No. 216CV02199SVWAGR, 2016 WL 7647555, at *5 (C.D. Cal. Dec. 21, 2016) (finding no infringement because the phrases at issue were not in the same place in both songs and because the phrases were used in different contexts.); *Batiste v. Najm*, 28 F. Supp. 3d. 595, 615 (E.D. La. 2014) (finding that the phrases were "common, everyday expressions" and that the allegedly infringing phrases bore "no similarity to the plaintiff's lyrics."); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 925 (N.D. Ill. 2013) (finding that the religious phrases at issue were widely used common expressions of a blessing.); *Prunte v. Universal Music Grp., Inc.*, 699 F. Supp. 2d 15, 26 (D.D.C. 2010), *aff'd*, 425 F. App'x 1 (D.C. Cir. 2011) (denying copyrightability for "short, common phrases," "song titles," "stock settings," "scène à faire," mere concepts, and dissimilar phrases.).

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

lyrics cited by Defendants in the Declaration of Peter J. Anderson (Dkt. No. 20-3) merely highlights Plaintiffs' creativity.  Indeed, of the sets of lyrics provided by Defendants – who no doubt did a thorough search for every song which contained the words player, hater, or some combination thereof – *only two* include both "playas" playing and haters hating, and those are the two songs at issue here.

The other songs' use of "playa hater" and "playa haters" hate does not mean that Plaintiffs' phrase does not have the requite level of creativity to be copyrightable.  The sets of lyrics that do use the terms "playa" and hater together all revolve about the concept of "playa haters."  As used by those lyrics, the terms "playa" and "playa hater" represent the dichotomy between the "playa" – one who is successful at courting women – and the "playa hater" – one who is notably jealous of the "playas'" success.  The verb playa hate (i.e. "[i]f you want to playa hate," *see id*. Anderson Decl. Ex. 23), represents the outward act of that "playa hater" expressing his jealousy towards the "playa."

Unlike these songs, Plaintiffs creatively used the terms "playa" and hater in a completely different context.  It was Plaintiffs who first used the terms in the context of a third party, the narrator of the song who is neither a "playa" nor a hater, stating that other people will do what they will and positively affirming that they won't let the judgement of others affect them.  To be sure, the phrase in *Playas Gon' Play* is not an admonishment of, or dis to, "playa haters" as found in the other songs.  Rather than telling the actors to stop their behavior, the narrator is declaring that she is not bothered by their opinion or criticism.  This was more than a "merely trivial variation" of any previous use of the terms "playa" and hater cited by Defendants. *See Cellular Accessories*, 65 F. Supp. 3d at 913.  Again, in all of the lyrics cited by Defendants only *Shake it Off* uses the terms in this same context.  The mere fact that only Defendants' song uses the terms "playa" and hater in the same context shows just how creative Plaintiffs' phrase is.

////

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

**2.     Plaintiffs' Phrase Is Not Barred From Copyright Protection As Public Domain**

In their public domain argument, Defendants argue that Plaintiffs' phrase is not copyrightable because it combines two public domain elements and because the phrase merges with the idea promulgated therein.  Neither prevents the phrase from being protected. [4]  A public domain work is one "which is either not copyrighted, not copyrightable or on which the copyright has expired." *Cable Vision, Inc. v. KUTV, Inc.*, 335 F.2d 348, 350 (9th Cir. 1964).  However, "a combination of unprotectable elements may qualify for copyright protection." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003).  That protection applies when the public domain elements used therein "are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava*, 323 F.3d at 811.  Much like short phrases, the copyrightability of a work which contains public domain elements depends on the originality and creativity of the author.  That Plaintiffs used the words "playas," "play," "haters," and "hate" does not mean that the phrase is not protected.  As noted in the Complaint the terms "playas" and "haters" are slang terms that had occasionally been used in lyrics prior to Plaintiffs' composition.  (Complaint at ¶¶ 21-22; *see* Anderson Decl. Exs. 6-35.)  The inclusion of those slang terms "does not mean that the phrase itself is necessarily so common that it cannot be copyrighted." *Mayimba Music, Inc. v. Sony Corp. of Am.*, No. 12 CIV. 1094 AKH, 2014 WL 5334698, at *16 (S.D.N.Y. Aug. 19, 2014), *order suspended on other grounds,* No. 12 CIV. 1094 AKH, 2015 WL 6917260 (S.D.N.Y. Apr. 30, 2015) (finding that the phrase "'Loca con su Tiguere' is capable of copyright protection.").  Further, as evidenced by the songs cited by Defendants, the slang terms "playas" and "haters" were not terribly common prior to *Playas Gon' Play*.  (*See* Anderson Decl. Exs. 6-35.)

