UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6882-MWF (ASx)   **Date:** March 2, 2018
**Title:** Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

    Deputy Clerk:                               Court Reporter:
    Rita Sanchez                                  Not Reported

    Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
    None Present                                  None Present

**Proceedings (In Chambers):**        ORDER DISMISSING CASE WITH PREJUDICE

      On September 18, 2017, Plaintiffs Sean Hall d.b.a. Gimme Some Hot Sauce Music and Nathan Butler d.b.a. Faith Force Music filed a Complaint against Defendants Taylor Swift, Karl Martin Sandberg, Karl Johan Schuster, Sony/ATV Music Publishing, LLC, Kobalt Music Publishing America Inc., Big Machine Label Group, LLC, and Universal Music Group, Inc., alleging that brief phrases from the lyrics of Defendants' song *Shake it Off* infringed upon the copyright-protected lyrics of Plaintiffs' song *Playas Gon' Play*. (Docket No. 1).

      In an Order dated February 13, 2018 (the "Dismissal Order"), the Court granted Defendants' Motion to Dismiss on the ground that Plaintiffs' allegedly infringed lyrics were not subject to protection under the Copyright Act. (Docket No. 30). The Court instructed Plaintiffs to file a First Amended Complaint by February 26, 2018. (*Id.*) The Court also indicated it might make more sense to enter judgment so the Dismissal Order could be appealed promptly. (*Id.*).

      On February 26, 2018, Plaintiffs filed a Notice of Intent not to File an Amended Complaint, requesting dismissal without prejudice and entry of judgment, which would allow an immediate appeal. (Docket No. 31). Defendants filed a Response objecting to dismissal without prejudice. (Docket No. 32).

      Immediate judgment and a resulting appeal are appropriate here. Any granting of a motion to dismiss is, in a sense, a ruling on a question of law. But the Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-6882-MWF (ASx) | Date:  March 2, 2018 |
| Title:     Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al. | |

ruling on originality (*i.e.*, the reach of the Copyright Act) is particularly a legal ruling for the district court or the court of appeals and not a jury.  *See, e.g., Harney v. Sony Pictures Television, Inc.*, 704 F.3d 173, 182 (1st Cir. 2013) ("[W]e [the court] must look closely to identify the expressive choices in the plaintiffs work that qualify as original.  After performing that dissection, we [the court] must consider whether any reasonable jury focusing solely on those original elements could find that the defendant's work is substantially similar to the plaintiff's."); 1 *Nimmer on Copyright* § 2A.08[E][3][c] (2017) (noting that in *Harney* the First Circuit "correctly engaged in the process of dissecting plaintiff's work to separate out the original expressive elements from its unprotected parts, noting that this operation was to be performed by the court as a matter of law"); *see also Zella v. E.W. Scripps Co.*, 529 F. Supp. 2d 1124, 1131 (C.D. Cal. 2007) ("If the court determines that no reasonable jury could find that the works are substantially similar, or if it concludes that the similarities pertain only to unprotected elements of the work, it is appropriate for the court to dismiss the action because, as a matter of law, there is no copyright infringement.") (quoting *Bell v. Blaze Magazine*, No. 99 Civ. 12342(RCC), 2001 WL 262718, at *3 (S.D.N.Y. March 16, 2001)).

Plaintiffs further request that the Court dismiss the action without prejudice.  In other words, Plaintiffs want to have their judgment treated as a voluntary dismissal.  Fed. R. Civ. P. 41(a)(1)(A).  A voluntary dismissal, however, would not be appealable, and Defendants correctly point out how unfair such a dismissal would be.  (Response at 1).  A dismissal under Rule 12(b)(6) is a dismissal on the merits and with prejudice, as established by the authorities upon which Defendants rely.  (*Id.*)

Accordingly, the Motion to Dismiss is now **GRANTED** *without leave to amend* and this action is **DISMISSED** *with prejudice*.

LET JUDGMENT BE ENTERED ACCORDINGLY.