Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040

Attorney for Defendants
TAYLOR SWIFT, KARL MARTIN SANDBERG,
KARL JOHAN SCHUSTER, SONY/ATV MUSIC
PUBLISHING LLC, KOBALT MUSIC
PUBLISHING AMERICA INC.,
BIG MACHINE LABEL GROUP, LLC and
UNIVERSAL MUSIC GROUP, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SEAN HALL d.b.a. GIMME SOME HOT SAUCE MUSIC, an individual, and NATHAN BUTLER d.b.a. FAITH FORCE MUSIC, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR SWIFT, an individual, KARL MARTIN SANDBERG, an individual, KARL JOHAN SCHUSTER, an individual, SONY/ATV MUSIC PUBLISHING, LLC a limited liability company, KOBALT MUSIC PUBLISHING AMERICA INC. a Delaware Corporation, BIG MACHINE LABEL GROUP, LLC, a limited liability company, UNIVERSAL MUSIC GROUP, INC., a California Corporation, and DOES 1-5,<br><br>Defendants. | Case No. 2:17−cv−06882 MWF (ASx)<br><br>DECLARATION OF PETER J. ANDERSON IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEY'S FEES<br><br>Date: April 16, 2018<br>Time: 10:00 a.m.<br><br>Courtroom of the Honorable<br>Michael W. Fitzgerald<br>United States District Judge |

## DECLARATION OF PETER J. ANDERSON

I, Peter J. Anderson, declare and state:

**1. PRELIMINARY STATEMENT**

1. I am an attorney admitted to practice before this Court and all Courts of the State of California. I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2. I represent defendants Taylor Swift, Karl Martin Sandberg, Karl Johan Schuster, Sony/ATV Music Publishing LLC, Kobalt Music Publishing America Inc., Big Machine Label Group, LLC and Universal Music Group, Inc., in this action. This Declaration is submitted in support of the accompanying Motion for the award of attorneys' fees pursuant to Section 505 of the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*

**2. PLAINTIFFS WERE FOREWARNED THAT THEIR COPYRIGHT INFRINGEMENT CLAIM IS DEFECTIVE**

3. I was retained shortly after plaintiffs sent demand letters and a proposed-but-unfiled Complaint to some of the defendants on or about July 6, 2017. Later in July 2017 and in August 2017, I spoke by telephone with plaintiffs' counsel, Ms. Lauren Greene, and told her that I did not believe the threatened claim is viable and, specifically, that the claim is contrary to the established principle that copyright does not protect short phrases.

4. In a telephone call on September 6, 2017, Ms. Greene told me that her clients demanded $30,000,000 in settlement and that they insisted upon a response from defendants in the next few days or they would file their Complaint. I again raised that the claim is precluded by established law, and I referred by name to the Court of Appeals' decision in *Narell v. Freeman*, 872 F.2d 907 (9th Cir. 1989).

5. In a follow-up telephone call with Ms. Greene on September 12, 2017, I reiterated that plaintiffs' claim is not viable and I mentioned the even longer phrases that the Court of Appeals in *Narell* ruled are not protected as a matter of law. Ms.

1

1  Greene told me that her clients stuck by their $30,000,000 demand and were not
2  willing to delay filing their Complaint.

3      6.    Plaintiffs filed their Complaint on September 17, 2017.

4      7.    Defendants each waived service and their response to plaintiffs'
5  Complaint was due January 3, 2018.

6      8.    On December 13, 2017, I conducted by telephone with Ms. Greene, the
7  pre-filing conference required by this Court's Local Rule 7-3. I told Ms. Greene that
8  I intended to file a motion to dismiss plaintiffs' copyright infringement claim for
9  failure to state a claim and I relayed the grounds for the motion, including the
10 principle that copyright does not protect short phrases such as the one plaintiffs
11 allege was copied. Ms. Greene declined to withdraw plaintiffs' claim.

