1  GERARD FOX LAW P.C.
   Gerard P. Fox (SBN 151649)
2  gfox@gerardfoxlaw.com
   Lauren M. Greene (SBN 271397)
3  lgreene@gerardfoxlaw.com
   Banu S. Naraghi (SBN 312754)
4  bnaraghi@gerardfoxlaw.com
   1880 Century Park East, Suite 1410
5  Los Angeles, CA 90067
   Telephone: (310) 441-0500
6  Facsimile: (310) 441-4447

7

8  *Attorneys for Plaintiffs*
   SEAN HALL D.B.A. GIMME SOME HOT
9  SAUCE MUSIC AND NATHAN BUTLER
   D.B.A. FAITH FORCE MUSIC

10

11           **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14  SEAN HALL d.b.a. GIMME SOME | Case No.  2:17-cv-06882 MWF (ASx) |
| 15  HOT SAUCE MUSIC, an individual, | |
|     and NATHAN BUTLER d.b.a. FAITH | |
| 16  FORCE MUSIC, an individual, | |
| 17              Plaintiffs, | **PLAINTIFFS' OPPOSITION TO** |
|     | **DEFENDANTS' MOTION FOR** |
| 18  v. | **ATTORNEY'S FEES** |
| 19  | |
|     TAYLOR SWIFT, an individual, KARL | |
| 20  MARTIN SANDBERG, an individual, | Date:    April 16, 2018 |
| 21  KARL JOHAN SCHUSTER, an | Time:    10:00 a.m. |
|     individual, SONY/ATV MUSIC | Place:   Courtroom 4311 |
| 22  PUBLISHING, LLC a limited liability | |
| 23  company, KOBALT MUSIC | |
|     PUBLISHING AMERICA INC. a | |
| 24  Delaware Corporation, BIG MACHINE | |
| 25  LABEL GROUP, LLC, a limited | |
|     liability company, UNIVERSAL | |
| 26  MUSIC GROUP, INC., a California | |
| 27  Corporation, and DOES 1-5, | |
| 28              Defendants. | |

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

# TABLE OF CONTENTS

I.         INTRODUCTION ...................................................................1

II.       STATEMENT OF FACTS ......................................................1

III.      LEGAL STANDARD ...........................................................1

IV.     ARGUMENT ........................................................................2

     A.    Defendants Are Not Entitled To An Award Of Attorney's Fees..........2

         1.   Plaintiffs' Settlement Offer Is An Inappropriate Measure Of Defendants' Success. ...................................................................3

         2.   Plaintiffs' Claim Was Objectively Reasonable. .................................4

         3.   Plaintiffs' Claim Was Not Frivolous. .................................................5

         4.   Plaintiffs' Sole Motivation In Bringing Their Claim Was To Protect Their Creative Expression. .................................................5

         5.   The Consideration Of Compensation Does Not Weigh In Defendants' Favor. ...................................................................7

         6.   Deterrence Is Not An Appropriate Basis To Award Defendants' Attorney's Fees. ...................................................................7

         7.   The Purpose Of The Copyright Act Is Not To Deter Creatives From Bringing Colorable Claims To Protect Their Work. .........................8

     B.    Defendants' Claimed Attorney's Fees Are Unreasonable. ...................9

V.       CONCLUSION ...................................................................11

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

1

## <u>TABLE OF AUTHORITIES</u>

2

**Cases**

3

*2002 Irrevocable Trust for Richard C. Hvizdak v. Shenzhen Dev. Bank, Co., Ltd.*,

4

    No. 2:08-cv-556-FtM-36DNF, 2011 WL 4112776

5

    (M.D. Fla. Sept. 15, 2011)....................................................................................11

