UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**   CV 17-6882-MWF (ASx)                    **Date:**  April 16, 2018
**Title:**   Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

**Present:**   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: DEFENDANTS' MOTION FOR ATTORNEY'S FEES [36]

Before the Court is Defendants' Motion for Attorney's Fees (the "Motion), filed on March 16, 2018.  (Docket No. 36).  On March 26, 2018, Plaintiffs filed an Opposition.  (Docket No. 37).  On April 2, 2018, Defendants filed a Reply.  (Docket No. 40).

Defendants noticed the Motion to be heard on April 16, 2018.  The Court has read and considered the papers on the Motion and deems the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  The hearing was therefore vacated and removed from the Court's calendar.

For the reasons set forth below, the Motion is **DENIED**.  Having considered the relevant fee-shifting factors set forth by the Supreme Court and the Ninth Circuit, the Court concludes that a fee award is inappropriate.  Although the Court disagreed with Plaintiffs, their litigation position was neither frivolous nor objectively unreasonable.  And the purposes of the Copyright Act – namely, encouraging and rewarding creative endeavors – would not be well-served by a fee award.

Put more bluntly, if the Court's only choice were between awarding fees to Defendants based on the Complaint or fees to Plaintiffs based on the Motion, the Court would without hesitation award the fees to Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)                    Date:  April 16, 2018
Title:     Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

## I. BACKGROUND

### A. Plaintiff's Complaint

On September 18, 2017, Plaintiffs initiated this copyright infringement lawsuit against Defendants, alleging the following:

Plaintiffs Hall and Butler are co-authors and copyright owners of the musical composition titled *Playas Gon' Play*. (Complaint ¶¶ 1-2, 15). 3LW, an all-girl group that gained popularity in the early 2000s, performed *Playas Gon' Play* and released it to the public in May 2001. (*Id.* ¶¶ 15, 17). *Playas Gon' Play* peaked at number 81 on Billboard's Hot 100 chart and, on March 7, 2001, appeared as the number-seven video on TRL, a popular MTV music-video-request show at the time. (*Id.* ¶¶ 16, 18). 3LW also performed *Playas Gon' Play* several times on national television, including on Regis & Kelly, MTV, and Fox Family. (*Id.* ¶ 19). The album that *Playas Gon' Play* appeared on – *3LW*, 3LW's self-titled debut album – was certified platinum by the Recording Industry Association of America, meaning that more than 1,000,000 units were sold. (*Id.* ¶ 17).

The chorus of *Playas Gon' Play* consists of the following lyrics: "**Playas, they gonna play** / **And haters, they gonna hate** / Ballers, they gonna ball / Shot callers, they gonna call / That ain't got nothin' to do / With me and you / That's the way it is / That's the way it is." (*Id.* ¶¶ 20, 25; Declaration of Peter Anderson in Support of Defendants' Motion to Dismiss ("Anderson MTD Decl.") (Docket No. 20-2), Ex. 2) (emphasis added). In their Complaint, Plaintiffs alleged that "[t]he combination of playas/players playing along with hatas/haters hating … was completely original and unique" when the song was released in 2001. (Complaint ¶ 20; *see id.* ¶ 20-25).

In 2014, Defendants Swift, Sandberg, and Schuster co-authored the musical combination titled *Shake it Off*. (*Id.* ¶ 26). Swift performed and recorded the song, and it was released to the public in August 2014. (*Id.*). *Shake it Off* debuted at number one on Billboard's Hot 100 chart and remained on the chart for 50 consecutive weeks. (*Id.* ¶ 35). More than 9,000,000 copies of *Shake it Off* have been sold, and more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)                Date:  April 16, 2018
Title:    Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

6,000,000 copies of Swift's album *1989* – the album featuring *Shake it Off* – have been sold.   (*Id.* ¶¶ 35-36).

The chorus of *Shake it Off* contains the following lyrics: " '**Cause the players gonna play, play, play, play, play** / **And the haters gonna hate, hate, hate, hate, hate** / Baby I'm just gonna shake, shake, shake, shake, shake / Shake it off / Shake it off / Heartbreakers gonna break, break, break, break, break / And the fakers gonna fake, fake, fake, fake, fake / Baby I'm just gonna shake, shake, shake, shake, shake / Shake it off / Shake it off."  (*Id.* ¶¶ 27-28; Anderson MTD Decl. Ex. 4) (emphasis added).

