UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-6882-MWF (ASx) | Date: September 2, 2020 |
| Title: Sean Hall et al. v. Taylor Swift et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANTS' MOTION TO DISMISS

The Court granted Defendants Taylor Swift, Karl Martin Sandberg, Karl Johan Schuster, Sony/ATV Music Publishing, LLC ("Sony"), Kobalt Music Publishing America Inc. ("Kobalt"), Big Machine Label Group, LLC ("Big Machine"), and Universal Music Group, Inc.'s ("Universal") Motion to Dismiss (the "Motion"), on the ground that the disputed lyrics lacked sufficient originality to enjoy copyright protection. (Docket No. 30). Plaintiffs Nathan Butler and Sean Hall chose not to amend their complaint, but instead appealed the dismissal to the Ninth Circuit. (Docket No. 38).

The Ninth Circuit reversed the dismissal on the ground that the originality of the lyrics could not be determined as a matter of law. Specifically, the Ninth Circuit determined in an amended memorandum (the "9th Circuit Memorandum) that that the allegations in the Complaint "plausibly alleged originality." (9th Circuit Memorandum (Docket No. 49) at 2). The Ninth Circuit also stated that the Court could "consider [Defendants]' alternative arguments" in support of the motion to dismiss "on remand." (*Id*. at 2 n.1). The Court has received the Ninth Circuit mandate. (Docket No. 50).

Based on the 9th Circuit Memorandum and following a telephonic status conference, the Court ordered "Plaintiffs and Defendants to each file a memorandum of no more than five pages regarding only (1) whether Plaintiffs' claim fails because the unprotected ideas underlying the allegedly copied words merge with those words,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-6882-MWF (ASx)     Date: September 2, 2020
Title:     Sean Hall et al. v. Taylor Swift et al.

rendering them unprotectable too; and (2) whether Plaintiffs' alleged decision to combine two public domain elements, players playing and haters hating, is not copyrightable, and whether plaintiffs' and defendants' alleged uses of these public domain elements are different in multiple respects and, as a result, are not virtually identical." (Docket No. 58).

Thereafter, Defendants filed their Supplemental Memorandum in Support of Their Motion to Dismiss ("Defendants' Memo") on August 11, 2020. (Docket No. 59). On August 18, 2020, Plaintiffs filed their Response to Defendants' Memo ("Plaintiffs' Response"). (Docket No. 62). Thereafter, the parties also filed supplemental briefing regarding a new Ninth Circuit opinion. (Docket Nos. 63-64).

The Court has read and considered all of the above filings.

For the reasons set forth below, after considering the arguments raised, the Motion is **DENIED**. Plaintiffs' claim does not fail based on the doctrine of merger; Plaintiffs have sufficiently alleged a protectable selection and arrangement or a sequence of creative expression; and Defendants' use and Plaintiffs' use as alleged is similar enough to survive the Motion. The Ninth Circuit has already reversed this Court's legal conclusion that Plaintiffs' claim did not survive because it was not original; while the arguments Defendants advance here are somewhat distinct, they are indisputably interrelated.

**I.   BACKGROUND**

The following is taken from the prior Order:

Hall and Butler are co-authors and copyright owners of the musical composition titled *Playas Gon' Play*. (Complaint ¶¶ 1-2, 15). 3LW, an all-girl group that gained popularity in the early 2000s, performed *Playas Gon' Play* and released it to the public in May 2001. (*Id.* ¶¶ 15, 17). *Playas Gon' Play* peaked at number 81 on Billboard's Hot 100 chart and, on March 7, 2001, appeared as the number-seven video on TRL, a popular MTV music-video-request show at the time. (*Id.* ¶¶ 16, 18). 3LW also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-6882-MWF (ASx) | Date: September 2, 2020 |
| Title: Sean Hall et al. v. Taylor Swift et al. | |

performed *Playas Gon' Play* several times on national television, including on Regis & Kelly, MTV, and Fox Family. (*Id.* ¶ 19). The album that *Playas Gon' Play* appeared on – *3LW*, 3LW's self-titled debut album – was certified platinum by the Recording Industry Association of America, meaning that more than 1,000,000 units were sold. (*Id.* ¶ 17).

The chorus of *Playas Gon' Play* consists of the following lyrics: "**Playas, they gonna play** / **And haters, they gonna hate** / Ballers, they gonna ball / Shot callers, they gonna call / That ain't got nothin' to do / With me and you / That's the way it is / That's the way it is." (*Id.* ¶¶ 20, 25; Declaration of Peter Anderson ("Anderson Decl.") (Docket No. 20-3), Ex. 2) (emphasis added). Plaintiffs acknowledge that the concepts of players / playas, haters, and player / playa haters were already firmly rooted in pop culture at the time *Playas Gon' Play* was released, but allege that "[t]he combination of playas/players playing along with hatas/haters hating … was completely original and unique" when the song was released in 2001. (Complaint ¶ 20; *see id.* ¶ 20-25).

