Peter Anderson, Esq. (Cal. Bar No. 88891)
peteranderson@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorney for Defendants
TAYLOR SWIFT, KARL MARTIN SANDBERG,
KARL JOHAN SCHUSTER, SONY/ATV MUSIC
PUBLISHING LLC, KOBALT MUSIC
PUBLISHING AMERICA INC.,
BIG MACHINE LABEL GROUP, LLC, and
UNIVERSAL MUSIC GROUP, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SEAN HALL, *etc., et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> TAYLOR SWIFT, *etc., et al.*, <br><br> Defendants. | Case No. 2:17−cv−06882 MWF (ASx) <br><br> REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER BIFURCATING DISCOVERY <br><br> Date: November 16, 2020 <br> Time: 10:00 a.m. <br><br> Courtroom of the Honorable <br> Michael W. Fitzgerald <br> United States District Judge |

# **TABLE OF CONTENTS**

**Page**

1.  SUMMARY OF REPLY ...................................................................................1

2.  AN INITIAL PHASE OF DISCOVERY IS APPROPRIATE AS TO
    THE EXTRINSIC TEST AND PLAINTIFFS' STANDING .........................3

    (a)  Plaintiffs Misstate the Applicable Standard ..........................................3

    (b)  Plaintiffs Fail to Rebut Defendants' Showing and the Logic and
         Benefits of an Initial Phase as to the Extrinsic Test .............................4

         (1)  Plaintiffs' Concessions Support Bifurcation.............................4

         (2)  Plaintiffs' Argument that They May Testify as to the
              Extrinsic Test Ultimately Supports Bifurcation........................4

         (3)  There Is No Merit to Plaintiffs' Argument that the
              Subjective Intrinsic Test May Save Their Claim if They
              Cannot Satisfy a "Less Relevant" Objective Extrinsic Test.......6

         (4)  Summary Judgment iras Routinely Granted When a
              Plaintiff Fails to Raise a Genuine Dispute Under the
              Extrinsic Test ................................................................................7

         (5)  Plaintiffs Are Not Helped by Citing Two Insurance Cases
              in Which Bifurcation of Discovery and Trial Was Denied ........7

         (6)  The Parties Have Agreed Upon a Proposed Schedule if
              Discovery is Bifurcated...............................................................8

         (7)  Plaintiffs Have Failed to Prove They Would Be Prejudiced
              by Bifurcation and an Initial Phase as to the Extrinsic Test .......8

    (c)  The Relevant Considerations Also Support Early Determination
         of Plaintiffs' Claimed Standing to Sue for Copyright
         Infringement ...........................................................................................9

3.  CONCLUSION...............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cavalier v. Random House, Inc.*,
  297 F.3d 815 (9th Cir. 2002) ................................................................................ 6

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991) .............................................................................................. 5

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*,
  462 F.3d 1072 (9th Cir. 2006), *overruled on other grounds by
  Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952
  F.3d 1051 (9th Cir. 2020) ..................................................................................... 7

*Hall v. Swift*,
  786 F. App'x 711 (9th Cir. 2019) ......................................................................... 4

*In re Hanford Nuclear Reservation Litig.*,
  292 F.3d 1124 (9th Cir. 2002) .............................................................................. 3

*Jada Toys, Inc. v. Mattel, Inc.*,
  496 F.3d 974 (9th Cir. 2007) ................................................................................ 5

*Jada Toys, Inc. v. Mattel, Inc.*,
  518 F.3d 628 (9th Cir. 2008) ................................................................................ 5

*Kouf v. Walt Disney Pictures & Television*,
  16 F.3d 1042 (9th Cir. 1994) ................................................................................ 4

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
  676 F.3d 841 (9th Cir. 2012) ................................................................................ 4

*Lim v. Nat'l Gen. Ins. Co.*,
  No. C15-0383RSL, 2015 WL 12025327 (W.D. Wash. June 25,
  2015) ..................................................................................................................... 7

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2018) ......................................................................... 5, 6

*Rissetto v. Plumbers & Steamfitters Local 343*,
  94 F.3d 597 (9th Cir. 1996) .................................................................................. 7

*Shaw v. Lindheim*,
 919 F.2d 1353 (9th Cir. 1990), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ................................................................. 6, 7

