UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6882-MWF (ASx)      **Date:** November 13, 2020
**Title:** Sean Hall et al. v. Taylor Swift et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**      ORDER RE: MOTION FOR ORDER BIFURCATING DISCOVERY [69]

Before the Court is Defendants Taylor Swift, Karl Martin Sandberg, Karl Johan Schuster, Sony/ATV Music Publishing, LLC ("Sony"), Kobalt Music Publishing America Inc. ("Kobalt"), Big Machine Label Group, LLC ("Big Machine"), and Universal Music Group, Inc.'s ("Universal") Motion for Order Bifurcating Discovery (the "Motion"), filed on October 19, 2020. (Docket No. 69). Plaintiffs Nathan Butler and Sean Hall filed an opposition on October 26, 2020. (Docket No. 70). Defendants filed a reply on November 2, 2020. (Docket No. 72).

The Motion was noticed to be heard on November 16, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also consistent with General Order 20-09 arising from the COVID-19 pandemic.

Defendants request an order bifurcating discovery into two distinct phases: (1) discovery on whether Plaintiffs can raise a genuine dispute that *Shake it Off* and *Playas Gon' Play* ("*Playas*") are substantially similar under the extrinsic test; and (2) discovery on whether Plaintiffs can raise a genuine dispute that they have standing to maintain this action under the Copyright Act, 17 U.S.C. § 101 *et seq*. (*See* Motion at 1-2). Defendants argue that bifurcation of discovery into two distinct phases furthers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** November 13, 2020 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

the interests of judicial economy because each of the two issues stands to resolve the case in its entirety, without the need for discovery on all other issues. (*Id.* at 2).

"The district court has wide discretion in controlling discovery." *Blackburn v. United States*, 100 F.3d 1426, 1436 (9th Cir. 1996) (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). "Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). "Courts consider several factors in determining whether bifurcation is appropriate, including separability of the issues, simplification of discovery and conservation of resources, and prejudice to the parties." *McDermott v. Potter*, No. C 07-06300 SI, 2010 WL 956808, at *1 (N.D. Cal. Mar. 12, 2010).

Defendants first argue that bifurcation of discovery is warranted because the extrinsic test is a discrete, separate matter that can be resolved at the outset of the case.

The extrinsic test "compares the objective similarities" of two works and involves "analytical dissection" of the works and "expert testimony" as to the presence or absence of substantial similarity. *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020), *cert. denied sub nom. Skidmore v. Led Zeppelin, et al.*, No. 20-142, 2020 WL 5883816 (U.S. Oct. 5, 2020); *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000).

Plaintiffs argue that bifurcation based on the extrinsic test is not appropriate because it would prejudice Plaintiffs and would not simplify discovery or conserve judicial resources.

Defendants next argue that bifurcation of discovery is warranted because the issue of standing is separate and discrete from all other issues in the case. Specifically, Defendants argue that the issue of whether Plaintiffs retained or transferred the right to sue under the Copyright Act is a threshold issue involving its own limited evidence, primarily two long-form, integrated, and written agreements that Plaintiffs entered into with music publishers. (Motion at 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6882-MWF (ASx)         **Date:** November 13, 2020

**Title:**     Sean Hall et al. v. Taylor Swift et al.

      The Court usually denies these bifurcation requests, and does so here. In the Court's experience, formal bifurcation simply means the parties will squabble over whether certain discovery is "in" or "out" of the first phase, or whether there should be an exception. In addition, once a "Phase One" deadline is set, Defendants do not have an incentive to immediately commence discovery necessary for summary judgment.

      Nonetheless, Defendants' concerns are real and their goals are understandable. There is no reason for discovery to take place immediately that would be unduly expensive, burdensome, or intrusive. But rather than formal bifurcation, it is preferable for each disputed discovery request to be litigated before the magistrate judge. The magistrate judge is in the best position to determine whether a particular discovery request should be postponed until after a motion for summary judgment is decided.

      Accordingly, the Motion is **DENIED**.

      The Court reminds Plaintiffs that they are on notice about Defendants' intentions. Rather than needlessly litigate discovery requests that would obviously be mooted by summary judgment, they should determine what discovery they need to avoid summary judgment. An opposition to summary judgment that only then requests more time to take obvious discovery will not be persuasive.

      IT IS SO ORDERED.