UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 17-6882-MWF (ASx) | **Date:** December 9, 2021 |
| **Title:** | Sean Hall et al. v. Taylor Swift et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [92]

Before the Court is Defendants Taylor Swift, Karl Martin Sandberg, Karl Johan Schuster, Sony/ATV Music Publishing, LLC, Kobalt Music Publishing America, Inc., Big Machine Label Group, LLC, and Universal Music Group, Inc.'s Motion for Summary Judgment (the "Motion"), filed July 19, 2021. (Docket No. 92, 92-1). Plaintiffs Sean Hall d.b.a. Gimme Some Hot Sauce Music and Nathan Butler d.b.a. Faith Force Music filed an Opposition on August 23, 2021. (Docket No. 98). Defendants filed a Reply on September 13, 2021. (Docket No. 99).

For the reasons below, the Motion is **DENIED**. Alhough Defendants have made a strong closing argument for a jury, they have not shown that there are no genuine issues of triable fact such that Defendants are entitled to judgment as a matter of law.

The Request for Judicial Notice (Docket No. 92-113) is **GRANTED**.

The Evidentiary Objections (Docket Nos. 98-25, 99-13) are **OVERRULED**.

## I.   BACKGROUND

### A.   Factual Background

This Court has previously summarized the background of this case in connection with Defendants' motion to dismiss. (Docket No. 65). The following background is substantially the same and as such will be condensed.

---
**CIVIL MINUTES—GENERAL**                                                                                                                1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)	Date:  December 9, 2021
Title:	Sean Hall et al. v. Taylor Swift et al.

In 2001, Plaintiffs co-authored the song entitled *Playas Gon' Play* ("*Playas*"). (Defendants' Statement of Uncontroverted Facts ("DSUF") No. 31 (Docket No. 92-2)). The song *Playas* was released to the public as a single from the female group 3LW's album in May 2001.  (DSUF No. 32; Defendants' Response to Plaintiff's Statement of Genuine Disputes ("DRPD") No. 32 (Docket No. 99-12)).  *Playas* became "a hit" following the release, including appearing on Billboard's Hot 100 chart for weeks along with being on video countdowns on television channels such as TRL and MTV. (Docket No. 1 ("Complaint")) ¶¶ 15–19).

In 2014, Defendants co-authored the musical combinations entitled *Shake it Off* ("*Shake*"), which Swift performed and recorded before it was released to the public in August 2014.  (*Id.* ¶ 26; DSUF No. 34).  *Shake* debuted at number one on Billboard's Hot 100 chart, remained there for 50 weeks, and has sold more than 9,000,000 copies to date.  (Complaint ¶¶ 35–36).

A comparison of the lyrics at issue can be found below:

| ***Playas*** | ***Shake*** |
|---|---|
| Playas, they gon' play | 'Cause the players gonna play, play, play, play, play |
| And haters, they gonna hate | |
| Ballers, they gon' ball | And the haters gonna hate, hate, hate, hate, hate |
| Shot callers, they gonna call | Baby, I'm just gonna shake, shake, shake, shake, shake |
| That ain't got nothing to do | |
| With me and you | Shake it off |
| That's the way it is | Shake it off |
| That's the way it is | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** December 9, 2021 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

> Heartbreakers gonna break, break, break, break, break
>
> And the fakers gonna fake, fake, fake, fake, fake
>
> Baby, I'm just gonna shake, shake, shake, shake, shake
>
> Shake it off
>
> Shake it off

(Motion at 9–10; Complaint ¶¶ 19–25, 27–28 (stating the original words are "Playas, they gonna play / And haters, they gonna hate", rather than using "gon'")).

This suit arises by way of Plaintiffs' allegation that Defendants have collectively infringed on Plaintiffs' musical composition copyright in *Playas* in creating *Shake,* based upon alleged lyrical and structural similarities between the compositions underlying the two songs.  (Complaint ¶¶ 23–25, 27–30, 41–50; DSUF No. 36.; Plaintiffs' Genuinely Disputed Facts No. 43–69 (Docket No. 98-1 ("PGDF"))). Notably, Plaintiffs acknowledge that the concepts for *Playas'* chorus was firmly rooted in pop culture at the time *Playas* was released but nonetheless claim that Plaintiffs' combination of the words in question was an original work that was then copied by Swift in Defendants' creation of *Shake's* chorus.  (Complaint ¶¶ 20, 25, 27–28, 42–50).

