1  Peter Anderson, Esq. (Cal. Bar No. 88891)
        peteranderson@dwt.com
2  Arleen Fernandez, Esq. (Cal. Bar No. 318205)
        arleenfernandez@dwt.com
3  DAVIS WRIGHT TREMAINE LLP
   865 South Figueroa Street, 24th Floor
4  Los Angeles, California  90017-2566
   Telephone: (213) 633-6800
5  Fax: (213) 633-6899

6  Attorney for Defendants
   TAYLOR SWIFT, KARL MARTIN
7  SANDBERG, KARL JOHAN SCHUSTER,
   SONY MUSIC PUBLISHING (US) LLC,
8  formerly known as Sony/ATV Music
   Publishing LLC, KOBALT MUSIC
9  PUBLISHING AMERICA INC.,
   BIG MACHINE LABEL GROUP, LLC, and
10 UNIVERSAL MUSIC GROUP, INC.

11                **UNITED STATES DISTRICT COURT**

12                **CENTRAL DISTRICT OF CALIFORNIA**

13                        **WESTERN DIVISION**

14 | SEAN HALL, *etc., et al.*, ) Case No. 2:17−cv−06882 MWF (ASx)
15 |                             )
   |         Plaintiffs,         )
16 |                             )
   |    vs.                      ) MEMORANDUM OF POINTS AND
17 |                             ) AUTHORITIES IN SUPPORT OF
   | TAYLOR SWIFT, *etc., et al.*,) MOTION TO AMEND OR
18 |                             ) RECONSIDER SUMMARY
   |         Defendants.         ) JUDGMENT RULING
19 |                             )

20                                Date: February 7, 2022
                                  Time: 10:00 a.m.
21
22                                        Courtroom of the Honorable
                                              Michael W. Fitzgerald
23                                         United States District Judge

## **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

1.  INTRODUCTION ........................................................................................... 1

2.  THE RULING ON THE MOTION FOR SUMMARY JUDGMENT SHOULD BE REVISITED ................................................................................ 2

    (a)    The Standards Applicable to This Motion ............................................. 2

    (b)    As an Outcome-Determinative Issue, the Application of the Extrinsic Test Should Be Specifically Addressed ................................. 3

        (1)    As a Matter of Law, the Alleged Copying of Two Public Domain Phrases along with Ideas or Concepts Does Not Satisfy the Extrinsic Test ............................................................. 3

        (2)    Also as a Matter of Law, a Selection-and-Arrangement Claim Cannot Be Based on Ideas, Leaving Plaintiffs with Two Public Domain Elements That Also Fail the Extrinsic Test ........ 6

3.  CONCLUSION ................................................................................................ 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Computer, Inc. v. Microsoft Corp.*,
   35 F.3d 1435 (9th Cir. 1994) ............................................................................... 6

*Benay v. Warner Bros. Ent.*,
   607 F.3d 620 (9th Cir. 2010), *overruled on other grounds by
   Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ................................ 4, 5

*Beyond Blond Prods., LLC v. Heldman*,
   No. CV205581DSFGSJX, 2020 WL 4782745 (C.D. Cal. Aug. 14,
   2020) .................................................................................................................. 8

*Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*,
   803 F.3d 1032 (9th Cir. 2015) ............................................................................ 7

*Cavalier v. Random House, Inc.*,
   297 F.3d 815 (9th Cir. 2002) ........................................................................... 4, 5

*City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*,
   254 F.3d 882 (9th Cir. 2001) ............................................................................... 2

*Desire, LLC v. Manna Textiles, Inc.*,
   986 F.3d 1253 (9th Cir. 2021) ............................................................................. 6

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ............................................................................................ 6

*Funky Films, Inc. v. Time Warner Entm't Co.*,
   462 F.3d 1072 (9th Cir. 2006), *overruled on other grounds by
   Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ................................ 4, 5

*L.A. Printex Indus., Inc. v. Aeropostale, Inc.*,
   676 F.3d 841 (9th Cir. 2012), *abrogated on other grounds as
   recognized by Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 959
   F.3d 1194 (9th Cir. 2020) .................................................................................... 6