---

[4] Defendants' merger argument will be discussed in detail in Section II.B. below.

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

As such, and as discussed at length above, Plaintiffs' phrase is sufficiently creative. Plaintiffs' selection and arrangement of the lyrics "Playas, they gonna play / And haters, they gonna hate / Ballers, they gonna ball / Shot callers, they gonna call" and use of them to convey their idea is original. Again, there had not been another use of these elements together prior to *Playas Gon' Play*. (Complaint ¶¶ 23-25.) Plaintiffs and Defendants are the only ones who have used those elements in this original arrangement. (*Id*.) Even more, Plaintiffs and Defendants are the only ones who have used the elements of "playas" playing and haters hating to express the idea of not concerning yourself with what other people do and think. Based on this, Plaintiffs' phrase is copyrightable.

### 3.  Originality Should Not Be Decided On A Motion To Dismiss

Finally, whether Plaintiffs' phrase contains the required amount of originality to enjoy copyright protection is a question of fact for the jury not properly decided on a motion to dismiss. *Dezendorf v. Twentieth Century-Fox Film Corp.*, 99 F.2d 850, 851 (9th Cir. 1938) (The question of originality in copyright law "is one of fact, not of law; one that may not be summarily disposed of upon a motion to dismiss, but which must be established by proof."); *Optima Tax Relief LLC v. Channel Clarity, Inc.*, No. SACV141902JLSJCGX, 2015 WL 12765016, at *3 (C.D. Cal. Aug. 26, 2015) (same); *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1035 (9th Cir. 1992) ("The plaintiff was entitled to have the validity of its copyright determined by a trier-of-fact."); *Craig Frazier Design, Inc. v. Zimmerman Agency, LLC*, No. C 10-1094 SBA, 2010 WL 3790656, at *4 (N.D. Cal. Sept. 27, 2010) ("Ultimately, under the circumstances of this case, the Court finds that the determination of the originality of a derivative work is a factual question that is inappropriate for resolution on a motion to dismiss."); *Vargas v. Pfizer, Inc.*, 418 F. Supp. 2d 369, 373 (S.D.N.Y. 2005) (decided originality should be decided by the jury where plaintiffs maintained "that their work is not similar to other works and was independently created."); *Robert Kubicek Architects & Assocs., Inc. v. Bosley*, No. CV-11-02112-

- 10 -

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

PHX-DGC, 2012 WL 6554396, at *2 (D. Ariz. Dec. 14, 2012) ("Whether individual components of a work are sufficiently original to be protected is a question of fact."); *Allen v. Destiny's Child*, No. 06 C 6606, 2009 WL 2178676, at *9 (N.D. Ill. July 21, 2009) (deciding that the copyrightability of the phrase "cater to you" should be decided by the jury.).

Here, disposing of Plaintiffs' copyright claim for lack of originality through a motion to dismiss would be improper.  Plaintiffs have undoubtedly argued and shown that their work "is not similar to other works and was independently created." *Vargas*, 418 F. Supp. 2d at 373.  Further, while "courts may resolve this issue as a matter of law in certain circumstances, that determination is generally made on a motion for summary judgment, after the parties have conducted discovery and had the opportunity to submit evidence on the issue."  *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 679 F. Supp. 2d 312, 320 (E.D.N.Y. 2010).  Thus, Defendants' motion should be denied.