12     9.    On December 20, 2017, I wrote Ms. Greene and plaintiffs' other
13 counsel and, among other things, I reiterated in that letter that plaintiffs' claim is
14 contrary to established copyright principles and I specifically cited plaintiffs'
15 counsel to, among other cases, *Narell* and *CMM Cable Rep, Inc. v. Ocean Coast*
16 *Props.,* 97 F.3d 1504, 1519 (1st Cir. 1996), in which the Court of Appeals stated that
17 "[i]t is axiomatic that copyright law denies protection to 'fragmentary words and
18 phrases.'" Plaintiffs' counsel again did not agree to withdraw plaintiffs' claim.

19     10.    Accordingly, on January 3, 2018, I filed defendants' motion to dismiss
20 plaintiffs' claim. The motion was granted by the Court and Judgment has now been
21 entered in defendants' favor.

**3.   MY QUALIFICATIONS AND THE HOURLY RATES CHARGED BY MY FIRM AND IN THE COMMUNITY**

24     11.    I graduated from the UCLA School of Law in 1979, where I was a
25 member of the UCLA Law Review. In 1979, I was admitted to practice in the State
26 of California and before this District Court. I am also admitted to practice before the
27 United States Supreme Court, the Ninth Circuit Court of Appeals and the United
28 ///

1  States District Court for the Southern District of California. I have been in good
2  standing with the California State Bar and these United States Courts at all times.

3     12. I have practiced entertainment and copyright litigation since April
4  1980, when I served as second chair for the plaintiffs in the jury trial of a copyright
5  infringement and implied contract case that resulted in a jury verdict for the
6  plaintiffs and against Paramount Pictures, American Broadcasting Cos. and others.
7  Among other matters, I was counsel principally in charge of the prevailing party's
8  case in the following cases, in which I handled all aspects of pleading, discovery,
9  law and motion and appellate briefing, and personally argued each of them before
10 the respective Courts, including the Ninth Circuit Court of Appeals and the U.S.
11 Supreme Court:

- *Stewart v. Abend*, 495 U.S. 207 (1990) and *Abend v. MCA, Inc.*, 863 F.2d 1465 (9th Cir. 1989), *aff'd sub nom Stewart v. Abend*, a copyright infringement action regarding the movie *Rear Window*;
- *Seltzer v. Green Day*, 725 F.3d 1170 (9th Cir. 2013), a copyright infringement and Lanham Act action in which I represented the band Green Day and Warner Bros. Records and obtained summary judgment, which was affirmed on appeal;
- *Biller v. Peter Rodgers Org.*, 281 Fed. Appx. 659 (9th Cir. 2008), a copyright infringement action in which I represented the owner of the movie *Richard Pryor Live in Concert* and prevailed at trial and on appeal;
- *Daisley v. Blizzard Music Ltd. (US)*, No. 217CV01500CASAS, 2017 WL 1628399 (C.D. Cal. May 1, 2017), a breach of songwriter contract and fraud action against Ozzy Osbourne and his music publisher, in which I obtained the dismissal of the plaintiff's action;
- *Barnes v. Sony Music Entm't Inc.*, No. CV1400965DDPJCGX, 2016 WL 1367701 (C.D. Cal. Apr. 6, 2016), an action for tortious

3

interference brought by a publicist, in which I obtained summary judgment in defendants' favor;

- *Unichappell Music, Inc. v. Modrock Prods., LLC*, No. CV1402382DDPPLAX, 2016 WL 1065707 (C.D. Cal. Mar. 16, 2016), a copyright infringement action in which I represented the plaintiff and a third party defendant, regarding musical compositions used in the defendant's stage play, and in which I obtained summary judgment on the defendant's counterclaims and third party claims, and partial summary judgment on defenses asserted by the defendant, resulting in a stipulated judgment against the defendant and in favor of Unichappell Music, Inc., on its infringement claim;

- *King v. Najm*, CV 08-04164 DSF (VBKx) (C.D. Cal.), a copyright infringement action in which I represented the hip hop artist and producer T-Pain and his record company and obtained summary judgment in their favor;