6

*A.D. v. Cal. Highway Patrol*,

7

    712 F.3d 446, 461 (9th Cir. 2013).........................................................................3

8

*Bridgeport Music, Inc. v. Rhyme Syndicate Music*,

9

    376 F.3d 615 (6th Cir. 2004) ................................................................................8

10

*Creations Unlimited, Inc. v. McCain*,

11

    889 F. Supp. 952 (S.D. Miss. 1995)......................................................................6

12

*Design Data Corp. v. Unigate Enterprises, Inc.*,

13

    No. 12-cv-04131-WHO, 2014 WL 5513541 (N.D. Cal. Oct. 31, 2014) ..............2

14

*Express LLC v. Forever 21*,

15

    No. CV 09-04514 ODW (VBKx), 2010 WL 11512410

16

    (C.D. Cal. Nov. 15, 2010) .....................................................................................6

17

*Fetz v. E & L Truck Rental Co.*,

18

    670 F. Supp. 261, n. 4 (S.D. Ind. 1987) ............................................................3, 6

19

*Fischer v. Forrest*,

20

    Nos. 14 Civ 1304 (PAE), 14 Civ 1307 (PAE), 2015 WL 195822 (S.D.N.Y. Jan.

21

    13, 2015)................................................................................................................4

22

*Fogerty v. Fantasy, Inc.*,

23

    510 U.S 517 (1994) ..............................................................................................8

24

*Hensley v. Eckerhart*,

25

    461 U.S. 424, n. 9 (1983) ...................................................................................10

26

*Kebodeaux v. Schwegmann Giant Super Markets, Inc.*,

27

    No. 92-2086, 1994 WL 507421 (E.D. La. Sept. 14, 1994)....................................8

28

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

*Kirtsaeng v. John Wiley & Sons, Inc.*,

   136 S. Ct. 1979 (2016) ......................................................................2, 4

*Kresge v. Jackson*,

   No. 04 C 4073, 2004 WL 2657935 (N.D. Ill. Oct. 15, 2004) ............3, 6

*Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*,

   345 F.3d 1140 (9th Cir. 2003)............................................................4

*Lohman v. Duryea Borough*,

   574 F.3d 163 (3d Cir. 2009)............................................................3, 6

*Love v. Associated Newspapers,*

   *Ltd.*, 611 F.3d 601 (9th Cir. 2010) ......................................................2

*McIntyre v. U.S. Airways*,

   No. CV 09-05256 MMM (FMOx), 2009 WL 10672577, (C.D. Cal. Nov. 12, 2009)........................................................................................3, 6

*Nationwide Payment Solutions, LLC v. Plunkett*,

   831 F. Supp. 2d 337 (D. Me. 2011) ..................................................10

*Perdue v. Kenny A. ex rel. Winn*,

   559 U.S. 542 (2010) ........................................................................10

*Perlan Therapeutics, Inc. v. Nexbio, Inc.*,

   No. 05cv1855 BEN (BLM), 2007 WL 935619 (S.D. Cal. Mar. 19, 2007) ..........6

*Pizzo v. Gambee*,

   796 F. Supp. 2d 270 (D. Mass. 2011) ..............................................10

*Satava v. Lowry*,

   323 F.3d 805 (9th Cir. 2003)..........................................................4, 5

*Society of Holy Transfiguration Monastery, Inc. v. Gregory*,

   689 F. 3d 29 (1st Cir. 2012) ..........................................................4, 5

*Stern v. Does*,

   978 F. Supp. 2d 1031 (C.D. Cal. 2011) .............................................4

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

1

*Syrus v. Bennet*,

    455 Fed. Appx. 806 (10th Cir. 2011) ......................................................................4

*Wild v. NBC Universal*,

    No. CV 10-3615 GAF (AJWx), 2011 WL 12877031

    (C.D. Cal. July 18, 2011) ......................................................................................6

*ZilYen, Inc. v. Rubber Mfrs. Ass'n*,

    958 F. Supp. 2d 215 (D.D.C. 2013) ..........................................................2, 7, 8

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants Taylor Swift, Karl Martin Sandberg, Karl Johan Schuster, Sony/ATV Music Publishing, LLC, Kobalt Music Publishing America Inc., Big Machine Label Group, LLC, and Universal Music Group, Inc.'s ("Defendants") Motion for Attorney's Fees ("Motion") is a baseless motion that seeks to punish Plaintiffs Sean Hall d.b.a. Gimme Some Hot Sauce Music and Nathan Butler d.b.a. Faith Force Music ("Plaintiffs") for seeking protection of their creative expression.[1] The Motion revolves around Defendants' mischaracterization of the facts of this case – Defendants claim that Plaintiffs brought a frivolous, unreasonable claim which subverts the purposes of the Copyright Act.  In reality, Plaintiffs' claim was well supported by law, as recognized by this Court, and fell squarely within the ambit of the purposes of the Copyright Act.  As such, Defendants' Motion must be denied.