Plaintiffs alleged that Defendants Sony and Kobalt co-own publishing rights in *Shake it Off*, Defendant Big Machine is Swift's record label and released *Shake it Off*, and Defendant Universal distributes *Shake it Off*.  (*Id.* ¶¶ 6-9).

Plaintiffs asserted a single claim of copyright infringement against all Defendants, premised upon the lyrical similarities between *Playas Gon' Play* and *Shake it Off*.  (*Id.* ¶¶ 41-50).

### B.     The Court's February 13 Order and Defendants' Present Motion

On January 3, 2018, Defendants filed a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket No. 20).  Following a hearing, in an order dated February 13, 2018 (the "February 13 Order") (Docket No. 30), the Court granted Defendants' motion to dismiss with leave to amend.

In its February 13 Order, the Court took judicial notice of various uses of the words "player," "playa," "hater," and "hata" – and combinations thereof – in popular songs published before *Playas Gon' Play*, assumed that Defendants had access to *Playas Gon' Play* (which Defendants did not dispute), and held that, even if there was copying, the allegedly infringed lyrics in *Playas Gon' Play* constituted a short phrase that was insufficiently creative or original to warrant copyright protection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 17-6882-MWF (ASx)                       Date:  April 16, 2018
Title:     Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

On February 26, 2018, Plaintiffs indicated that they did not intend to file an amended complaint and requested that the Court enter judgment in favor of Defendants so that Plaintiffs could appeal the Court's February 13 Order. (Docket No. 31). On March 2, 2018, the Court dismissed the action with prejudice (Docket No. 33) and entered judgment. (Docket No. 34). Plaintiffs filed a notice of appeal on March 30, 2018. (Docket No. 38).

Through their present Motion, Defendants request that the Court award them attorneys' fees under the Copyright Act.

## II.   DISCUSSION

The Copyright Act provides that a district court, "in its discretion," may award costs and "a reasonable attorney's fee to the prevailing party" in a copyright infringement lawsuit. 17 U.S.C. § 505.

In exercising this discretion, "a district court may not 'award[ ] attorney's fees as a matter of course'; rather, a court must make a more particularized, case-by-case assessment." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994)) (alteration in original). There are "'several nonexclusive' factors to inform a court's fee-shifting decisions: 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* (quoting *Fogerty*, 510 U.S. at 534, n. 19). The Ninth Circuit has also instructed district courts to consider "the degree of success obtained" by the prevailing party. *See, e.g., Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010).

In conducting this analysis, district courts should give "substantial weight" to the objective reasonableness of the losing party's litigation position, while "also taking into account all other relevant factors." *Kirtsaeng*, 136 S. Ct. at 1989.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 17-6882-MWF (ASx)**     **Date:  April 16, 2018**
**Title:**     Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

### A.     Objective (Un)Reasonableness/Frivolousness

Defendants argue that Plaintiffs' copyright infringement claim was both frivolous and objectively unreasonable because "plaintiffs failed to even plead a viable copyright infringement claim."  (Mot. at 3).  The Court disagrees.

As Defendants properly note, a claim is "frivolous where it lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  For example, a claim may be deemed frivolous if it were based upon a "fantastic or delusional" set of circumstances that has no basis in reality.  *Perfect 10, Inc. v. Visa Intern. Service Ass'n*, No. C 04-00371 JW, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (concluding that losing copyright infringement claim was not frivolous) (citing *Neitzke*, 490 U.S. at 325-28).  And a claim is objectively unreasonable if the plaintiff "should have known from the outset that its chances of success in th[e] case were slim to none."  *SOFA Entm't, Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013).

The fact that a defendant has successfully moved to dismiss a plaintiff's copyright infringement complaint does not alone render that claim frivolous or objectively unreasonable.  *See, e.g., Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AB (SHx), 2015 WL 1746484, at *8 (C.D. Cal. March 24, 2015), *aff'd*, 847 F.3d 657 (9th Cir. 2017) ("A claim is not frivolous under the Copyright Act merely because it is unsuccessful") (internal quotation marks and citations omitted); *ZilYen, Inc. v. Rubber Mfrs. Ass'n*, 958 F. Supp. 2d 215, 220 (D.D.C. 2013) ("In determining whether a claim is objectively unreasonable, the mere fact that a defendant has prevailed…, or that the claim was resolved on a motion to dismiss, is not dispositive…") (internal quotation marks, citations, and alterations omitted).