In 2014, Swift, Sandberg, and Schuster co-authored the musical combination titled *Shake it Off*. (*Id.* ¶ 26). Swift performed and recorded the song, and it was released to the public in August 2014. (*Id.*). *Shake it Off* debuted at number one on Billboard's Hot 100 chart and remained on the chart for 50 consecutive weeks. (*Id.* ¶ 35). More than 9,000,000 copies of *Shake it Off* have been sold, and more than 6,000,000 copies of Swift's album *1989* – the album featuring *Shake it Off* – have been sold. (*Id.* ¶¶ 35-36).

The chorus of *Shake it Off* contains the following lyrics: " '**Cause the players gonna play, play, play, play, play** / **And the haters gonna hate, hate, hate, hate, hate** / Baby I'm just gonna shake, shake, shake, shake, shake / Shake it off / Shake it off / Heartbreakers gonna break, break, break, break, break / And the fakers gonna fake, fake, fake, fake, fake / Baby I'm just gonna shake, shake, shake, shake, shake / Shake it off / Shake it off." (*Id.* ¶¶ 27-28; Anderson Decl. Ex. 4) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)          Date:  September 2, 2020
Title:  Sean Hall et al. v. Taylor Swift et al.

Plaintiffs allege that Sony and Kobalt co-own publishing rights in *Shake it Off*, Big Machine is Swift's record label and released *Shake it Off*, and Universal distributes *Shake it Off*. (*Id.* ¶¶ 6-9).

Plaintiffs assert a single claim of copyright infringement against all Defendants, premised upon the lyrical similarities between *Playas Gon' Play* and *Shake it Off*. (*Id.* ¶¶ 41-50).

## II.  DISCUSSION

### A.  The Merger Doctrine Does Not Preclude Plaintiffs' Claim at This Stage

Defendants argue that Plaintiffs' claim is precluded because the unprotected ideas underlying the alleged copied words merge with those words, rendering them unprotectable too. (Defendants' Memo at 1-2). Defendants have not demonstrated merger as a matter of law, based on the allegations in the Complaint.

"Merger means there is practically only one way to express an idea." *Rassamni v. Fresno Auto Spa, Inc.*, 365 F. Supp. 3d 1039, 1047 (E.D. Cal. 2019). The doctrine of merger is "a prophylactic device to ensure that courts do not unwittingly grant protection to an idea by granting exclusive rights to the only, or one of only a few, means of expressing that idea." *Id*. "Under the merger doctrine, courts will not protect a copyrighted work from infringement if the idea underlying the work can be expressed only in one way, lest there be a monopoly on the underlying idea." *Id*. (citing *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000)).

"In such an instance, it is said that the work's idea and expression "merge." *Id*. (citing *Ets-Hokin*, 225 F.3d at 1082). "Under the related doctrine of scènes à faire, courts will not protect a copyrighted work from infringement if the expression embodied in the work necessarily flows from a commonplace idea; like merger, the rationale is that there should be no monopoly on the underlying unprotectable idea."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| Case No. | CV 17-6882-MWF (ASx) | Date: September 2, 2020 |
| Title: | Sean Hall et al. v. Taylor Swift et al. | |

*Id.* (citing *Ets-Hokin*, 225 F.3d at 1082). "[I]n the Ninth Circuit, both doctrines are treated as defenses to infringement." *Id.* (citing *Ets-Hokin*, 225 F.3d at 1082)

Here, at this stage the Court cannot conclude from the Complaint alone that merger applies. Defendants offer no authority – legal or from the pleadings – that the idea underlying Plaintiffs' lyrics can only be expressed in one way. Defendants argue that the "general concept that 'people will do what they will do' is not a substantial similarity in idea" and that the "merger doctrine would be meaningless – and people could use copyrights to monopolize ideas – if the doctrine could be avoided merely by attributing an abstract idea to the work." (Defendants' Memo at 2). But, as Plaintiffs note, their lyrics, as alleged, are more complex than people will do what they will do, and it is not abundantly clear from the Complaint that there are sufficiently few means of expressing this idea. *See, e.g.*, *Rassamni v. Fresno Auto Spa, Inc.*, 365 F. Supp. 3d 1039, 1049 (E.D. Cal. 2019) (denying motion to dismiss copyright of liability disclaimer on merger grounds because defendants "conclusion that a liability disclaimer can be expressed in only a few ways is unsubstantiated" and "[i]t is not readily apparent from the FAC that there are sufficiently few means of expressing the ideas in the disclaimer such that the ideas and expressions merge, or that the language of a disclaimer is akin, in the legal profession, to a stock scene or character").

Additionally, the Ninth Circuit's determination that Plaintiffs have sufficiently alleged originality further dooms Defendants argument; Defendants point to no caselaw where a plaintiff plausibly alleged originality but failed on merger grounds, which makes sense. If the alleged material is deemed sufficiently original, it is unclear how it possibly could be so general to fail under the doctrine of merger.

Accordingly, at this stage, the Court determines that Plaintiffs' claim does not fail on merger or scenes-à-faire grounds.