*Skellerup Indus. Ltd. v. City of Los Angeles*,
 163 F.R.D. 598 (C.D. Cal. 1995) ............................................................... 3

*Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*,
 952 F.3d 1051 (9th Cir. 2020), *cert. denied sub nom. Skidmore v. Led Zeppelin, et al.*, No. 20-142, 2020 WL 5883816 (U.S. Oct. 5, 2020) ............................................................................................. 1, 6, 7, 8

*Swirsky v. Carey*,
 376 F.3d 841 (9th Cir. 2004) .................................................................. 1, 4

*Tavakoli v. Allstate Prop. & Cas. Ins. Co.*,
 No. C11-1587RAJ, 2012 WL 1903666 (W.D. Wash. May 25, 2012) .......................................................................................................... 8

*Three Boys Music Corp. v. Bolton*,
 212 F.3d 477 (9th Cir. 2000), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ............................................................. 1, 4, 8

*Zindel as Tr. for David Zindel Tr. v. Fox Searchlight Pictures, Inc.*,
 815 F. App'x 158 (9th Cir. 2020) ............................................................... 7

**Rules**

Federal Rules of Civil Procedure
 1.................................................................................................................. 2
 12(b)(6) ................................................................................................ 3, 4, 7
 26(a)(2)(D) ................................................................................................. 1
 26(c)(1)....................................................................................................... 3
 26(c)(4)....................................................................................................... 3
 26(f).......................................................................................................... 2, 8

## REPLY MEMORANDUM OF POINTS AND AUTHORITIES

### 1. SUMMARY OF REPLY

Defendants respectfully submit this Reply in support of their Motion for an Order bifurcating discovery to provide for an initial phase as to the extrinsic test and Plaintiffs' standing to assert the alleged copyright infringement claim.

Plaintiffs begin their Opposition by repeating the Court's statement at the January 27, 2020, status conference that formal bifurcation is not "typically" the Court's approach. Pltfs' Oppn. (Doc. 70) at 1:2-5. But Plaintiffs omit the Court's explanation: a party seeking to file an early summary judgment motion based on a specific issue can simply proceed to "get that discovery done" and "then move for summary judgment." Rptr's Trans. of Proc. on Jan. 27, 2020 (Doc. 60) at 9:6-14. That is not possible as to the extrinsic test here because "[t]he extrinsic test requires '. . . expert testimony,'"[1] and Plaintiffs cannot be required to participate in expert disclosures and discovery as to the extrinsic test until ordered to do so by the Court.[2] As a result, this is not the typical case where the party can just "get [the discovery necessary to file a dispositive motion] done" and file its motion.

Plaintiffs argue that bifurcation would "require discovery from Plaintiffs while simultaneously insulating Defendants from any discovery obligations of their own." Pltfs' Oppn. at 1:8-10. That is not true; instead, first phase discovery would be mutual. As for the extrinsic test, Defendants – like Plaintiffs – would provide their disclosures and produce their experts for deposition. As for Plaintiffs' standing, that issue turns on the plain meaning of express language in Plaintiffs' two music publishing agreements. Because Plaintiffs have not previously disputed the

---

[1] *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004) (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020), *cert. denied sub nom. Skidmore v. Led Zeppelin, et al.*, No. 20-142, 2020 WL 5883816 (U.S. Oct. 5, 2020)).

[2] Fed. R. Civ. P. 26(a)(2)(D).

existence of those two music publishing agreements and that they apply to *Playas Gon' Play* ("*Playas*"), and now appear to confirm those points,[3] Defendants may not even have to serve the simple request for admission they contemplated serving. Defs' Memo. (Doc. 69-1) at 12:18-21 (the two agreements and confirmation that they apply to *Playas* resolve the standing issue).

Plaintiffs also offer the conclusory assertion that "bifurcation would increase Plaintiffs' discovery costs, lead to duplicative discovery and needlessly prolong the case." Plfts' Oppn. at 1:10-12. None of that withstands scrutiny. Duplication is not an issue because the extrinsic test and standing involve evidence separate from evidence as to, *e.g.,* whether copying occurred and Defendants' revenues, costs, and profits. Defs' Memo. at 6:10-26. Once the first phase of discovery is complete and if Plaintiffs raise a genuine dispute as to the extrinsic test and their standing, discovery as to those issues will not need to be re-done. Bifurcation will not prolong the case – indeed, the parties propose the exact same trial date whether or not the Court grants bifurcation. *See* Joint Rule 26(f) Report Exhibit A (Doc. 71-1). And if Plaintiffs are unable to raise a genuine dispute as to the extrinsic test or as to Plaintiffs' standing, the case is over without any further discovery, cost, or expense, and long before the proposed trial date.