### B. Procedural Background

Plaintiffs filed their Complaint before the Court on September 18, 2017.  (*See generally* Docket No. 1).  The Complaint alleges copyright infringement of the musical composition underlying *Playas* and seeks: (1) a judicial determination that Defendants have infringed on Plaintiffs' copyright, (2) damages, and (3) attorneys fees  (*Id.*).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** December 9, 2021 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

On January 3, 2018, Defendants filed a motion to dismiss Plaintiffs' claim on the ground that the disputed lyrics lacked originality to enjoy copyright protection. (Docket No. 20). Plaintiffs opposed the motion to dismiss and Defendants replied. (Docket Nos. 25, 28). The Court heard oral argument from the parties and subsequently granted the motion. (Docket Nos. 29–30).

After declining the opportunity to amend their Complaint, Plaintiffs appealed the dismissal to the Ninth Circuit. (Docket No. 38). The Ninth Circuit reversed the dismissal on the ground that the lyrics, as alleged in the Complaint, "plausibly alleged originality." (9th Circuit Memorandum (Docket No. 49) at 2). Based on the 9th Circuit Memorandum and additional briefings (Docket Nos. 59, 62–64), the Court denied Defendants' motion to dismiss, holding that Plaintiffs had "sufficiently alleged a protectable selection and arrangement or a sequence of creative expression." (Docket No. 65 at 2).

After Defendants filed their answer (Docket No. 66), the parties engaged in discovery and accumulated expert testimony pursuant to the Court's respective scheduling orders. (Docket Nos. 67–74, 79–81, 85–87). Defendants then filed this Motion on July 19, 2021. (Docket No. 92). Plaintiffs replied to the Motion on August 23, 2021, and Defendants replied to it on September 13, 2021. (Dockets No. 98–99).

## II. LEGAL STANDARD

In deciding a motion for summary judgment under Rule 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6882-MWF (ASx)          **Date:** December 9, 2021
**Title:**     Sean Hall et al. v. Taylor Swift et al.

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)).

### III. DISCUSSION

#### A. Infringement

Defendants argue that they are entitled to summary judgment because Plaintiffs have failed to establish that *Shake* and *Playas* are substantially similar with respect to their musical compositions, as alleged in the Complaint. (Motion at 7; Complaint ¶¶ 42–43). Defendants argue that Plaintiffs' claims pertain to phrases and sequences in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 17-6882-MWF (ASx) | Date:  December 9, 2021 |
| Title:      Sean Hall et al. v. Taylor Swift et al. | |

*Playas* that are unprotected and used differently (rather than substantially similarly) than they are in *Shake*.  (*See id.*)

"To prevail on [a] copyright infringement claim, [a plaintiff] must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010) (internal citation and quotation marks omitted).  "Although copyright protects only original expression, it is not difficult to meet the famously low bar for originality."  *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1069 (9th Cir. 2020) (citing *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991)).  "[O]riginality requires at least 'minimal' or 'slight' creativity — a 'modicum' of 'creative spark' — in addition to independent creation."  *Id.* at 1071 (quoting *Feist*, 499 U.S. at 345–46, 362).

"A copyright plaintiff may prove copying with circumstantial, rather than direct, evidence."  *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018) (citing *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *overruled on other grounds by Skidmore*, 952 F.3d at 1051).  "Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'"  *Id.*  (internal citations omitted).

Defendants do not contest that Plaintiffs own the copyright in *Playas'*s  musical composition or that Taylor Swift had access to *Playas* prior to their creation of *Shake*, and the Court therefore declines to discuss those points.

### 1.  Copyrightability

Defendants argue that Plaintiffs and their expert have conceded that *Shake* does not infringe on *Playas* because the phrases/lyrics at issue are public domain phrases which are not entitled to protection as musical or literary works (Motion at 7, 13–14, 18–19, 26–28).  Plaintiffs argue that the phrases "Playas gon' play" and "Haters gon' hate," along with the sequence and structure in which they are presented in *Playas'*s

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** December 9, 2021 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

chorus, are original due to the selection and arrangement of the underlying lyrics in the work. (Complaint ¶¶ 26–28, 42–43; Opposition at 16–22).