*Lolli v. Cty. of Orange*,
   351 F.3d 410 (9th Cir. 2003) ............................................................................... 2

*Melancon v. Texaco, Inc.*,
   659 F.2d 551 (5th Cir. 1981) ............................................................................... 2

<mark>

*Narell v. Freeman*,
  872 F.2d 907 (9th Cir. 1989) ............................................................................... 8

*Rentmeester v. Nike, Inc.*,
  883 F.3d 1111 (9th Cir. 2018), *overruled on other grounds by*
  *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ..................................... 7

*Satava v. Lowry*,
  323 F.3d 805 (9th Cir. 2003) ........................................................................... 5, 8

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*,
  5 F.3d 1255 (9th Cir. 1993) ............................................................................... 2

*Skidmore v. Led Zeppelin*,
  952 F.3d 1051 (9th Cir. 2020) ................................................................. 1, 5, 6, 7

*Swirsky v. Carey*,
  376 F.3d 841 (9th Cir. 2004) ........................................................................... 1, 5

*Unicolors, Inc. v. Urban Outfitters, Inc.*,
  853 F.3d 980 (9th Cir. 2017) ............................................................................... 7

**Statutes**

17 U.S.C.
  § 101 .................................................................................................................. 6
  § 102(b) ........................................................................................................... 4, 7

**Rules**

Federal Rule of Civil Procedure
  60(b) .................................................................................................................. 2
  60(b)(6) ............................................................................................................. 2

Local Rule
  7-18 ................................................................................................................... 2
  7-18(c) ............................................................................................................... 2
  11-5.2 ................................................................................................................ 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION**

Mindful of both the burden on the Court but also the importance of the issue, Defendants respectfully request that the Court consider that its December 9, 2021, Order (Doc. 104) denying Defendants' Motion for Summary Judgment did not address one specific issue, namely whether Plaintiffs' claimed substantial similarity survives this Circuit's extrinsic test.

The Order identifies the lyrics at issue and concludes there is "a genuine dispute as to the potential substantial similarity between the lyrics and their sequential structure as framed by Plaintiffs." Order at 2-3, 10. However, the Order does not apply the extrinsic test to that claimed substantial similarity, and that test mandates, *inter alia*, that "it is essential to distinguish between the protected and unprotected material in a plaintiff's work." *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (quoting *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004)).[1]

Thus, the Order finds support in the testimony of Dr. Ferrara that "the first half of the allegedly infringed four-part sequence from *Playas* demonstrates 'concrete objective similarity to [the] lyrics in [*Shake*].'" Order at 10 (quoting Depo. of Dr. Ferrara (Doc. 98-11) at 40:15-19). But the similarity he identified is that both songs use "players gonna play" and "haters gonna hate" phrases (Depo. of Dr. Ferrara at 40:15-19), which Plaintiffs admit are unprotected and in the public domain. The remaining claimed similarities are in ideas and concepts that also do not establish

---

[1] The Order's only reference to the extrinsic test is to tie it to a statement in *Swirsky* regarding the difficulties district courts face in applying the extrinsic test to music. Order at 9 (citing *Swirsky*, 376 F.3d at 851 ("music is comprised of a large array of elements," including melody, harmony, rhythm, *etc.*)). But as the Order points out, Plaintiffs have "expressly reiterate[d] that 'the music is not part of the infringement claim' . . . ." (*id.* at 7 (quoting Pltfs' Oppn. (Doc. 98) at 2)). Also, *Swirsky* expressly raised that literary works are more easily analyzed under the extrinsic test. 376 F.3d at 851 n.15.

1

substantial similarity under the extrinsic test. Similarly, the presence of two public domain phrases and claimed similar ideas does not constitute a potentially protectible selection and arrangement that survives the extrinsic test.

The Order does something that, as far Defendants are aware, no other court has done, namely finding a potentially valid infringement claim in the use of two short public domain phrases along with allegedly similar ideas and concepts. Defendants respectfully submit that the ruling should be revisited.