## B.   Plaintiffs' Copyright In The Phrase At Issue Is Not Barred By The Doctrine Of Merger

Under the merger doctrine, "courts will not protect a copyrighted work from infringement if the idea underlying the copyrighted work can be expressed in only one way, lest there be a monopoly on the underlying idea."  *Satava*, 323 F.3d at 812; *Bach v. Forever Living Prod. U.S., Inc.*, 473 F. Supp. 2d 1127, 1136 (W.D. Wash. 2007) ("Copyright protection only extends to original expressions, not ideas. When an idea and expression merge, there is no copyright protection.").

Defendants argue that the idea in Plaintiffs' phrase is only players play, haters hate, and actors engage in an activity.  (Motion at §§ 2.(b)(2)ii and 2.(b)(2)i.b.)[5] Based on this narrow reading, Defendants argue that there is no copyright in these

---

[5] Defendants have raised arguments regarding the protectability of the idea put forth in Plaintiffs' phrase in two separate sections. In the interest of being succinct, both of those sections are addressed herein.

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

ideas.  However, this interpretation of the ideas expressed in Plaintiffs' work is far too limiting.  *Allen*, 2009 WL 2178676 at *9 (stating that the idea being expressed in the songs at issue was "one of relieving the stress from the significant other and getting them to relax" when discussing the copyrightability of the phrase "cater to you.").  Plaintiffs are not just conveying an idea that players play, haters hate, and actors engage in activity.  Rather, the idea being conveyed in Plaintiffs' phrase is that other people are going to do what they are going to do and to not be concerned with the criticism and negative opinions of those people.  There are countless ways to express this idea.  *See Landsberg v. Scrabble Crossword Game Players, Inc.*, 736 F.2d 485, 488 (9th Cir. 1984) ("Some ideas can be expressed in myriad ways, while others allow only a narrow range of expression.  Fictional works generally fall into the first category.  The basic idea of a fictional work might be that classic, boy meets girl. ***This idea can be expressed, as it has been through thousands of years of literature, with infinite variations in setting, sequence of incident, and characterization.*** An author wishing to write yet another work using the 'boy meets girl' idea can choose from a wide range of materials in composing his or her own expression of the idea."); *Bach v. Forever Living Prod. U.S., Inc.*, 473 F. Supp. 2d 1127, 1136 (W.D. Wash. 2007) ("The expression of the Jonathan Livingston Seagull character does not flow from the ideas underlying it. The themes and ideas Jonathan Livingston Seagull espouses are not, as Defendants argue, monopolized by the fact that his character is protected by copyright. ***Indeed, there are limitless metaphors for the ideas of achievement, perseverance, and enlightenment.*** The unique expression of those ideas through the story of Jonathan Livingston Seagull is protectable.").  Because there are several ways to express the idea in Plaintiffs' song, "a new work incorporating that idea need not be a verbatim copy or close paraphrase of an earlier work to infringe that work."  *Landsberg*, 736 F.2d at 488.

Despite the myriad of ways to express the idea of other people having their opinion and not being bothered by that, Defendants have chosen to copy Plaintiffs'

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

expression of that sentiment.  The similarities in the expression of the idea espoused becomes clear when the lyrics in the chorus of both songs are examined.

| ***Playas Gon' Play*** | ***Shake it Off*** |
|---|---|
| <u>Chorus</u>: | <u>Chorus</u>: |
| "Playas, they gonna play | "Cause the players gonna play, play, |
| And haters, they gonna hate | play, play, play |
| Ballers, they gonna ball | And the haters gonna hate, hate, hate, |
| Shot callers, they gonna call | hate, hate |
| That ain't got nothin' to do | Baby, I'm just gonna shake, shake, |
| With me and you | shake, shake, shake |
| That's the way it is | I shake it off, I shake it off |
| That's the way it is" | Heartbreakers gonna break, break, |
| <u>Introduction</u>: | break, break, break |
| "The playas gon' play | And the fakers gonna fake, fake, fake, |
| Them haters gonna hate" | fake, fake |
| | Baby, I'm just gonna shake, shake, |
| | shake, shake, shake |
| | I shake it off, I shake it off" |

(*See* Anderson Decl., Exs. 2, 4.)