- *Stewart v. First California Bank*, No. B236286, 2013 WL 2352519 (Cal. Ct. App. May 30, 2013), a breach of contract and fraud action brought by recording artist Sly Stone, in which I represented Sony Music Entertainment and successfully demurred and obtained a judgment of dismissal, affirmed on appeal;

- *Jones v. Moore*, No. CV 07-7816 PA (JTLX), 2008 WL 11343072 (C.D. Cal. July 21, 2008), a copyright infringement action against the recording artist Pink, her company and Zomba Label Group, in which I obtained dismissal in their favor;

- *Lite Breeze, Inc. v. Spears*, 04CV0326 (S.D. Cal.), a trademark case in which I represented Britney Spears, her record company and others, and obtained summary judgment in defendants' favor;

///

- *Brod v. Collins*, 32 Fed. Appx. 231 (9th Cir. 2002), a copyright infringement action in which I represented a book author and obtained summary judgment in his favor; and

- *Woods v. Universal City Studios, Inc.*, 920 F. Supp. 62 (S.D.N.Y. 1996), a copyright infringement action in which I obtained a preliminary injunction against the theatrical motion picture *12 Monkeys*.

13. I also was the attorney principally in charge of the defense of the *Stairway to Heaven* case, *Skidmore v. Led Zeppelin*, 2:15-cv-03462 RGK (AGRx) (C.D. Cal.), including the successful transfer of that action to the Central District of California from the Eastern District of Pennsylvania, *Skidmore v. Led Zeppelin*, 106 F. Supp. 3d 581 (E.D. Pa. 2015), and I was lead trial counsel in the successful defense of that case in a jury trial in 2016 and am lead counsel for defendants in the pending appeal from the judgment in that action.

14. In addition, I was the attorney principally in charge of the prevailing parties' case in *Lutz v. DeLaurentiis*, 211 Cal. App. 4th 1317, 260 Cal. Rptr. 106 (1989), which was an unfair competition case relating to movie titles; I was a consulting attorney on behalf of the defendants in *Keane v. Fox Television Stations, Inc.*, 297 F. Supp. 2d 921 (S.D. Tex. 2004), *aff'd* 129 Fed. Appx. 874 (5th Cir. 2005), *cert. denied* 546 U.S. 938 (2005), which resulted in the dismissal of an action alleging that my clients' show, *American Idol*, infringed the plaintiff's claimed copyright and trademark, and also resulted in the award to my clients of 100% of the attorney's fees paid to my firm for my services in that case; and, in the District Court, I was counsel for Warner Bros. Records Inc. and Warner Music Group Corp. in *VMG Salsoul v. Ciccione et al.*, CV 12–05967 BRO (CWx) (C.D. Cal.), *affd in part, vacated in part*, No. 13-57104, 2016 WL 3090780 (9th Cir. June 2, 2016).

15. Since 1996 Martindale-Hubbell has designated me as an "AV"-rated attorney and beginning in 2006 and for each of the years since then I have been

5

1  designated a Southern California "Super Lawyer" by *Law & Politics* and *Los Angeles* magazines. I also have been named by the Daily Journal one of the top IP lawyers in California.

16. I have been a speaker or panelist at various presentations, including the Los Angeles Copyright Society, the MLRC/Southwestern Entertainment and Media Law Conference and the 8th Annual IP Trademark, Copyright & Licensing Forum

17. My legal services are generally charged at the rate of $575 per hour, but in this matter my legal services have been billed at the rate of $475 per hour. My firm bills its clients, including in this matter, in minimum units of 6 minutes, or one-tenth of an hour.

18. I am familiar with the prevailing hourly rates in Los Angeles County in the copyright and entertainment law fields, for lawyers with experience comparable to mine. Those hourly rates run from $500 per hour to well over $800 an hour. I believe that $475 per hour is below the prevailing hourly rate in this County for lawyers with comparable experience and in this area of practice.