## II.   STATEMENT OF FACTS

Plaintiffs brought a copyright infringement suit seeking protection of the lyrics "Playas, they gonna play / And haters, they gonna hate" from their musical composition *Playas Gon' Play*.  Defendants moved to dismiss Plaintiffs' claim, alleging the lyrics are not copyrightable because they are (1) a short phrase and (2) a combination of two unprotectable elements.  Although the Court ultimately dismissed Plaintiffs' claim, it recognized that both short phrases and combinations of unprotectable elements can be eligible for copyright protection.  (Order Granting Motion to Dismiss ("Order") at pp. 12-13.)

## III.   LEGAL STANDARD

"The fact that a party succeeds on the merits of a copyright infringement

---

[1] All internal alterations, quotation marks, footnotes and citations herein are omitted and all emphasis is added unless otherwise noted.

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

action does not necessarily mean that the party is entitled to attorney's fees." *Design Data Corp. v. Unigate Enterprises, Inc.*, No. 12-cv-04131-WHO, 2014 WL 5513541, at *1 (N.D. Cal. Oct. 31, 2014). Further, "requests for fees are considered in light of the strong tradition that each party generally bears its own attorneys' fees." *ZilYen, Inc. v. Rubber Mfrs. Ass'n*, 958 F. Supp. 2d 215, 221 (D.D.C. 2013).

In determining whether to award attorney's fees pursuant to the Copyright Act, a court must give "substantial weight" to the objective reasonableness of the losing party's claims. *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016). Courts must also look to factors including frivolousness, motivation, the need in particular circumstances to advance considerations of compensation and deterrence, and the degree of success obtained by the prevailing party. *Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010).

## IV.   ARGUMENT

Although Defendants were successful on their Motion to Dismiss, the nature of Plaintiffs' suit was not so unreasonable or frivolous as to warrant awarding Defendants their attorney's fees. Plaintiffs' copyright infringement claim was factually and legally substantiated, and Plaintiffs were well within their rights to bring a claim seeking to protect their creative expression. Further, to the extent this Court orders Plaintiffs to pay Defendant's attorney's fees, Plaintiffs should not be required to pay the $76,801 Defendants seek, as Defendants spent an unreasonable amount of time on a claim that was disposed of on a motion to dismiss.

### A.   Defendants Are Not Entitled To An Award Of Attorney's Fees.

In determining whether to award attorney's fees, courts consider the degree of the prevailing party's success, the reasonableness of the claim, the frivolousness of the suit, the losing party's motivation, and the need to advance considerations of compensation and deterrence. *Id.* Defendants have not shown that any of these factors weigh in their favor, let alone that the balance of the factors supports an

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

1    award of attorney's fees.

2        **1. Plaintiffs' Settlement Offer Is An Inappropriate Measure Of**
3            **Defendants' Success.**

4        Plaintiffs do not dispute that Defendants were successful on the merits of their
5    claim.  However, the use of Plaintiffs' $30,000,000 settlement offer in determining
6    the degree of Defendants' success is wholly inappropriate.  A court is free to reject
7    evidence of a settlement offer as not bearing on success when "negotiations occur at
8    an early stage before discovery" and are therefore "not a fair measure of what a
9    party is truly seeking in damages."  *Lohman v. Duryea Borough*, 574 F.3d 163, 169
10   (3d Cir. 2009).  *See also A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 461 (9th Cir.
11   2013).