Compared to many copyright infringement lawsuits that are filed in this District, this action was not factually spurious or farfetched.  Plaintiffs are the co-authors of *Playas Gon' Play*, a song performed by a relatively successful group of the early 2000s that has been widely played and available for public consumption; Defendants made no attempt to dispute the validity of the song's copyright or the issue of Defendants'

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6882-MWF (ASx)          **Date:** April 16, 2018
**Title:**     Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

access to the song.  The existence of a valid copyright and "copying" by Defendants was thus assumed.  Plaintiffs' claim was not factually frivolous or unreasonable.

The only issue before the Court on the motion to dismiss was whether or not the constituent elements (*i.e.*, a portion of the lyrics) of *Playas Gon' Play* that Defendants assumedly "copied" are, standing on their own, eligible for copyright protection as a matter of law.  Although the Court ultimately concluded that they are not, there are at least colorable arguments on both sides.  The Court disagrees with Plaintiffs that the scope of the Copyright Act could be an issue of fact for the jury, but certainly Plaintiffs' legal arguments are not frivolous.

Defendants argue that Plaintiffs should have known from the outset that their claim was doomed because "copyright does not protect short phrases such as the six words plaintiffs alleged were copied."  (Mot. at 3).  Defendants are overstating things here.  As the Court noted in its February 13 Order, "courts have recognized that there may be exceptions to the general rule that short phrases are not protectable where a short phrase is sufficiently creative."  (Feb. 13 Order) (collecting cases).  Therefore, contrary to Defendants' suggestion, there is no blanket rule that short phrases cannot be subject to copyright protection.

As the Court noted in its February 13 Order and as both parties agreed, the concepts of "players" and "haters" had been well explored and capitalized-upon by other musical artists by the time *Playas Gon' Play* was released.  Had Plaintiffs' claim been premised upon Defendants' use of one or both of those **words** in *Shake it Off*, it would no doubt have been both frivolous and objectively unreasonable.  But Plaintiffs' claim was premised upon the notion that Defendants utilized the **combination of phrases** "playas … gonna play" and "haters … gonna hate," and that that "combination had not since been used in popular music."  (Complaint ¶ 25).  As the Court noted in its February 13 Order, "a combination of unprotectable elements may qualify for copyright protection" provided that the "elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship."  *Satava v. Lowry*, 323 F.3d 805, 811.

---

**CIVIL MINUTES—GENERAL**             6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)                    Date:  April 16, 2018
Title:     Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

Defendants argue that "copyright does not protect plaintiffs' alleged selection and arrangement of two unprotectable elements."  But Defendants have not cited – either in connection with this Motion or their motion to dismiss – any authority that says precisely how many unprotectable elements must be combined to qualify for copyright protection, and the Court is not aware of any such authority.  If the touchstone of copyrightability is creativity and originality, it is entirely conceivable that the right combination of two otherwise unprotectable elements might warrant protection.  The Court simply concluded that this was not the case here.

Finally, the Court finds it significant that Plaintiffs alleged (with factual support) that it is common industry practice for songwriters to pay a license fee to utilize short phrases from prior songs.  (*See* Complaint ¶¶ 31-34).  If copyright law were as clear-cut as Defendants suggest, there is little reason successful artists (or their lawyers) would voluntarily pay to utilize short phrases from earlier songs.

In sum, despite the fact that the Court agreed with Defendants in connection with the motion to dismiss, it cannot now conclude that Plaintiffs' claims were either frivolous or objectively unreasonable.  This factor, to which the Court attaches "substantial weight," *Kirtsaeng*, 136 S. Ct. at 1989, weighs heavily against a fee award.

### B.     Degree of Success

Defendants argue that their success, like the success of any defendant whose motion to dismiss is granted on the merits without leave to amend, "is complete." (Mot. at 2).  Defendants focus on the differential between Plaintiffs' initial settlement demand ($30 million) and what they ultimately obtained through this lawsuit (zero), to argue that the degree-of-success "factor cuts strongly in favor" of a fee award.

There is no doubt that Defendants successfully defended themselves in this lawsuit.  But Defendants have cited no authority to support their position that a copyright infringement defendant who prevails on a motion to dismiss after receiving a multimillion-dollar settlement demand from the plaintiff should be deemed ***more successful*** than a copyright infringement defendant who prevails on a motion to

---

**CIVIL MINUTES—GENERAL**                                                      7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)                    Date:  April 16, 2018
Title:    Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

dismiss after receiving a lesser settlement demand or without having received any settlement demand. In light of the fact that a successful copyright plaintiff is entitled to recover "any profits of the infringer that are attributable to the infringement," 17 U.S.C. § 504(b), to accept Defendants' argument would be to conclude that the most economically successful alleged infringers (who are presumably more capable of bearing their own attorneys' fees) are more entitled to their attorneys' fees than alleged infringers who earned little money through the alleged infringement (who are presumably less capable of bearing their own attorneys' fees). The Court does not endorse that perverse result.