### B.  **Plaintiffs' Selection and Arrangement Theory is Sufficiently Pled**

Defendants next argue that Plaintiffs' claim fails because their allegation that they "originated the linguistic combination of playas/players playing along with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)         Date:  September 2, 2020
Title:      Sean Hall et al. v. Taylor Swift et al.

hatas/haters hating" is not a plausible selection and arrangement claim" because the allegation "falls far short of the required selection and arrangement of 'numerous' unprotectable elements." (Defendants' Memo at 3). Additionally, Defendants argue that "Plaintiffs' claim of protection in combining just players play and haters hate, in the absence of elements [that] are particularly selected and arranged[,] amounts to nothing more than trying to copyright commonplace element." (*Id*.). The Court disagrees.

As a preliminary matter, as noted by Plaintiffs, the Ninth Circuit in this case implicitly determined that Plaintiffs' creation is sufficiently creative to warrant protection at this stage in proceedings by reversing the Court's prior granting of the Motion. Specifically, the Court previously concluded that "the lyrics in question are not sufficiently creative to warrant protection" because they were "too ***brief***, unoriginal, and uncreative to warrant protection under the Copyright Act." (Order at 12-15) (emphasis added). The Ninth Circuit disagreed; determining that the Complaint "plausibly alleged originality." (9th Circuit Memorandum at 2). Accordingly, Defendants' argument is foreclosed.

Additionally, with respect to Defendants' arguments regarding the number of unprotectable elements, the Court is persuaded by Plaintiffs' arguments that the Ninth Circuit has long distinguished between literary works and physical objects with respect to determining the number of unprotectable elements required to result in a protectable composition. *See Shaw v. Lindheim*, 919 F.2d 1353, 1360 (9th Cir. 1990) "By creating a discrete set of standards for determining the objective similarity of literary works, the law of this circuit has implicitly recognized the distinction between situations in which idea and expression merge in representational objects and those in which the idea is distinct from the written expression of a concept by a poet, a playwright, or a writer.") *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

A recent unpublished Ninth Circuit decision, *Masterson v. Walt Disney Co.*, No. 19-55650, 2020 WL 4435103 (9th Cir. Aug. 3, 2020), seemingly cuts against this recognition by holding that five similarities between a book of poetry, a movie script,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-6882-MWF (ASx) | Date: September 2, 2020 |
| Title: Sean Hall et al. v. Taylor Swift et al. | |

and a movie were not "numerous or novel enough to warrant copyright protection." *Id*. at * 3. However, pursuant to Ninth Circuit Rule 36-3, "[u]npublished dispositions and orders" from the Ninth Circuit "are not precedent." Accordingly, Defendants' argument regarding the number of unprotectable elements is still foreclosed by the Ninth Circuit. To the extent there is tension between *Masterson*, on the one hand, and published decisions and the law of the case here, on the other, of course this Court will follow the published decisions and the law of the case.

Indeed, with the exception of *Masterson*, none of the cases Defendants cite in support of their argument analyze ***literary works***, which would include the lyrics at issue here. *See, e.g.*, *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003) (glass sculptures of jellyfish); *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1147 (9th Cir. 2003) (lamps and lighting products). Based on the allegations, Plaintiffs plausibly argue that there are at least two, and perhaps as many as nine, creative choices that Defendants copied here. Whether that is true is subject to further discovery, dispositive motion practice, and perhaps fact-finding at trial; it cannot be resolved at this stage.

Accordingly, Defendants' arguments with respect to Plaintiffs' creation and selection fails.

### C. **Plaintiffs Have Sufficiently Alleged Similarity**

Finally, Defendants argue that Plaintiffs' and Defendants' uses of the public domain elements are different in multiple respects and, as a result, are not virtually identical. (Defendants' Memo at 3-4). Specifically, Defendants argue that "for works where there is a narrow range of available creative choices, the defendant's work would necessarily have to be 'virtually identical' to the plaintiff's work in order to be substantially similar," and here that is not the case. (*Id*.). The Court disagrees.

As noted by Defendants, the Ninth Circuit has clearly stated that "for works where there is a ***narrow range of available creative choices***, the defendant's work would necessarily have to be 'virtually identical' to the plaintiff's work in order to be

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-6882-MWF (ASx) | Date: September 2, 2020 |
| Title: Sean Hall et al. v. Taylor Swift et al. | |

substantially similar." *Skidmore*, 952 F.3d at 1076 n.13 (emphasis added). For the reasons stated above, the Court cannot determine at this stage that there is a "narrow range of available creative choices" in this case, accordingly the "virtually identical" standard does not apply. Thus, because a "selection and arrangement copyright is not always thin," and because the Court cannot determine at this stage that the lyrics are not substantially similar, Defendants' argument fails. *Id*.

Accordingly, Plaintiffs have sufficiently alleged similarity.

## III. CONCLUSION

The Motion is **DENIED**. Defendants shall file their Answer by **September 21, 2020**.

IT IS SO ORDERED.