Bifurcation of discovery as to these two distinct and potentially dispositive issues furthers judicial economy and "the just, speedy, and inexpensive determination of" the case,[4] all without any undue prejudice to Plaintiffs. The Motion should be granted because it simply makes good sense.

///

///

---

[3]  Pltfs' Oppn. at 5:7-9 ("Defendants base their standing argument on publishing and co-publishing agreements entered into by the Plaintiffs.").

[4]  Fed. R. Civ. P. 1.

1. **2. AN INITIAL PHASE OF DISCOVERY IS APPROPRIATE AS TO THE EXTRINSIC TEST AND PLAINTIFFS' STANDING**

   **(a) Plaintiffs Misstate the Applicable Standard**

   The parties are in general agreement as to the factors that courts consider in deciding whether to bifurcate. *See,* Defs' Memo. (Doc. 69-1) at 4:7-13 & Pltfs' Oppn. at 1:18-22. However, Plaintiffs argue that a first phase of discovery as to an issue or issues necessarily implies a hold on discovery as to other issues and that, as a result, a separate and stricter standard applicable to Federal Rule of Civil Procedure 26(c)(1) motions to stay discovery applies. *Id.* at 2:4-15 (mistakenly citing to Fed. R. Civ. P. 26(c)(4)). Plaintiffs are only half-right.

   It is a truism that if a phase of discovery is limited to one or more issues, then discovery as to other issues is deferred. Because they go hand in hand, the fact that bifurcation would defer other discovery is subsumed within the normal bifurcation analysis. *See, e.g., In re Hanford Nuclear Reservation Litig.,* 292 F.3d 1124, 1129 (9th Cir. 2002) (district court's bifurcation of discovery into three phases each limited to specific topics was a "sensible discovery schedule"); *see, also* Defs' Memo. at 3:18-4:6 (gathering cases). That does not, as Plaintiffs suggest, turn every motion to bifurcate discovery into a Rule 26(c)(1) motion for a protective order. Pltfs' Oppn. at 2:4-8.

   Building on their attempt to impose a higher standard on Defendants' Motion, Plaintiffs argue that a party seeking a Rule 26(c)(1) stay on discovery has "a heavy burden of making a strong showing why discovery should be denied . . . [by showing] a particular or specific need for the stay, as opposed to making stereotyped or conclusory statements." Pltfs' Oppn. at 2:12-15 (quoting *Skellerup Indus. Ltd. v. City of Los Angeles,* 163 F.R.D. 598, 600 (C.D. Cal. 1995)).

   But in *Skellerup* the defendant sought a complete bar "of all discovery pending resolution of its Motion to Dismiss under Fed. R. Civ. P. 12(b)(6)." *Skellerup,* 163 F.R.D. at 600. Here, rather than seeking a stay on all discovery Defendants instead

propose a logical and efficient ordering of discovery to deal first with two distinct and potentially dispositive issues. And rather than rely on bare conclusions, Defendants make a very strong and specific case for that relief.

### (b) Plaintiffs Fail to Rebut Defendants' Showing and the Logic and Benefits of an Initial Phase as to the Extrinsic Test

#### (1) Plaintiffs' Concessions Support Bifurcation

Plaintiffs do not dispute that the Court of Appeals panel, by ruling only that Plaintiffs had "plausibly alleged originality" in *Playas* for Rule 12(b)(6) purposes, did not reach the extrinsic test and its analytic comparison of *Playas* and *Shake It Off*. *Hall v. Swift*, 786 F. App'x 711, 712 (9th Cir. 2019). Plaintiffs also do not dispute that "a plaintiff who cannot satisfy the extrinsic test necessarily loses on summary judgment, because a jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir. 1994). And Plaintiffs do not dispute that "[t]he extrinsic test requires 'analytical dissection of a work and expert testimony.'" *Swirsky*, 376 F.3d at 845 (quoting *Three Boys Music*, 212 F.3d at 485).