As indicated at the hearing, this argument is really a motion for reconsideration of the Ninth Circuit's ruling. It's not as if the lyrics in the record now are materially different than what the Complaint alleges. The Ninth Circuit already acknowledged that, at minimum, Plaintiff's characterization of the work at issue (i.e. "a six-word phrase and a four-part lyrical sequence" from *Playa*) was enough to sufficiently allege originality (Docket Nos. 48–49). As discussed at the hearing, Defendants have not shown that circumstances have changed since the Ninth Circuit opinion: Originality is sufficiently shown, when viewed in the light most favorable to Plaintiffs, even if the phrases are in the public domain.

In addition, the Court is also persuaded by the arguments made in the Opposition. Notably, Plaintiffs expressly reiterate that "the music is not part of the infringement claim" and that the core inquiry here involves the creative expression (i.e. selection and arrangement) underlying the two sets of phrases and the four-part sequency. (Opposition at 11, 18). Later, Plaintiffs signal that Defendants do not cite any contrary evidence on the issue of originality in a protectable selection and arrangement (instead seeking summary judgment based solely on the fact that the phrases are allegedly in the public domain). (*Id.* at 18; Motion at 20–22).

Plaintiffs' use of the above phrases, along with the four-part sequence, would allow a rational jury to conclude that Plaintiffs have met the minimal requirement required to secure some type of protection in this creative expression. *See Swirsky v. Carey*, 376 F.3d 841, 851 (9th Cir. 2004) ("In this circuit, the definition of originality is broad, and means 'little more than a prohibition of actual copying'… [a]ll that is needed to satisfy originality is for the author to contribute 'something more than a 'merely trivial' variation.'"). Plaintiffs are therefore entitled to at least some level of protection in the structure and arrangement of the phrases contained in the *Playa* lyrics, even if they utilize words in the public domain.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)                      Date:  December 9, 2021
Title:       Sean Hall et al. v. Taylor Swift et al.

### 2. Substantial Similarity

Defendants argue that even if there are protectable elements in *Playas*, they are not substantially similar to those in *Shake* (as a literary or as a musical work). (Motion at 12–25). Plaintiffs argue that there are at least seven elements in the selection and arrangement of the four-part lyrical sequence at issue that the chorus of *Shake* copies, from *Playas*, including, for example: 1) *Shake*'s combination of tautological phrases; 2) parallel lyrics; and 3) grammatical model "Xers gonna X." (Opposition at 23). The parties both rely on expert testimony to further substantiate their respective claims.

The Ninth Circuit has held as follows:

> Summary judgment is 'not highly favored' on questions of substantial similarity. Summary judgment is appropriate 'if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the non-moving party, that no reasonable juror could find substantial similarity of ideas and expression. Where reasonable minds could differ on the issue of substantial similarity, however, summary judgment is improper.'

*L.A. Printex Indus. v. Aeropostale, Inc.*, 676 F.3d 841, 848 (9th Cir. 2012) (internal citations omitted) (abrogated on other grounds as recognized by *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959 F.3d 1194, 1198 (9th Cir. 2020)).

At the hearing, Plaintiffs argued that factual issues remain as to whether the choruses of the two songs are sufficiently similar and whether the differences in the choruses overcome those similarities. Plaintiffs also argued that expert testimony does not resolve the factual question of similarity. Additionally, Plaintiffs argued that there is an open factual issue as to whether *Playas*'s use of public domain phrases was original in arrangement and choice.

Defendants argued that the factors the Court identified as favoring Plaintiffs were instead admitted in expert depositions to favor Defendants. Defendants further alleged that the opinions of Plaintiffs' expert Professor Kajikawa should be discounted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** December 9, 2021 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

because his background does not support his opinions and his opinions are insufficient as a matter of law.

As Plaintiffs point out, even though there are some noticeable differences between the works, there are also significant similarities in word usage and sequence/structure. (Opposition at 23–24). In addition to the combination of the phrases "Playas, they gonna play / And haters, they gonna hate" appearing almost identically in *Shake* (Complaint ¶ 27; Opposition at 23), and other similarities discussed above, Plaintiffs also argue that *Playas* included a four-part structure that Swift replicated by making reference to select groups with negative connotations, and that these similarities ultimately deliver the same message at the heart of their songs: that "we should not be concerned with what other people say and do, trusting in ourselves instead." (Opposition at 23). Though it is debatable whether this broader message is indeed communicated through the structural similarities alleged, or is an idea that is not entitled to copyright protection, it is clear that there are enough objective similarities amongst the works to imply that the Court cannot presently determine that no reasonable juror could find substantial similarity of lyrical phrasing, word arrangement, or poetic structure between the two works.