**2. THE RULING ON THE MOTION FOR SUMMARY JUDGMENT SHOULD BE REVISITED**

**(a) The Standards Applicable to This Motion**

A party may seek reconsideration of a ruling on a summary judgment motion. *See, e.g.*, *Lolli v. Cty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) (reversing in part denial of motion for summary judgment). Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from an order for "any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). This includes where a court "committed clear error or the initial decision was manifestly unjust." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). This Court's Local Rule 7-18 also provides that reconsideration is appropriate if there is "a manifest showing of a failure to consider material facts presented to the Court before such decision." C.D. Cal. L.R. 7-18(c). In addition and ultimately, "[a]s long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981)).

Defendants respectfully submit that the reconsideration is appropriate given that the Order does not apply the extrinsic test to the claimed substantial similarity,

///

and applying that standard mandates the entry of summary judgment in Defendants' favor.

  **(b)**  <u>**As an Outcome-Determinative Issue, the Application of the Extrinsic Test Should Be Specifically Addressed**</u>

    **(1)**  **As a Matter of Law, the Alleged Copying of Two Public Domain Phrases along with Ideas or Concepts Does Not Satisfy the Extrinsic Test**

After identifying the lyrics at issue by underlining them, the Order concludes there is "a genuine dispute as to the potential substantial similarity between the lyrics and their sequential structure as framed by Plaintiffs." Order at 2-3, 10. Those lyrics are:

| <u>*Playas*</u> | <u>*Shake It Off*</u> |
|---|---|
| Playas, they gon' play | 'Cause the players gonna play, |
| And haters, they gonna hate | play, play, play, play |
| Ballers, they gon' ball | And the haters gonna hate, hate, |
| Shot callers, they gonna call | hate, hate, hate |
|  | … |
|  | Heartbreakers gonna break, |
|  | break, break, break, break |
|  | And the fakers gonna fake, fake, |
|  | fake, fake, fake |

However, Plaintiffs admitted, and it is undisputed, that the phrases "players gonna play" and "haters gonna hate" are unprotected and in the public domain. *See, e.g.,* Defs' Exh. 17 (Doc. 92-23) at 190-91 (Plaintiffs claim no rights in the phrase "players gonna play" or in the phrase "haters gonna hate"); Depo. of Kajikawa, Defs' Exh. 11 (Doc. 92-17) at 66:21-67:2 ("Q. Do you agree that before the plaintiff's song Playas Gon' Play, player hater phrases, including playas gon' play and haters gonna

///

3

hate were part of the urban vocabulary? A. Yes.").[2] Accordingly, the extrinsic test and established Circuit law mandate that these two phrases be "filter[ed] out and disregard[ed]." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002); *Benay v. Warner Bros. Ent.*, 607 F.3d 620, 625 (9th Cir. 2010) (summary judgment affirmed where "[t]he most important similarities involve unprotectable elements"), *overruled on other grounds by Skidmore*, 952 F.3d 1051.

Plaintiffs also claim no rights or protection in the phrases "ballers gonna ball" and "shot callers gonna call." *See, e.g.,* Defs' Exh. 17 at 193-94. For that reason alone, the extrinsic test requires that those two phrases be filtered out and disregarded.

Further, those phrases do not even appear in *Shake It Off*. Instead, Plaintiffs claim that a similar idea or concept – namely, "we should not be concerned with what other people say and do, trusting in ourselves instead" (Order at 9 (quoting Pltfs' Oppn. at 14)) – underlies *Shake It Off*'s lyrics, "Heartbreakers gonna break, break, break, break, break" and "And the fakers gonna fake, fake, fake, fake, fake."

Even assuming for the sake of argument that the lyrics share the same idea or concept, that does not satisfy the extrinsic test because ideas are not protected by copyright and, as a result, also must be disregarded. 17 U.S.C. § 102(b). That these phrases are each tautological also is not material because they are expressed differently and the only similarity is the idea of using tautologies. *Cavalier*, 297 F.3d at 823 ("Copyright law only protects expression of ideas, not the ideas themselves."); *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076, 1081 (9th Cir. 2006) (similarities at a "general, abstract level" are not sufficient under the extrinsic test), *overruled on other grounds by Skidmore*, 952 F.3d 1051. The use of different tautological phrases is no more protected than the use of any other literary devices, whether, for example, double entendres, puns, or alliteration.