Defendants' expression of the main idea has the same setting, sequence, and characterization as Plaintiffs.  Both songs convey the idea with four separate actors who have their own thing going on, include an affirmation not to be bothered by what those other people are doing, and are told from a female perspective.  Plaintiffs and Defendants' expressions of the four actors both discuss "playas" playing, haters hating, and two other actors engaging in the activity their description suggests.[6]

---

[6] These include: ballers balling, shot callers calling, heartbreakers breaking, and fakers faking.

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

Both songs include the same sequence of four separate actors and a positive statement not to worry about what those actors think.  Finally, both songs contain the same characterization of the main sentiment, a female describing what other people are doing and stating that they are not concerned with it.

Even if Plaintiffs' copyright in the phrase at issue was "thin," Defendants' work constitutes a "close paraphrasing" of Plaintiffs' work.  "Cause the players gonna play, play, play, play, play / And the haters gonna hate, hate, hate, hate, hate" is undoubtedly a close paraphrase of "Playas, they gonna play / And haters, they gonna hate."  Defendants' lyrics are an even closer paraphrase of Plaintiffs' introduction "The playas gon' play / Them haters gonna hate."  To be sure, the phrases use the same subjects ("playas" and haters) and predicates (gonna play and gonna hate).  The differences between the phrases that the Defendants pointed out do not change the fact that Defendants' phrase closely paraphrases Plaintiffs' work. *See Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 529 (S.D.N.Y. 2008) (finding that "A shape shifter that prefers to live in dark, confined spaces, taking the form of the thing most feared by the person it encounters; nobody knows what a boggart looks like in its natural state" was a close paraphrase of "Boggarts like dark, enclosed spaces," "It's a shape-shifter.... It can take the shape of whatever it thinks will frighten us most," and "Nobody knows what a boggart looks like when he is alone, but when I let him out, he will immediately become whatever each of us most fears.").  Therefore, the merger doctrine does not apply.

Regardless, in the Ninth Circuit, the doctrine of merger is an affirmative defense and is not properly decided through a motion to dismiss.  *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000) ("Although there is some disagreement among courts as to whether [the merger doctrine and scènes a fàire] figure into the issue of copyrightability or are more properly defenses to infringement, we hold that they are defenses to infringement.").  Indeed, "because the defendant usually bears the burden of pleading and proving an affirmative

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

1   defense, courts usually cannot grant motions to dismiss based on such defenses."

2   *Durham v. Prudential Ins. Co. of Am.*, 236 F. Supp. 3d 1140, 1151 (C.D. Cal. 2017).

3   The only exception to this rule exists where "an affirmative defense is obvious on

4   the face of a complaint."  *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th

5   Cir. 2013).

6          As discussed in detail above, not only is the merger doctrine inapplicable, it is

7   not apparent on the face of the Complaint.  The Complaint shows, at a minimum,

8   that Defendants "closely paraphrased" Plaintiffs' work.  The Complaint provides

9   Plaintiffs' phrase and Defendants' close paraphrase thereof.  This is enough to defeat

10  Defendants' merger argument at this stage of the proceedings.

11         **C.    Evidence Of Industry Custom And Practice Can Support A Claim**

12                 **For Copyright Infringement**

13         Defendants' final argument is that music industry custom and practice cannot

14  establish a claim for copyright infringement.  However, industry custom and practice

15  can be used to support various aspects of a copyright infringement claim.  *Oracle*

16  *USA, Inc. v. Rimini St., Inc.*, No. 2:10-CV-00106-LRH, 2015 WL 5176582, at *5 (D.