19. Also, an hourly rate of $475 for my services in this action is well below the hourly rates indicated by the *Laffey* Matrix and USAO Attorney's Fees Matrix, even without adjustment for this community's higher costs and the specialty of copyright litigation. Attached to this Declaration as Exhibits 1 and 2, respectively, are true and correct copies of the *Laffey* Matrix for 2014-15 and the USAO Attorney's Fees Matrix for 2015-18, issued by the Civil Division of the United States Attorney's Office for the District of Columbia and which I downloaded from that Office's Internet website, https://www.justice.gov/usao-dc/civil-division. These matrices indicate that in the federal District of Columbia, in 2014-15 a reasonable hourly rate for attorneys with over twenty years' experience was $520 per hour and that in 2017-18 a reasonable hourly rate for attorneys with over thirty years' experience is $602 per hour.

///

6

20. I am also familiar with the practices of other firms in this County as to minimum billing units, which are generally 10 or 12 minutes or even 15 minutes. Billing in 6 minute minimums, as my firm does, is the lowest minimum billing unit I have seen from any firm.

## 4. DEFENDANTS' ATTORNEY'S FEES

### (a) The Contemporaneous Invoices Rendered By My Firm

21. Pursuant to defendants' instructions, invoices for the attorneys' fees and costs in this matter are issued by firm to the three individual defendants. Throughout my involvement in this matter, my firm has issued to those defendants monthly invoices for legal fees and costs. Attached to this Declaration collectively as Exhibit 3 are true and correct copies of the invoices that my firm issued to one of those defendants for one-third of the legal services rendered in this matter from July 2017 through February 28, 2018, from which the defendant's name and confidential or privileged information has been redacted. The inadvertent disclosure of any confidential or privileged information should not be considered a waiver of any applicable privileges.

22. In each of those invoices, the total attorney's fees and costs incurred by the three defendants are reflected and then divided into thirds. In reviewing the invoices, I found that the invoice for services in February 2018 includes an entry of 0.10 of an hour, or six minutes, on February 19, 2018, and that entry is in error. Accordingly, that $47.50 is excluded from the attorney's fees sought. In summary, the attorney's fees incurred by defendants for services in each of the following months covered by those invoices total $65,008.50, as follows:

    July and August 2017……………………………………. $3,705.00
    September 2017…………………………………………. $10,117.50
    October 2017……………………………………………... $1,425.00
    November 2017…………………………………………... $950.00
    December 2017…………………………………………. $18,838.50

    January 2018………………………………………. $23,750.50

    February 2018………………………………………. $6,222.50

  23. Each of the invoices issued by my firm in this matter sets forth daily descriptions of the legal services rendered and the time spent on those services. Each entry on the invoices was prepared in the normal course of my firm's business, using commercial time-keeping software. That software is accessible on my desktop and laptop and includes a timer. Each daily entry appearing on the invoices was made by me using that software and was recorded contemporaneously with my rendering of the services described in the entry. My firm's invoices for services from July 2017 through February 28, 2018, and excluding the six minute charge identified above, reflect my expenditure of a total of 136.86 hours in this action, for which my firm has charged a total of $65,008.50 in attorney's fees.

  24. Because the month of March 2018 is not yet complete, my firm has not rendered invoices for services in this matter for this month. Attached to this Declaration as Exhibit 4 is a true and correct copy of a printout, using the same commercial time-keeping software described in the preceding paragraph, of the entries in this matter for March 2018. That printout reflects my expenditure of an additional 15.30 hours from March 1, 2018 to date in this action, for which my firm will charge $7,267.50 in attorney's fees, also at the rate of $475 per hour. Those attorney's fees together with the $65,008.50 in attorney's fees incurred in this matter prior to March 2018, total $72,276, and reflect my expenditure of a total of 152.16 hours in this matter through the filing of the Motion for Attorney's Fees.