12       Additionally, settlement offers are often made for strategic purposes and do
13   not necessarily reflect the offering party's valuation of the case.  *See McIntyre v.*
14   *U.S. Airways*, No. CV 09-05256 MMM (FMOx), 2009 WL 10672577, at *3 (C.D.
15   Cal. Nov. 12, 2009) (recognizing that plaintiff's pre-litigation settlement demand
16   was a bargaining position rather than an accurate estimate of his claims.); *Kresge v.*
17   *Jackson*, No. 04 C 4073, 2004 WL 2657935, at *2 (N.D. Ill. Oct. 15, 2004) (holding
18   that defendant could not rely on a settlement offer made at the initial stages of the
19   controversy, as the offer "might have been made at a much higher value than the
20   actual amount in controversy as part of a bargaining strategy."); *Fetz v. E & L Truck*
21   *Rental Co.*, 670 F. Supp. 261, 266, n. 4 (S.D. Ind. 1987) (recognizing that defendant
22   had "numerous legitimate reasons, both substantive and strategic" to make a pre-
23   litigation settlement offer that did not align with its view of the case.).

24       The parties here negotiated Plaintiffs' claim at a very early stage in the
25   litigation.  Not only did the negotiations take place before discovery, but Plaintiffs'
26   claim was dismissed before any discovery occurred.  As such, Plaintiffs' strategic
27   settlement offer should not bear on Defendants' degree of success, as it was not an

28

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

accurate measure of what Plaintiffs were seeking in damages, considering the litigation was in its infancy.

### 2.  Plaintiffs' Claim Was Objectively Reasonable.

Defendants cite to the Court's ruling on their Motion to Dismiss as undeniable proof that Plaintiffs' claim was unreasonable.  However, in holding that Plaintiffs' phrase was not eligible for protection, the Court substantiated Plaintiffs' arguments that (1) short phrases are copyrightable and (2) a combination of unprotectable elements may qualify for copyright protection.[2]  The very order that Defendants claim supports this argument actually cites to the case law which makes Plaintiffs' claim reasonable.

*First*, the Court recognized that short phrases are copyrightable. (Order at p. 12 *citing Society of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F. 3d 29, 52 (1st Cir. 2012); *Syrus v. Bennet*, 455 Fed. Appx. 806, 809 (10th Cir. 2011); *Stern v. Does*, 978 F. Supp. 2d 1031, 1041-42 (C.D. Cal. 2011); *Fischer v. Forrest*, Nos. 14 Civ 1304 (PAE), 14 Civ. 1307 (PAE), 2015 WL 195822, at *5 (S.D.N.Y. Jan. 13, 2015).)

*Second*, the Court acknowledged that a combination of two unprotectable elements may qualify for copyright protection. (*Id.* at p. 13 *citing Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1147 (9th Cir. 2003).)

Considering the myriad of case law cited by the Court and by Plaintiffs, Plaintiffs' contention that their lyrics are protectable was reasonable and well-grounded in law. The reasonableness of Plaintiffs' claim weighs against awarding Defendants attorney's fees and must be given "substantial weight" in the Court's determination. *Kirtsaeng*, 136 S. Ct. at 1989.

---

[2] Defendants contend that the Court also held that "copyright does not protect the alleged phrase because it merges with its idea." (Motion at p. 4.)  Although Defendants argued this point in the papers in support of their Motion to Dismiss, the Court made no such ruling in its order.

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

### 3.  Plaintiffs' Claim Was Not Frivolous.

The only thing that is frivolous here is Defendants' attempt to decry Plaintiffs' claim as frivolous.  Indeed, Defendants have ignored the dearth of case law cited in Plaintiffs' Opposition to Defendant's Motion to Dismiss ("MTD Opposition") and this Court's Order.  (*See, e.g.*, MTD Opp. at pp. 5-6, 9; Order at pp. 12-13.)  As detailed above, Plaintiffs' claim was supported by a myriad of federal law holding both that short phrases are protectable and a combination of unprotectable elements may qualify for protection.  *See, e.g. Society of Holy Transfiguration Monastery*, 689 F.3d at 52 ("[N]ot all short phrases will automatically be deemed uncopyrightable."); *Satava*, 323 F.3d at 811 ("[A] combination of unprotectable elements may qualify for copyright protection.").