In sum, Defendants' success weighs in favor of awarding attorneys' fees, albeit not significantly.

### C. Motivation

Defendants argue that "Plaintiffs' motivation was base: using a defective copyright infringement claim and the threat of intrusive discovery and lengthy and costly litigation to coerce a multi-million dollar settlement from defendants." (Mot. at 5). Beyond the fact that many, if not most, defendants, that have prevailed on a motion to dismiss could make the same argument, the Court is unpersuaded.

As noted above, Plaintiffs were the co-authors of a successful and widely-distributed song, the lyrics of which they reasonably believed Defendants copied. The validity of the copyright covering *Playas Gon' Play* is not disputed. Defendants' access to *Playas Gon' Play* is not disputed. Plaintiffs plausibly alleged that it is music industry custom for songwriters to pay for use of brief lyrics from earlier songs. And the Court does not perceive Plaintiffs' initial (pre-discovery) $30 million settlement demand as evidence of an improper motivation; it perceives that demand as evidence of the difficulty of gauging copyright infringement damages prior to taking discovery and of the enormous success of *Shake it Off*.

In short, nothing in the record suggests that Plaintiffs had any impermissible motivations in bringing this lawsuit. This factor weighs against a fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)                     Date:  April 16, 2018
Title:     Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

### D. Compensation and Deterrence

Defendants argue that the individual Defendants (*i.e.*, Taylor Swift, Karl Martin Sandberg, and Karl Johan Schuster) – as opposed to the studios and record companies – have incurred Defendants' attorneys' fees and that "plaintiffs are perfectly capable of bearing the attorney's fees they caused the individual defendants to incur" because "Plaintiffs are successful songwriters and music producers…" (Mot. at 5). Regardless of Plaintiffs' level of industry success, the Court is comfortable in concluding that the singer and songwriters of *Shake it Off* (which is on an album, of which more than 10 million units have been sold worldwide) are perfectly capable of bearing the approximately $75,000 in attorneys' fees that they request through the present Motion. The compensation factor is thus neutral.

Finally, Defendants argue that "[a]warding attorneys' fees here will deter plaintiffs and others from filing claims that cannot even survive a pleading challenge." (Mot. at 6). As an initial matter, the Court seriously doubts that awarding Defendants $75,000 in legal fees will have any broad deterrence effect. Given the flexible and largely discretionary nature of the fee-award inquiry and the potential of recovering large sums if the infringing work is financially successful, the Court is quite certain that copyright infringement lawsuits – both meritorious and meritless – will continue unabated even if Defendants were to receive a $75,000 fee award.

Moreover, although the Court disagreed with Plaintiffs, their position was not (as discussed above) frivolous or objectively unreasonable. The Supreme Court has held that fee awards should "advance[ ] the well-settled objectives of the Copyright Act, which are to enrich the general public through access to creative works by striking a balance between encouraging and rewarding authors' creations and enabling others to build on that work." *Kitsaeng*, 136 S.Ct. at 1982 (internal quotation marks, citations, and alterations omitted). Awarding Defendants attorneys' fees in this case – where the validity of the copyright covering and Defendants' access to *Playas Gon' Play* is undisputed, and common industry practice of licensing brief snippets of lyrics is in accord with Plaintiffs' position – would put too much emphasis on "enabling others to build on that work" and too little on "encouraging and rewarding authors' creations."

---

**CIVIL MINUTES—GENERAL**                                                                                      9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 17-6882-MWF (ASx)  **Date:**  April 16, 2018
**Title:**  Sean Hall d.b.a. Gimme Some Hot Sauce Music, et al. v. Taylor Swift, et al.

There are very few recording artists, if any, who have a greater interest than Ms. Swift in a robust regime of copyright law.  Be careful what you wish for.

Having considered all of the fee-award factors, and appropriately weighing objective reasonableness following *Kirtsaeng*, the Court declines to award any attorneys' fees to Defendants.  Therefore, the Court need not consider the arguments of the parties about the appropriateness of the claimed fees.

The Motion is **DENIED**.

IT IS SO ORDERED.