Plaintiffs' concessions, by establishing that the extrinsic test is a distinct issue with its own evidence and is potentially dispositive of this case, support bifurcation and a first phase as to the extrinsic test.

#### (2) Plaintiffs' Argument that They May Testify as to the Extrinsic Test Ultimately Supports Bifurcation

To steer the Court away from the direction that Plaintiffs' concessions lead, Plaintiffs argue that the works and expert testimony are "not the only evidence the Court may consider." Pltfs' Oppn. at 3:1-2. Plaintiffs first state that "[t]he core of the extrinsic test is 'objective comparison of specific expressive elements' of the works." *Id.* at 3:2-4 (quoting *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 848 (9th Cir. 2012)). But that just means the extrinsic test includes the works themselves. That is not additional evidence beyond the experts comparing the works.

4

1         Plaintiffs then state that "Courts look at the elements of the work which are
2 original and 'the product of independent creation, not novelty.'" Pltfs' Oppn. at 3:4-
3 6 (quoting *Jada Toys, Inc. v. Mattel, Inc.*, 496 F.3d 974, 982 (9th Cir. 2007)). Aside
4 from the fact that the decision Plaintiffs cite was superseded by *Jada Toys, Inc. v.*
5 *Mattel, Inc.*, 518 F.3d 628 (9th Cir. 2008), the Court actually referred to the test for
6 originality, not the extrinsic test. *Id.* at 636. Plaintiffs then leap to the conclusion
7 that if the extrinsic test is bifurcated, then Plaintiffs may be deposed twice – once in
8 the initial phase and again if summary judgment is not granted – because, they argue,
9 "Plaintiffs' own testimony on the creation of the work could be relevant" in both
10 phases. Pltfs' Oppn. at 3:6-7. However, that conjecture does not help them on this
11 Motion.
12         To the extent Plaintiffs mean that in an initial phase as to the extrinsic test they
13 would provide their own <u>fact testimony</u> as to their efforts and "level of creativity
14 employed" in writing *Playas* (Pltfs' Oppn. at 3:19), they are clearly wrong. It matters
15 not how much effort was put into creating a work, only whether "the similarities
16 between the two works [are] 'substantial' and . . . involve protected elements of the
17 Plaintiffs' work." *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018);
18 *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 364 (1991) ("copyright
19 rewards originality, not effort").
20         Plaintiffs – who raise that they "are songwriters and lyricists familiar with the
21 landscape of urban and hip hop music and lyrics in the relevant time period" (Pltfs'
22 Oppn. at 3:7-8) – may instead mean that they might seek to testify as experts applying
23 the extrinsic test. If so, bifurcation actually may limit the times they testify. That is
24 so because <u>absent bifurcation</u> they would be deposed twice: first as fact witnesses
25 during fact discovery, and second as experts identified in expert disclosures provided
26 after fact discovery. On the other hand, <u>with bifurcation</u> they would testify as expert
27 witnesses in the first phase, and whether they later testify as fact witnesses would
28 depend on the outcome of the summary judgment motion. As a result, assuming

1 Plaintiffs are qualified and try to testify as experts on the extrinsic test, bifurcation
2 puts no greater burden on Plaintiffs while adding the possibility that they will be
3 deposed only once if the summary judgment motion is granted.

4 Accordingly, Plaintiffs' own argument establishes that bifurcation would not
5 increase and would potentially reduce their discovery burden.

6 **(3) There Is No Merit to Plaintiffs' Argument that the**
7 **Subjective Intrinsic Test May Save Their Claim if They**
8 **Cannot Satisfy a "Less Relevant" Objective Extrinsic Test**

9 Plaintiffs next argue that because their claim involves lyrics, "it is the
10 *subjective* reaction of the listener that counts the most, making any objective
11 comparison less relevant here." Pltfs' Oppn. at 3:20-23 (emphasis in original). They
12 appear to contend that they can overcome a failure to raise a genuine dispute as to
13 the extrinsic test by somehow submitting evidence as to "the subjective reaction of
14 the listener." But that plainly is not the law.