Although Defendants' experts strongly refute the implication that there are substantial similarities, the Court is not inclined to overly credit their opinions here. The Ninth Circuit has acknowledged that it has "never announced a uniform set of factors" for analyzing a musical composition under the extrinsic test and that it did not intend to change that precedent (as of 2004). *See Swirsky*, 376 F.3d at 849 (explaining that, although it "recognize[s] the difficulties faced by the district court" in applying the extrinsic test to musical compositions, the analysis must remain as is because music "is not capable of classification into only five or six constituent elements"). This precedent has remained in effect since then. *See Williams*, 895 F.3d at 1120 ("We have applied the substantial similarity standard to musical infringement suits before . . . and see no reason to deviate from that standard now") (citing *Swirsky*, 376 F.3d at 849).

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6882-MWF (ASx)           **Date:** December 9, 2021
**Title:**     Sean Hall et al. v. Taylor Swift et al.

     Indeed, Defendants' experts do make some persuasive arguments with regard to why various factors of the respective musical and literary work analyses do objectively distinguish *Playas* and *Shake*. Be that as it may, there are still numerous factors, analyzed by Defendants' same experts, that do not eliminate the possibility that there is still a genuine dispute as to the potential substantial similarity between the lyrics and their sequential structure as framed by Plaintiffs. Additionally, it is not clear that all of the factors discussed by Defendants' experts are necessary here (e.g., harmony and melody for musical works, or mood and pace for literary works). Further, one of Defendants' own experts acknowledged that at least the first half of the allegedly infringed four-part sequence from *Playas* demonstrates "concrete objective similarity to [the] lyrics in [*Shake*]." (Deposition of Larence Ferrara at 40:15-19 (Docket No. 98-11)).

     Lastly, the Court is unpersuaded by Defendants' contention that Plaintiffs' expert, Professor Kajikawa, did not properly analyze the competing musical compositions or that he is somehow not qualified to do so. (*See* Motion at 15; Reply at 14–19). Professor Kajikawa identifies himself as a academic musicologist, lists his numerous areas os study (including specific music genres and sonic/poetic qualities of song lyrics in American popular music), states that he conducted an objective comparative analysis of the two works, and that he also reviewed the reports of Defendants' experts. (*See* Declaration of Loren Kajikawa ¶¶ 2–5). The Court declines to disqualify his expert testimony in the absence of firmer basis to affirm Defendants' claim that Kajikawa's title as a musicologist, rather than a literary expert, precludes him from being able to offer reliable testimony on the relevant topics. In other words, it is not proper for this Court to resolve on summary judgment what is essentially simply a battle of the experts.

     Given the obligation to view the record in the light most favorable to Plaintiffs, genuine issues of triable facts remain as to substantial similarity.

    **B.**     **Evidentiary Objections**

     The parties advanced various objections to the evidence submitted in connection with the Motion. (*See* Docket Nos. 98-25, 99-13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)                               Date:  December 9, 2021
Title:       Sean Hall et al. v. Taylor Swift et al.

    While these objections may be cognizable at trial, on a motion for summary judgment, the Court is concerned only with the ***admissibility*** of the relevant ***facts*** at trial, and not the ***form*** of these facts as presented in the Motions.  *Sandoval v. Cty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021) ("[A]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." (citations omitted)).  Where "the contents of a document can be presented in a form that would be admissible at trial — for example, through live testimony by the author of the document — the mere fact that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment."  *Id.* (citations omitted); *see also Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (holding that the plaintiff's diary could be considered on summary judgment because she could testify consistent with its contents at trial); *Hughes v. United States,* 953 F.2d 531, 543 (9th Cir. 1992) (IRS litigation adviser's affidavit may be considered on summary judgment despite hearsay and best evidence rule objections; the facts underlying the affidavit are of the type that would be admissible as evidence even though the affidavit itself might not be admissible).

    Accordingly, and for the reasons additionally stated at the hearing, the parties' objections are **OVERRULED**.

**IV.**   **CONCLUSION**

    The Motion is **DENIED**.

    IT IS SO ORDERED.