---

[2] References to pages of Defendants' Exhibits are to the Exhibit's L.R. 11-5.2 consecutive numbering.

4

Under the extrinsic test, "it is essential to distinguish between the protected and unprotected material in a plaintiff's work." *Skidmore*, 952 F.3d at 1064 (quoting *Swirsky*, 376 F.3d at 845). Doing so here leaves only this similarity: both works use versions of two short public domain phrases – "players gonna play" and "haters gonna hate" – that are free for everyone to use, and two other but different tautologies that Plaintiffs claim share the same underlying general idea or concept.[3] The presence of versions of the two short public domain statements and two other tautologies in both songs – a commonality that the Court has noted – simply does not satisfy the extrinsic test. Otherwise, Plaintiffs could sue everyone who writes, sings, or publicly says "players gonna play" and "haters gonna hate" alone with other tautologies. To permit that is unprecedented and "cheat[s] the public domain." *Skidmore*. 952 F.3d at 1074 (quoting *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003)).[4]

///
///
///
///

---

[3] The extrinsic test also requires the consideration of the differences between two works. *Funky Films*, 462 F.3d at 1078 (plaintiff failed to satisfy extrinsic test where "the two works reveal[] greater, more significant differences and few real similarities."); *Cavalier*, 297 F.3d at 828 (no substantial similarity if unprotected elements "are arranged and formatted differently"). The Order states there are "noticeable differences between the works" (Order at 9) but does not identify or discuss them. The admitted, undisputed differences include, *e.g.*, that *Playas*' lyrics have an uninterrupted series of four tautologies while *Shake It Off* has two pairs of tautologies separated by three lines of lyrics that are absent from *Playas*, and also that the two songs' respective lyrics "tell very different stories." *Benay*, 607 F.3d at 625 (summary judgment affirmed); *see, e.g.,* Defs' Exh. 11 (Kajikawa Depo.) at 125:18-126:9, & at 89:2-8, 93:13-94:7, 94:20-95:17.

[4] The ruling already has been predicted to have a "chilling effect on songwriters and future creativity." See https://www.billboard.com/pro/taylor-swift-shake-it-off-trial-3lw-song-legal-experts/.

### (2) Also as a Matter of Law, a Selection-and-Arrangement Claim Cannot Be Based on Ideas, Leaving Plaintiffs with Two Public Domain Elements That Also Fail the Extrinsic Test

The extrinsic test applies when the claimed similarity is in the selection and arrangement of elements. *See, e.g.,* Cavalier, 297 F.3d at 826 ("[I]nfringement [may] be based on original selection and arrangement of unprotected elements. However, the unprotectable elements have to be identified, or filtered, before the works can be considered as a whole." (quoting *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994))). Plaintiffs' claim also cannot survive the extrinsic test if the claimed substantial similarity is in the selection and arrangement of elements.

The Order refers to "the selection and arrangement of the four-part lyrical sequence . . . including, for example: 1) *Shake*'s combination of tautological phrases; 2) parallel lyrics; and 3) grammatical model 'Xers gonna X.'" Order at 8. But these are each ideas or concepts, and a protectible selection of arrangement must be based on actual, concrete elements. Indeed, the Copyright Act requires that a protectable selection and arrangement consist of "preexisting materials or of data" while also confirming that "[i]n no case does copyright protection . . . extend to any idea [or] concept, . . . regardless of the form in which it is . . . embodied in such work." 17 U.S.C. §§ 101 (definition of "compilation") & 102(b) (emphasis added).