17  Nev. Sept. 3, 2015) ([T]estimony about industry standards, customs, and practice is

18  relevant to Oracle's claims for punitive damages and willful infringement.");

19  *Tempest Pub., Inc. v. Hacienda Records & Recording Studio, Inc*, No. CIV.A. H-12-

20  736, 2015 WL 1246644, at *6 (S.D. Tex. Mar. 18, 2015) (using music industry

21  custom and practice to determine whether there was copyright infringement, and

22  whether that infringement was willful.); *Architettura, Inc. v. DBSI Cumberland at*

23  *Granbury LP*, 652 F. Supp. 2d 775, 782 (N.D. Tex. 2009) ("where similarities

24  between two works are dictated by the requirements of the market and standard

25  industry practice, evidence of such industry practice is proper in the context of the

26  substantial similarity analysis."); *Microsoft Corp. v. Grey Computer*, 910 F. Supp.

27  1077, 1089 (D. Md. 1995) (evidence of industry custom and practice used to show

28  intent element of copyright infringement.); *Bruce v. Weekly World News, Inc.,* 310

- 15 -

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

F.3d 25, 29 (1st Cir. 2002) (industry custom and practice relevant to damages for copyright infringement.).

While industry custom and practice cannot replace the test for copyright infringement, it does support Plaintiffs' allegations that Defendants willfully ignored industry custom and practice in infringing Plaintiffs' work. Specifically, the allegations in paragraphs thirty-one through thirty-four of the Complaint go directly to Defendants' argument that *Shake it Off*'s repetition of the words "play" and "hate" and the end of Defendants' phrase defeats an infringement claim. (Complaint at ¶¶ 31-34.) Industry custom and practice dictates that even when words are repeated in an interpolation of copyrighted lyrics, a license is required. (*Id.*) Thus, in this case, Plaintiffs' allegations regarding industry custom and practice help prove their claim for copyright infringement.

## V.   LEGAL STANDARD ON MOTION TO STRIKE

Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Jacobsen v. Katzer*, 609 F. Supp. 2d 925, 935 (N.D. Cal. 2009), *dismissed*, 449 F. App'x 8 (Fed. Cir. 2010). Federal Rule of Civil Procedure 12(f) provides that a court "may order stricken from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded and "impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. *See Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) *citing Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

The grounds for a motion to strike must appear on the face of the pleading under attack, or from matters of which the court may take judicial notice. *See In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods.*

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

*Liab. Litig.*, 790 F. Supp. 2d 1152, 1170 (C.D. Cal. 2011).  Additionally, "the Court must view the pleading under attack in the light more favorable to the pleader when ruling upon a motion to strike."  *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 489 (C.D. Cal. 2014).

Federal courts generally disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.  *See Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209 (C.D. Cal. 2008).  This is "because striking is such a drastic remedy; as a result, such motions are infrequently granted."  *Amini Innovation Corp.*, 301 F.R.D. at 490.

Therefore, a motion to strike should not be granted unless the court is convinced that there are no questions of fact; that any questions of law are clear and not in dispute; and that under no set of circumstances could the claim succeed.  *See Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1064-65 (C.D. Cal. 2009).

## VI.   ARGUMENT

Defendants' Motion to Strike lacks merit and should be denied because evidence of industry practice is both relevant and considered by courts in the determination of a party's liability for copyright infringement.

Notably, evidence of industry practice and custom has been used to substantiate a copyright holder's claim that the alleged infringer's use of the work at issue was willful or reckless and therefore subject to statutory damages pursuant to 17 U.S.C. § 504(c).  *See Oracle USA*, 2015 WL 5176582, at *6 (finding that "testimony and opinion on industry standards, custom, and practice is relevant to defendants' willfulness in infringing [the plaintiff's] copyrights"); *Tempest Pub., Inc*, 2015 WL 1246644, at *7 ("The court finds that Hacienda acted in reckless disregard of Musica Adelena's copyright and that, given Hacienda's experience in the music-recording industry and its knowledge that Musica Adelena owned the copyright for the song, its infringement was not innocent.").  Accordingly, Plaintiffs'

- 17 -

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

contention that Defendants should have known, based on common industry practice, that lyrics from *Playas Gon' Play* could not be used in Defendants' work without a license and/or songwriter credit was properly pled.