  25. Although at least one of the three defendants bearing the attorneys' fees in defending plaintiffs' claim has tendered the claim to an insurer, I understand that the deductible is greater than the attorney's fees and costs incurred the defendant has incurred in defending this action. As a result, all of my firm's invoices in this matter were rendered to, and payments have been made by, the three individual defendants, rather than an insurance company.

**(b) Summary of the Services Rendered in Defense of Plaintiffs' Claim**

26. The legal services I rendered for defendants and which are reflected in Exhibits 3 and 4 attached to this Declaration, include, among other things:

(a) Receipt and review of plaintiffs' cease and desist correspondence and unfiled Complaint, and discussions with defendants or their respective representatives and with plaintiffs' counsel regarding plaintiffs' claim;

(b) Receipt and review of plaintiffs' filed Complaint, communications with defendants or their respective representatives and Local Rule 7-3 pre-filing conference with plaintiffs' counsel;

(c) Preparation of drafts of defendants' Notice of Motion to Dismiss and Strike and supporting Memorandum of Points and Authorities, Declaration, Request for Judicial Notice, Notice of Lodging and proposed Order, and circulating for comment, reviewing, revising and finalizing defendants' Notice of Motion and supporting papers;

(d) Communications with plaintiffs' counsel regarding plaintiffs' request that I stipulate to an order continuing the hearing on defendants' Motion, which I agreed to do, and review and revision of plaintiffs' proposed Stipulation to Order continuing hearing;

(e) Receipt and review of plaintiffs' Memorandum of Points and Authorities in opposition to defendants' Motion and plaintiffs' Notice of Non-Opposition to Request for Judicial Notice, and research regarding cases cited by plaintiffs;

(f) Preparation of the draft Reply Memorandum of Points and Authorities in support of defendants' Motion, and circulating for comment, reviewing, revising and finalizing defendants' Reply Memorandum of Points and Authorities;

(g) Attendance at hearing on defendants' Motion;

9

  (h) Receipt of the Court's Order on defendants' Motion and receipt of plaintiffs' Notice of Non-Intention to file Amended Complaint and request for entry of judgment without prejudice;

  (i) Preparation of the draft of defendants' Response to plaintiffs' Notice and request for entry of judgment with prejudice, and circulating for comment, reviewing, revising and finalizing defendants' Response;

  (j) Receipt and review of the Court's Order regarding entry of Judgment and Judgment;

  (k) Communications with defendants or their respective representatives and Local Rule 7-3 pre-filing conference with plaintiffs' counsel regarding the intention to file a motion for attorney's fees;

  (l) Preparation of drafts of the Notice of Motion for Attorney's Fees and supporting Memorandum of Points and Authorities and this Declaration, and circulating for comment, reviewing, revising and finalizing defendants' Notice of Motion and supporting papers; and

  (m) Correspondence to plaintiffs' counsel throughout the case, including raising defects in plaintiffs' claim of copyright infringement.

27. I believe that $72,276 is a reasonable fee for the services I rendered to defendants from plaintiffs' July 2017 demand letter through plaintiffs' filing of this action, the Court's entry of Judgment in favor of defendants and the filing of the Motion for Attorney's Fees.

  **(c)** **Summary of the Requested Attorney's Fees**

28. Defendants respectfully request that the Court award defendants attorney's fees of $72,276 incurred to my firm to date in this matter. Of that sum, $6,270 was incurred in connection with my March 5, 2018 Local Rule 7-3 pre-filing conference with Ms. Greene and the preparation of the Motion for Attorney's Fees and supporting Memorandum and Declaration, for which I expended 13.20 hours.

29. Defendants also respectfully request that the Court award attorney's fees in connection with the review of plaintiffs' opposition papers and the preparation of defendants' Reply papers, in the estimated amount of $3,325, and attorney's fees in connection with my attendance at the hearing on the Motion, in the estimated amount of $1,200.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 16, 2018, in Los Angeles County, California.

      /s/ Peter J. Anderson
      PETER J. ANDERSON