Additionally, Defendants' contention that Plaintiffs' argument that originality is a question of fact for a jury is contrary to law is inaccurate.  Defendants cite to a portion of the Order stating that the Court had the authority to decide "issues of similarity" on a motion to dismiss.  In their MTD Opposition, Plaintiffs argued – and provided ample case law in support – that the question of *originality*, not similarity, was a question of fact.  (MTD Opposition at pp. 10-11.)  The Court's decision to determine the question of originality on a motion to dismiss does not negate the validity of the case law Plaintiffs cited to.

In sum, Plaintiffs' claim was not frivolous, as their contention that their short phrase, as a sufficiently creative combination of unprotectable elements, is copyrightable was supported by law, as was their argument that originality is a question of fact.  Thus, this factor weighs against awarding Defendants their attorney's fees.

### 4.  Plaintiffs' Sole Motivation In Bringing Their Claim Was To Protect Their Creative Expression.

The presence of improper motivation generally involves a showing of specific

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

facts indicating the party's improper motivation or specific instances misconduct. *See, e.g. Wild v. NBC Universal*, No. CV 10-3615 GAF (AJWx), 2011 WL 12877031, at *2 (C.D. Cal. July 18, 2011) (holding defendants could not show improper motivation based solely on plaintiff bringing a losing claim and attempting to "extract an undeserved settlement payment."); *Express LLC v. Forever 21*, No. CV 09-04514 ODW (VBKx), 2010 WL 11512410, at *2 (C.D. Cal. Nov. 15, 2010) (stating that defendant's allegations that plaintiff brought its claim to challenge defendant's business operations without further evidence did not support a finding of improper motivation.); *Perlan Therapeutics, Inc. v. Nexbio, Inc.*, No. 05cv1855 BEN (BLM), 2007 WL 935619, at *2 (S.D. Cal. Mar. 19, 2007) (holding that defendant's allegation that plaintiff's motive in bringing the claim was to provide a basis for supplemental jurisdiction over other claims was not enough to find improper motivation.); *Creations Unlimited, Inc. v. McCain*, 889 F. Supp. 952, 954 (S.D. Miss. 1995) (holding that awarding attorney's fees to prevailing defendants was not appropriate partly because there was no "pernicious behavior indicating inappropriate motivation.").

No such improper motivation or misconduct appears here. Defendants contend that Plaintiffs' motivation in bringing this lawsuit was to "coerce a multi-million dollar settlement." The sole evidence supporting this baseless claim is Plaintiffs' $30,000,000 settlement offer. However, as discussed above, this offer was made for tactical purposes when the litigation was in its infancy – prior to any discovery being exchanged and before Plaintiffs had an accurate measure of their damages. *See Lohman*, 574 F.3d at 169; *McIntyre*, 2009 WL 10672577 at *3; *Kresge*, 2004 WL 2657935 at *2; *Fetz*, 670 F. Supp. at 266, n. 4.

Contrary to Defendants' inflammatory accusation, Plaintiffs' sole motivation in bringing their claim was to seek protection of their creative expression. Plaintiffs became aware of Defendants' use of their phrase, which they reasonably believed to

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

be protected by copyright, and brought suit to enforce their rights.  Accordingly, this factor weighs against awarding Defendants their attorney's fees.

### 5.   The Consideration Of Compensation Does Not Weigh In Defendants' Favor.

The consideration of compensation does not weigh in a prevailing defendant's favor simply because they incurred costs defending an action they believe to be frivolous.  *See ZilYen*, 958 F. Supp. 2d at 221 (holding that prevailing defendants were not entitled to attorney's fees because plaintiff's claim was not as questionable as defendant contended and there was no large financial disparity between the parties).  Not only was Plaintiffs' claim not frivolous – as discussed above – but Defendants' misguided belief that it was does not require compensation.  *See id.*