15 The extrinsic is "objective," the intrinsic test is "subjective, and "[t]o prevail,
16 a plaintiff must prove substantial similarity under both tests." *Rentmeester*, 883 F.3d
17 at 1118 (emphasis added). Plaintiffs cite two cases, extensively quoting from one,
18 but the two cases merely confirm that both the extrinsic and intrinsic test must be
19 satisfied. Pltfs' Oppn. at 3:23-4:8 (citing *Shaw v. Lindheim*, 919 F.2d 1353, 1357
20 (9th Cir. 1990) (copyright plaintiff must establish substantial similarity under
21 extrinsic and intrinsic tests), *overruled on other grounds by Skidmore*, 952 F.3d
22 1051, & citing *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002)
23 (same)).

24 These cases do not support – and established case law refutes – Plaintiffs'
25 argument that the extrinsic test is "less relevant here."

26 ///
27 ///
28 ///

### (4) Summary Judgment Is Routinely Granted When a Plaintiff Fails to Raise a Genuine Dispute Under the Extrinsic Test

Plaintiffs also argue "that [s]ummary judgment is not highly favored on questions of substantial similarity." Pltfs' Oppn. at 4:8-11 (quoting *Zindel as Tr. for David Zindel Tr. v. Fox Searchlight Pictures, Inc.*, 815 F. App'x 158, 159 (9th Cir. 2020)).

Aside from the fact that *Zindel* involved a Rule 12(b)(6) dismissal – and also aside from the fact that "not highly favored" is hardly a prohibition – Plaintiffs' own counsel has admitted that "[t]here's a wealth of authority in this circuit that summary judgment is appropriate on the issue [of the extrinsic test]." Defs' Memo. at 9:11-13 (quoting Ms. Bogorad).[5] And she is right. *See id.* at 8:9-23 (gathering cases); *see also Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1076–77 (9th Cir. 2006) (summary judgment affirmed); "Although 'summary judgment is not highly favored on the substantial similarity issue in copyright cases,' . . . substantial similarity 'may often be decided as a matter of law.'" (internal citations omitted), *overruled on other grounds by Skidmore*, 952 F.3d 1051; *Shaw,* 919 F.2d at 1355 ("[W]e have frequently affirmed summary judgment in favor of copyright defendants on the issue of substantial similarity.").

### (5) Plaintiffs Are Not Helped by Citing Two Insurance Cases in Which Bifurcation of Discovery and Trial Was Denied

Plaintiffs cite two cases in which bifurcation was declined. Plfts' Oppn. at 4:18-5:5. But in both cases, a defendant insurance company unsuccessfully sought to bifurcate both discovery and trial of the plaintiff's underinsured motorist claim and bad faith claim. *Lim v. Nat'l Gen. Ins. Co.*, No. C15-0383RSL, 2015 WL

---

[5] By obtaining the appellate reversal of the Rule 12(b)(6) dismissal of their case by conceding the issue is reachable by summary judgment, Plaintiffs are judicially estopped from blowing hot and cold and now arguing that summary judgment is procedurally inappropriate in this case. *Rissetto v. Plumbers & Steamfitters Local 343*, 94 F.3d 597, 600–01 (9th Cir. 1996).

1  12025327, at *1–2 (W.D. Wash. June 25, 2015) (among other things, court
2  "unpersuaded" by insurance company's argument that the issues and evidence on the
3  two claims were separate and distinct); *Tavakoli v. Allstate Prop. & Cas. Ins. Co.*,
4  No. C11-1587RAJ, 2012 WL 1903666, at *1 (W.D. Wash. May 25, 2012).

5        In a footnote, Plaintiffs argue that the extrinsic test was not at issue in five of
6  the cases that Defendants' Motion cites as granting bifurcation. Pltfs' Oppn. at 4
7  n.2. That does not change that the cases applied the same principles and analyses
8  that supports bifurcation here. Further, Plaintiffs fail to cite a single case declining
9  to bifurcate for an initial phase as to the extrinsic test.

10       **(6)    The Parties Have Agreed Upon a Proposed Schedule if**
11               **Discovery Is Bifurcated**

12       In their Opposition, Plaintiffs argue that Defendants' proposed schedule for a
13 bifurcated first phase is too tight because they would have to retain an expert as to
14 the extrinsic test two weeks after the hearing on the Motion, during the holidays and
15 a global pandemic. Pltfs' Oppn. at 4:12-16. Defendants assumed that Plaintiffs
16 would already have retained an expert before filing suit. In any event, the parties
17 have resolved that issue by agreeing upon a proposed schedule if the Court grants
18 the Motion to bifurcate. *See* Joint Rule 26(f) Report (Doc. 71) at 5:16-25, & Exhibit
19 A (Doc. 71-1).