Consistent with the Copyright Act, in the seminal selection-and-arrangement case, *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991), the Supreme Court confirmed that an original selection and arrangement of facts – there, the names and telephone numbers of residents – may be protected, although arranging them alphabetically was not original. Id. at 342-43, 348, 363. Similarly, in *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841 (9th Cir. 2012), *abrogated on other grounds as recognized by* Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 959 F.3d 1194, 1198 (9th Cir. 2020), the Court confirmed that "[t]he idea of a floral pattern depicting bouquets and branches is not protectible" (676 F.3d at 850), but found a

6

protectible selection and arrangement in "a repeating pattern of bouquets of flowers and three-leaf pattern" (*id.* at 850-51).

Ninth Circuit decisions have repeatedly relied on the principle that a selection and arrangement must select and arrange actual elements rather than just ideas. *See, e.g.*, *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1261 (9th Cir. 2021) (protected selection and arrangement of fabric's "stylized floral design"); *Skidmore*, 952 F.3d at 1074 ("[W]hat a selection and arrangement copyright protects is the particular way in which the artistic elements form a coherent pattern, synthesis, or design." (original emphasis deleted; emphasis added)); *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1119 (9th Cir. 2018) (protected selection and arrangement in photograph's elements of subject matter, pose, location, lighting, camera angle, depth of field, foreground, and background), *overruled on other grounds by Skidmore*, 952 F.3d 1051; *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 986 (9th Cir. 2017) (stylized floral and feather motifs); *see, also Bikram's Yoga Coll. of India, L.P. v. Evolation Yoga, LLC*, 803 F.3d 1032, 1041 (9th Cir. 2015) (no selection and arrangement copyright in compilation constituting "an idea, process, or system").

Absent the requirement that a selection and arrangement consist of "materials," "data," "facts," or "elements," a copyright as well as an infringement claim could be based on a selection and arrangement of ideas and concepts, thereby violating Section 102(b)'s direction that "[i]n no case does copyright protection . . . extend to any idea [or] concept, . . . regardless of the form in which it is . . . embodied in such work."

But that is exactly what the Order permits. Indeed, even though the only actual "material" or "element" Plaintiffs claim was copied are the two short public domain "player" and "hater" phrases, the Order allows Plaintiffs to continue to pursue their claim by pointing to ideas that do not survive the extrinsic test, namely the idea of using tautologies, the idea of parallelism in different lyrics, and the grammatical structure of "Xers gonna X" in different lyrics.

///

Focusing instead on the claimed similarity in the selection and arrangement of actual, concrete elements rather than in ideas or concepts, Plaintiffs are left with only the two public domain "player" and "hater" phrases. Those two phrases, which Plaintiffs' expert admitted were part of popular vocabulary before *Playas*, are free for everyone to use and Plaintiffs cannot monopolize them even if couched as a selection and arrangement claim. *See, e.g., Skidmore,* 952 F.3d at 1074 ("[C]opyright protection [extends] to 'a combination of unprotectable elements . . . only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.'") (quoting *Satava,* 323 F.3d at 811); *Beyond Blond Prods., LLC v. Heldman,* No. CV205581DSFGSJX, 2020 WL 4782745, at *4 (C.D. Cal. Aug. 14, 2020) ("The law and facts clearly favor the conclusion that this combination of two unprotectable elements is not sufficiently numerous or original to constitute original work entitled to copyright protection."); *see* Defs' MSJ Memo. (Doc. 92-1) at 21; Defs' MSJ Reply Memo. (Doc. 99) at 20-21; *see also Narell v. Freeman,* 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection").

### 3. CONCLUSION

Defendants respectfully request that the Court revisit its ruling and apply the extrinsic test to the claimed substantial similarity in lyrics.

Dated: December 23, 2021

/s/ Peter Anderson
Peter Anderson, Esq.
Arleen Fernandez, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants
TAYLOR SWIFT,
KARL MARTIN SANDBERG,
KARL JOHAN SCHUSTER, SONY
MUSIC PUBLISHING (US) LLC,
formerly known as Sony/ATV Music
Publishing LLC, KOBALT MUSIC
PUBLISHING AMERICA INC., BIG
MACHINE LABEL GROUP, LLC and
UNIVERSAL MUSIC GROUP, INC.