Furthermore, although Defendants correctly assert that evidence of prior licensing practices does not necessarily prove that a license was required in this instance, their assertion does not alleviate the argument that such evidence is not only relevant, but material and pertinent to Plaintiffs' copyright infringement claim. *See Microsoft Corp. v. Grey Computer,* 910 F. Supp. 1077, 1089 (D. Md. 1995) (Evidence that the defendants were "familiar with licensing and distribution practices among the industry," and "knew that [the plaintiff] had specific guidelines regarding licensing and distribution for its software products" was "enough to defeat Defendants' claim that they were innocent infringers.*"*). Here, Defendants have significant experience in the music industry and are undoubtedly aware of the industry practice to obtain a copyright holder's permission before exploiting and using the holder's work in a song of their own. The allegations in the Complaint are accordingly probative as to the Court's analysis as to Plaintiffs' damages. Based on the foregoing, Defendants' motion to strike Plaintiffs' allegations regarding industry custom and practice should be denied in its entirety.

## VII.   LEAVE TO AMEND

As discussed above, Plaintiffs' Complaint provides a statement of the claim that sufficiently provides Defendants with fair notice of Plaintiffs' claim for copyright infringement and the grounds upon which it rests. However, if for any reason this Court detects any pleading deficiencies in Plaintiffs' Complaint, Plaintiffs should be granted further leave to amend.

"Leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'" *Breier v. Northern California Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963). Such leave is freely and liberally granted as a matter of judicial policy. *See Fed. R. Civ. P.* 15(a)(2); *Moss v.*

- 18 -

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

1  *U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a
2  party leave to amend whenever 'justice so requires,' and requests for leave should be
3  granted with 'extreme liberality.'").  The Ninth Circuit has repeatedly held that
4  liberal leave to amend a pleading should be granted by a district court even if no
5  request to amend the pleading was made.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th
6  Cir. 2000) (en banc).  Furthermore, dismissal of a complaint without leave to amend
7  "is improper unless it is clear … that the complaint could not be saved by any
8  amendment."  *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053,
9  1061 (9th Cir. 2004); *see also Center for Biological Diversity v. Veneman*, 394 F.3d
10  1108, 1114 (9th Cir. 2005) (remanding the case with instructions to permit plaintiff
11  to amend its complaint since "[i]n sum, it is not clear **beyond doubt** that amendment
12  of the complaint would be futile").

13         In fact, judicial authority and policy weighs so heavily in favor of freely and
14  liberally granting leave to amend that inferences should be drawn by the court from
15  a plaintiff's pleading in favor of granting leave to amend a pleading.  *Griggs v. Pace*
16  *Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (determining that even though
17  plaintiff's previous amended complaints might have been filed in bad faith, since
18  there was no evidence in the record that his subsequent amended complaint would
19  have been filed in bad faith, even if the district court's decision was based on a
20  finding that plaintiff's previous filings were made in bad faith, amendment still
21  should have been permitted).  Therefore, there can be no debate that "[t]he standard
22  for granting leave to amend is generous."  *Balistreri v. Pacifica Police Dep't*, 901
23  F.2d 696, 701 (9th Cir. 1990) (finding that since the court could "conceive of facts"
24  that would render an equal protection cause of action viable, even though the
25  plaintiff only pled an *inference* of an equal protection cause of action and not a
26  sufficient cause of action, it would nonetheless be an abuse of discretion to deny
27  leave to amend because a court could still "discern from the record no reason why
28  leave to amend should be denied.").

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE

**VIII.  CONCLUSION**

      For the forgoing reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss and Motion to Strike.  If the Court determines that there is any merit to Defendants' Motion, then Plaintiffs respectfully request leave to amend the Complaint.

DATED: January 19, 2018        BY:   GERARD FOX LAW P.C.


                    /s/ Lauren M. Greene
                      Gerard P. Fox
                      Lauren M. Greene
                      Banu S. Naraghi
                      *Attorneys for Plaintiffs*
                      SEAN HALL D.B.A. GIMME SOME HOT SAUCE MUSIC and NATHAN BUTLER D.B.A. FAITH FORCE MUSIC

OPPOSITION TO MOTION TO DISMISS AND MOTION TO STRIKE