Further, as in *ZilYen*, "there is no great financial disparity between the parties."  *Id.*  Defendants argue that because "Plaintiffs are successful songwriters and music producers," they should bear the burden of Defendants' attorney's fees. Defendants attempt to allude to a financial disparity by stating that the "individual defendants" have been paying the attorney's fees.  However, in making this argument, Defendants conveniently ignore that they themselves are *extremely successful* artists, songwriters, and music producers.  As alleged in the Complaint, and undisputed by Defendants, the allegedly infringing song was a "massive worldwide hit" and has sold over 9,000,000 copies.  (Complaint ¶ 35.)  The music video for the song has been viewed well over two billion times, and the album for which it was the lead single has sold over 10,000,000 units.  (*Id.* ¶¶ 35-36.)  There can be no doubt that any disparity between the parties actually cuts the other way. As such, this factor does not support an award of attorney's fees.

### 6.   Deterrence Is Not An Appropriate Basis To Award Defendants' Attorney's Fees.

Requiring a plaintiff with a non-frivolous, objectively reasonable claim who

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

has not engaged in any bad faith conduct to pay a defendant's attorney's fees is not an appropriate way to deter future frivolous suits. *See ZilYen*, 958 F. Supp. 2d at 222. Again, Plaintiffs' claim was neither frivolous nor unreasonable – as evidenced by case law that this Court recognized the validity of – nor did Plaintiff demonstrate any bad faith in litigating its claim. Therefore, Defendants' contention that they must be awarded attorney's fees to deter future "legally insufficient copyright claims" is without merit.

### 7. The Purpose Of The Copyright Act Is Not To Deter Creatives From Bringing Colorable Claims To Protect Their Work.

Defendants forget that the primary purpose of the Copyright Act "is to encourage the production of original literary, artistic, and musical expression for the public good." *Fogerty v. Fantasy, Inc.*, 510 U.S 517, 524 (1994). The Copyright Act achieves this objective in part by protecting the rights of creators against infringers to assure those producing creative content that their work cannot be stolen for profit. Protecting creative content from infringers encourages others to produce more content, thereby furthering the primary purpose of the Copyright Act.

Further, "it generally does not promote the purposes of the Copyright Act to award attorney fees to a prevailing defendant when the plaintiff has advanced a reasonable, yet unsuccessful claim." *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 628 (6th Cir. 2004); *Kebodeaux v. Schwegmann Giant Super Markets, Inc.*, No. 92-2086, 1994 WL 507421, at *1 (E.D. La. Sept. 14, 1994) ("[I]t would be inconsistent with the purposes of the Copyright Act to deter plaintiffs . . . from bringing suits when they have reason to believe, in good faith, that their copyrights have been infringed.").

Unsurprisingly, Defendants contort the purpose of the Copyright Act to favor them in this litigation. In Defendants' world the Copyright Act exists to ensure that creative content is a free-for-all; a world in which anyone can steal the work of

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

others with absolutely no consequences.  One must wonder whether Defendants would take this same stance against individuals they accuse of infringing on their copyrights.  Likely not.

Defendants' hypocritical outrage at Plaintiffs' alleged misuse of the Copyright Act is meritless.  Contrary to Defendants' assertions, the Copyright Act was enacted to bring order to the creative space, ensuring that artists' work would be adequately protected in order to encourage artists to produce more original work thus furthering our society.  Plaintiffs' claim fit squarely within the primary purpose of the Copyright Act – they sought protection for their creative work – the very protection which promotes the creation of more creative works.  Additionally, as discussed in detail above, Plaintiffs' claim was reasonable and brought in good faith.  Considering Plaintiffs' claim promotes the purposes of the Copyright Act, Defendants should not be awarded attorney's fees.

### B.    Defendants' Claimed Attorney's Fees Are Unreasonable.

If the Court determines that an award of attorney's fees is appropriate – which Plaintiff maintains it is not – the Court should drastically reduce the bloated amount of fees requested.  Defendants have somehow incurred a whopping $72,276 on this case to date.  Defendants are further requesting an additional $4,525 for attorney's fees in connection with reviewing Plaintiffs' Opposition, drafting Defendant's Reply, and attending the hearing on this Motion.  (Declaration of Peter J. Anderson ("Anderson Decl.") at ¶¶ 28-29.) This totals $76,801 – a patently unreasonable amount for a case that was dismissed for failure to state claim and in which no discovery occurred.