20       **(7)    Plaintiffs Have Failed to Prove They Would Be Prejudiced**
21               **by Bifurcation and an Initial Phase as to the Extrinsic Test**

22       Although Plaintiffs incant prejudice if the extrinsic test issue is resolved first,
23 they fail miserably in proving prejudice.
24       There is no meat to their argument that bifurcation would require that they be
25 deposed twice. As fact witnesses, they have nothing to contribute to the extrinsic
26 test's "compar[ison of] the objective similarities" of the works (*Skidmore*, 952 F.3d
27 at 1064.) and "analytical dissection of [the] work[s] and expert testimony" (*Three
28 Boys Music*, 212 F.3d at 485). *See above* at 5:12-19. And if their plan is to designate

themselves as the experts as to the extrinsic test, they will be deposed twice if discovery is not bifurcated and possibly only once if it is bifurcated. *See above* at 5:20-6:3.

Plaintiffs complain that bifurcation would insulate Defendants from discovery. But that is not true. Defendants, like Plaintiffs, would have to disclose their experts and engage in first phase discovery. And discovery as to other issues not within the first phase would be deferred for both Defendants and Plaintiffs.

Plaintiffs refer to the possibility of duplicative discovery but identify none. This Circuit's extrinsic test is a discrete issue that involves limited evidence that does not overlap other issues. In short, Plaintiffs' claims of prejudice ring hollow.

Plaintiffs must face the extrinsic test at some point, and it is a potentially dispositive issue that can and should be decided at the outset. Further, the extrinsic test requires expert testimony, but expert disclosures and discovery are not permitted until ordered by the Court. As a result, this is not the typical situation where a party seeking to file an early summary judgment motion can simply obtain the necessary discovery and file the motion. Instead, an early summary judgment motion on the extrinsic test requires Court-ordered early expert discovery on that test. Accordingly, a first phase of discovery as to the extrinsic test is appropriate, stands to end this case early and save substantial judicial and party time, effort, and resources, and will not prejudice Plaintiffs.

**(c) The Relevant Considerations Also Support Early Determination of Plaintiffs' Claimed Standing to Sue for Copyright Infringement**

Defendants also showed that an initial phase of discovery can and should include the issue of Plaintiffs' standing to sue for infringement of the *Playas* copyright. Defs' Memo. at 10:3-13:14. Plaintiffs fail to rebut that showing.

Plaintiffs concede the existence of their two music publishing agreements and do not dispute that the agreements' provisions that only the music publishers may sue for infringement. Plaintiffs' only argument is that they would

"undoubtedly" be subjected to the costs of their depositions and discovery as to standing. Pltfs' Oppn. at 5:10-15. Of course, if that were true it would only shift the timing of that discovery since it will occur at some point. Moreover, Defendants have made it clear that for the purposes of their summary judgment motion as to standing, they intend to rely on the plain meaning of the agreements' provisions, not Plaintiffs' testimony as to what the provisions mean. Now that Plaintiffs concede the agreements' existence, Defendants do not anticipate even serving the request for admissions they considered serving.

If, as Plaintiffs' agreements provide, Plaintiffs do not have the right to assert the claim they assert, that also disposes of the case and, in the interest of judicial and party economy, should be resolved at the outset.

### 3. **CONCLUSION**

The extrinsic test as well as Plaintiffs' standing present discrete issues subject to very limited discovery and are potentially dispositive of the case. One would think that Plaintiffs would prefer to know whether they have a claim sooner rather than after they have been involved in another year of litigation and expended substantial time, effort, and attorney's fees. Bifurcation is so clearly preferable that it is perplexing that Plaintiffs oppose it.

Defendants respectfully submit that the Motion should be granted.

DATED: November 2, 2020

/s/ Peter J. Anderson
Peter Anderson, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
TAYLOR SWIFT,
KARL MARTIN SANDBERG,
KARL JOHAN SCHUSTER,
SONY/ATV MUSIC PUBLISHING LLC, KOBALT MUSIC PUBLISHING AMERICA INC., BIG MACHINE LABEL GROUP, LLC, and
UNIVERSAL MUSIC GROUP, INC.