Defendants' counsel's invoices provide some insight as to how this amount was reached – by spending an unnecessary amount of time on the few issues raised in this case prior to its dismissal.  For example, Defendants' counsel spent over 30 hours simply drafting, revising, and reviewing the papers filed in support of their

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

Motion to Dismiss.  (*Id.* at Exhibit 3.)  This number presumably does not involve legal research, as no mention of research was made in the entries counting towards this total.  For an attorney who touts his vast experience in copyright law, spending 30+ hours simply drafting a 12(b)(6) motion to dismiss is unreasonable and unwarranted.

Additionally, Defendants' vague request for a lodestar enhancement is improper.  Lodestar enhancements are only awarded in rare and exceptional circumstances, and may not be awarded based on a factor that underlies the initial lodestar calculation.  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53 (2010). Defendants rely on the amount involved, results obtained, and customary fees – factors underlying their initial lodestar calculation – in their conclusory argument that an enhancement is warranted.  *Hensley v. Eckerhart*, 461 U.S. 424, 457, n. 9 (1983) (recognizing that factors such as the amount involved, results obtained, and customary fee are all "usually subsumed in the initial calculation of hours reasonably expended.").  As such, Defendants have not provided an adequate basis for a lodestar enhancement.

Further, the party seeking an enhancement "must produce specific evidence that supports the award."  *Perdue*, 559 U.S. at 553.  Defendants have failed to produce any specific evidence supporting their contention that this is a rare and exceptional circumstance warranting an enhancement.

Not only do Defendants fail to make a claim for enhancement, but their fee request must instead be ***reduced*** due to the extensive and pervasive redactions in their invoices.  *Nationwide Payment Solutions, LLC v. Plunkett*, 831 F. Supp. 2d 337, 339 (D. Me. 2011) (a party may redact its invoices but in doing so "take[s] the risk that the court will decline to award the full requested amount on the basis of its partial failure to meet its burden of justifying its fee request."); *Pizzo v. Gambee*, 796 F. Supp. 2d 270, 273 (D. Mass. 2011) (reducing attorney's fee award by one-

OPPOSITION TO MOTION FOR ATTORNEY'S FEES

1    third due to "extensive redaction of the documentation submitted."); *2002*

2    *Irrevocable Trust for Richard C. Hvizdak v. Shenzhen Dev. Bank, Co., Ltd.*, No.

3    2:08-cv-556-FtM-36DNF, 2011 WL 4112776 (M.D. Fla. Sept. 15, 2011) (reducing

4    attorney's fee award by 20% due to redactions.).

5          Many of the entries on Defendants' invoices have been almost completely

6    redacted, leaving only verbs and action phrases.  (*See* Anderson Decl. at Ex. 3.)

7    These fragments make it impossible to tell whether the time spent by counsel was at

8    all justified.

9          As such, should the Court award attorney's fees, not only should the fee

10   award not be enhanced, but it should be reduced to account for the unreasonable

11   time spent on this matter as well as the extensive redactions in Defendants'

12   invoices.

13   **V.      CONCLUSION**

14         For the forgoing reasons, Plaintiffs respectfully request that this Court deny

15   Defendants' Motion for Attorney's Fees.

16

17   DATED: March 26, 2018          BY:   GERARD FOX LAW P.C.

18

19                                          /s/ Lauren M. Greene

20                                          Gerard P. Fox
                                            Lauren M. Greene
21                                          Banu S. Naraghi
                                            *Attorneys for Plaintiffs*
22                                          SEAN HALL D.B.A. GIMME SOME
                                            HOT SAUCE MUSIC and NATHAN
23                                          BUTLER D.B.A. FAITH FORCE
24                                          MUSIC

25

26

27

28

- 11 -

OPPOSITION TO MOTION FOR ATTORNEY'S FEES