# EXHIBIT 130

```
 1  GERARD FOX LAW P.C.
    GERARD P. FOX (State Bar No. 151649)
 2  gfox@gerardfoxlaw.com
    LAUREN M. GREENE (State Bar No. 271397)
 3  lgreene@gerardfoxlaw.com
    1880 Century Park East, Suite 1410
 4  Los Angeles, California 90067
    Telephone:(310) 441-0500
 5  Facsimile: (310) 441-4447

 6  Attorneys for Plaintiffs
    SEAN HALL AND NATHAN BUTLER
 7
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| SEAN HALL, *etc.*, *et al.*, | Case No.: 2:17-cv-06882 MWF (ASx) |
| Plaintiff, | |
| vs. | **PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSIONS, SET ONE** |
| TAYLOR SWIFT, *etc.*, *et al.*, | |
| Defendants. | |

PROPOUNDING PARTY: Defendants TAYLOR SWIFT, KARL MARTIN SANDBERG, KARL JOHAN SCHUSTER, SONY/ATV MUSIC PUBLISHING LLC, KOBALT MUSIC PUBLISHING AMERICA INC., BIG MACHINE LABEL GROUP, LLC, and UNIVERSAL MUSIC GROUP, INC.

RESPONDING PARTY: Plaintiffs SEAN HALL and NATHAN BUTLER

SET NO.: ONE (1)

---

PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSIONS, SET ONE

EXHIBIT 130 - 39

**TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 36, Plaintiffs SEAN HALL and NATHAN BUTLER ("Responding Party") hereby responds to Defendant TAYLOR SWIFT, KARL MARTIN SANDBERG, KARL JOHAN SCHUSTER, SONY/ATV MUSIC PUBLISHING LLC, KOBALT MUSIC PUBLISHING AMERICA INC., BIG MACHINE LABEL GROUP, LLC, and UNIVERSAL MUSIC GROUP, INC. ("Propounding Party") Requests for Admissions (the "Requests"), Set One, dated January 8, 2021, as follows:

**PRELIMINARY STATEMENT**

Responding Parties have not completed their investigation into the subjects raised by these Requests. These Responses reflect only the current state of Responding Parties' knowledge. As this action proceeds, and discovery is concluded, Responding Parties anticipate that further facts will be discovered and, without in any way obligating themselves to do so, Responding Parties reserve their right to modify or supplement their Responses herein with such pertinent information or documents as they may subsequently discover. Furthermore, these Responses are provided without prejudice to using subsequently discovered information or documents, or information or documents omitted from the Response as a result of mistake, error, oversight or inadvertence. Accordingly, Responding Parties further reserve their right to produce additional facts and evidence to object on appropriate grounds to the introduction of any evidence included in this Response. Nothing contained in these Responses shall in any way limit Responding Parties' ability to make all uses at trial or otherwise of evidence that may be discovered in the future. The information set forth in these Responses is true and correct to the best of Responding Parties' knowledge as of this date.

These Responses are provided without prejudice to the rights of Responding Parties to produce and introduce at the time of trial subsequently discovered evidence relating to the proof of presently known material facts, and to produce and introduce all evidence whenever discovered relating to proof of subsequently discovered material facts.

1 Moreover, because the facts and evidence now known may be improperly understood, or the relevancy or consequence of certain facts and evidence may be imperfectly understood, such facts and evidence in good faith may not be included in the following Responses. Responding Parties reserve their right to refer to, conduct discovery with reference to, or offer into evidence at the time of trial, any and all documents, evidence and things notwithstanding the following Responses and Objections interposed.

These Responses are made solely for the purpose of this action. Except for explicit facts admitted herein, no admissions of any nature whatsoever are implied or should be inferred and each answer is subject to all appropriate Objections which may be made at the time of trial. Responding Parties and their counsel hereby reserve all Objections to competence, relevance, materiality, proprietary, admissibility, and any and all other Objections on any other ground that would require the exclusion of any information from being admitted into evidence. Any such Objections may be interposed upon the attempted introduction of such evidence, including at the time of trial. A response that Responding Parties will produce documents should not be construed to mean that documents actually exist or are in Responding Parties' possession, custody or control.

These Responses are made by Responding Parties subject to and without waiving, but to the contrary reserving, Responding Parties' right to object to other discovery procedures relating to the subject matter of the Requests propounded.

Responding Parties have provided Responses to the Requests set forth below to the extent they seek information which is relevant to this action or reasonably calculated to lead to the discovery of admissible evidence.

Responding Parties will respond to each Request in a manner consistent with their obligations under the FRCP and using the appropriate definition of each such term under the relevant document or the plain meaning of such term as understood by Responding Parties.

////
////

2
PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSIONS, SET ONE

EXHIBIT 130 - 41

**GENERAL OBJECTIONS**

1. Responding Parties object to each Request to the extent that they attempt to impose any obligations on Responding Parties different or greater than those imposed or permitted by Fed. R. Civ. P. 36 or any other applicable laws.

2. Responding Parties object to each Request to the extent that it is vague, ambiguous, overbroad, duplicative, irrelevant, or unduly burdensome.

3. Responding Parties object to the Requests to the extent that they seek disclosure of information protected by the attorney-client Privilege, the work-product doctrine, or any other applicable privilege, protection or immunity (collectively, the "Privilege"). The inadvertent disclosure of Privileged information shall not constitute a waiver of any applicable Privilege.

4. Responding Parties object to the Requests to the extent that they seek information outside Responding Parties' possession, custody or control, or not available to it after a reasonably diligent search.

5. Responding Parties object to the Requests to the extent they seek information that is neither material nor necessary to the prosecution or defense of this action nor is reasonably calculated to lead to the discovery of admissible evidence, or seeks information beyond the scope of discovery in this matter.

6. Responding Parties object to the Requests to the extent that they call for speculation or call for conclusions of law.

7. Responding Parties object, and expressly disclaim, any need or intent to prove any fact listed herein as a prerequisite for proving its claims at trial.

8. Responding Parties object to the Requests to the extent they contain any incidental or implied admission of law or fact. Responding Parties' responses to all or any part of any Request should not be taken as an incidental or implied admission, agreement, or concurrence that: (i) Responding Parties accept or admit any express or implied assumption of fact set forth in or assumed by the Request; (ii) Responding Parties accept or admit any express or implied assumption of law set forth or assumed by the

1  Request; (iii) Responding Parties has in its possession, custody, or control documents or
2  information responsive to that Request; or (iv) documents or information responsive to
3  the Request exist.

4      9.    In responding to these Requests, Responding Parties do not waive or intend
5  to waive, but rather reserve the right to object on all applicable ground to the introduction
6  of any evidence covered or referred to in the specific responses below.  The inclusion of
7  a specific objection is in no way a waiver of any applicable general objection.  Responding
8  Parties' responses are not intended to be construed as an admission that any matters
9  inquired into or any responses provided are in any way relevant, material or necessary to
10 the prosecution or defense of any issue or are admissible in this litigation. The assertion
11 of an objection should not and shall not be construed as a waiver of any other applicable
12 objection that is not specifically asserted. Responding Parties reserve the right to interpose
13 and stand upon any objections that it may have but which are not asserted herein or which
14 it subsequently discovers that it has but which are not asserted herein.

15     10.    Responding Parties reserve the right to object to and/or challenge any
16 evidence on grounds of competency, relevance, materiality, privilege, or admissibility at
17 trial or at any hearing or proceeding with respect to any admission sought by the Requests
18 and all answers Responding Parties provides in response to those Requests.

19     11.    These General Objections are incorporated by reference into each specific
20 response and objection made by Responding Parties to Defendants' Requests.

21     12.    Responding Parties reserve the right to amend or supplement these responses
22 at a later date.

23     **RESPONSES TO REQUESTS FOR ADMISSIONS**

24     Without waiving any of the foregoing general Objections, each of which is
25 incorporated into each of the following specific Objections, Responding Party responds
26 to each Request as follows:
27 ////
28 ////

4

PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS'
REQUESTS FOR ADMISSIONS, SET ONE

EXHIBIT 130 - 43

**REQUEST NO. 1:**

The April 20, 1992 Exclusive Songwriter and Co-Publishing Agreement, a copy of which is attached to this Request for Admissions as Exhibit 1, is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Admit.

**REQUEST NO. 2:**

The April 20, 1992 Exclusive Songwriter and Co-Publishing Agreement states at page 11, paragraph 19:

"19. Publisher shall have the sole and exclusive right to take (or refrain from taking) such action as Publisher deems necessary, on behalf of Publisher, Writer and Co-Publisher, to protect all legal rights and interests in the Compositions, including, but not limited to, the right to institute or defend against any legal action, claim, demand or other proceeding affecting the Compositions, as well as to resolve such matters in Publisher's sole discretion."

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admit.

**REQUEST NO. 3:**

In paragraph 19 of the April 20, 1992 Exclusive Songwriter and Co-Publishing Agreement, "Publisher" means Famous Music Corporation and Famous Music Corporation's successors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Admit that the term "Publisher" the April 20, 1992 Exclusive Songwriter and Co-Publishing Agreement is defined as Famous Music Corporation.

**REQUEST NO. 4:**

In paragraph 19 of the April 20, 1992 Exclusive Songwriter and Co-Publishing Agreement, "Writer" means plaintiff Sean Hall.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**
2      Admit that the term "Writer" the April 20, 1992 Exclusive Songwriter and Co-
3  Publishing Agreement is defined as Sean Hall.
4  **REQUEST NO. 5:**
5      In paragraph 19 of the April 20, 1992 Exclusive Songwriter and Co-Publishing
6  Agreement, "Co-Publisher" means plaintiff Sean Hall doing business as Bam Publishing.
7  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**
8      Admit that the term "Co-Publisher" the April 20, 1992 Exclusive Songwriter and
9  Co-Publishing Agreement is defined as Bam Publishing.
10 **REQUEST NO. 6:**
11     The Playas musical composition was written during the term of the April 20, 1992
12 Exclusive Songwriter and Co-Publishing Agreement.
13 **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**
14     Admit
15 **REQUEST NO. 7:**
16     The Playas musical composition is included within the term "Compositions" in
17 paragraph 19 of the April 20, 1992 Exclusive Songwriter and Co-Publishing Agreement.
18 **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**
19     Admit
20 **REQUEST NO. 8:**
21     The April 22, 1992 Assignment, a copy of which is attached to this Request for
22 Admissions as Exhibit 2, is genuine.
23 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**
24     Admit.
25 **REQUEST NO. 9:**
26     The Playas musical composition is included within the scope of the April 22, 1992
27 Assignment.
28

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Admit.

**REQUEST NO. 10:**

The January 5, 2018 e-mail from plaintiff Sean Hall, a copy of which is attached to this Request for Admissions as Exhibit 3, is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admit that the Sean Hall sent the January 5, 2018 e-mail, however, the e-mail had an attachment which is not included, and is just a portion of the e-mail thread. Responding Parties will produce the entire e-mail correspondence in response to Request For Production No. 4.

**REQUEST NO. 11:**

Famous Music Corporation's successor-in-interest denied plaintiff Sean Hall's request for permission to assert the copyright infringement claim that plaintiff Sean Hall asserts in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding Parties objects to this Request on the ground that it is beyond the scope of FRCP 36. Rule 36 was "designed to eliminate the necessity of proving essentially undisputed and peripheral issues of fact." *Syracuse Broadcasting Corporation v. Newhouse*, 271 F.2d 910, 917 (2d. Cir. 1959).

To the extent a response is required, this Request is denied.

**REQUEST NO. 12:**

The December 22, 1999 Co-Publishing Agreement, a copy of which is attached to this Request as Exhibit 4, is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Admit.

**REQUEST NO. 13:**

The December 22, 1999 Co-Publishing Agreement states at page 7, paragraph 3.02:

7
PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS'
REQUESTS FOR ADMISSIONS, SET ONE

EXHIBIT 130 - 46

1  "3.02. Assignment: You hereby irrevocably, perpetually and absolutely assign, transfer and set over to us an undivided Fifty percent (50%) interest in your and any Affiliate's right, title and interest in all Compositions, the copyrights in them and all renewals and extensions of those copyrights, all claims and causes of action related to said Compositions accrued or accruing at any time, and all other rights in and to such Compositions, whether now or hereafter known, throughout the Territory."

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Admit.

**REQUEST NO. 14:**

In paragraph 3.02 of the December 22, 1999 Co-Publishing Agreement, "you" means plaintiff Nathan Butler.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Admit that the term "you" or "yours" is defined as Nathan Butler in the December 22, 1999 Co-Publishing Agreement.

**REQUEST NO. 15:**

In paragraph 3.02 of the December 22, 1999 Co-Publishing Agreement, "us" means Zomba and Zomba's successors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admit that the term "us" is defined as Zomba Enterprises, Inc., Zomba Songs, Inc. and Zomba Melodies, Inc. in the December 22, 1999 Co-Publishing Agreement.

**REQUEST NO. 16:**

In paragraph 3.02 of the December 22, 1999 Co-Publishing Agreement, "your" means plaintiff Nathan Butler.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Admit that the term "you" or "yours" is defined as Nathan Butler in the December 22, 1999 Co-Publishing Agreement.

////

////

**REQUEST NO. 17:**

The January 4, 2018 e-mail from Julian E.S. Wright, a copy of which is attached to this Request for Admissions as Exhibit 5, is genuine.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admit that the Julian E.S. Wright sent the January 4, 2018 e-mail, however, the e-mail had an attachment which is not included, and is just a portion of the e-mail thread. Responding Parties will produce the entire e-mail correspondence in response to Request For Production No. 4.

**REQUEST NO. 18:**

At the time that Julian E.S. Wright sent the January 4, 2018 e-mail from Julian E.S. Wright, Julian E.S. Wright represented Nathan Butler.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Admit that at the time Julian E.S. Wright sent the January 4, 2018 e-mail that Julian E.S. Wright represented Nathan Butler in connection with this dispute.

**REQUEST NO. 19:**

Zomba's successor-in-interest denied plaintiff Nathan Butler's request for permission to assert the copyright infringement claim that plaintiff Nathan Butler asserts in this action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Deny.

**REQUEST NO. 20:**

The December 22, 1999 Co-Publishing Agreement states at page 21, in paragraph 8.06(b)(i):

"We will have the sole right, but not the obligation, to initiate, prosecute, defend, settle, and compromise, in our sole discretion, any and all claims, demands, lawsuits, actions, or other proceedings in respect of the Compositions, including, without limitation, any action we may take against any alleged infringer of any Composition."

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Admit.

**REQUEST NO. 21:**

In paragraph 8.06(b)(i) of the December 22, 1999 Co-Publishing Agreement, "we" means Zomba and Zomba's successors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Admit that the term "we" is defined as Zomba Enterprises, Inc., Zomba Songs, Inc. and Zomba Melodies, Inc. in the December 22, 1999 Co-Publishing Agreement.

**REQUEST NO. 22:**

The Playas musical composition was written during the term of the December 22, 1999 Co-Publishing Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Admit.

**REQUEST NO. 23:**

The Playas musical composition is included within the term "Compositions" in paragraph 8.06(b)(i) of the December 22, 1999 Co-Publishing Agreement.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Admit.

**REQUEST NO. 24:**

The December 22, 1999 Co-Publishing Agreement states at page 21, in paragraph 8.06(b)(iii):

"If we, in our sole judgment, elect not to pursue any particular alleged infringer, then we, in our sole judgment and without any obligation to do so, may offer, in writing, to grant to you the right to commence an action or other proceeding against such alleged infringer at your sole expense."

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Admit.

////

**REQUEST NO. 25:**

In paragraph 8.06(b)(iii) of the December 22, 1999 Co-Publishing Agreement, "we" means Zomba and Zomba's successors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Admit that the term "we" is defined as Zomba Enterprises, Inc., Zomba Songs, Inc. and Zomba Melodies, Inc. in the December 22, 1999 Co-Publishing Agreement.

**REQUEST NO. 26:**

In paragraph 8.06(b)(iii) of the December 22, 1999 Co-Publishing Agreement, "our" means Zomba and Zomba's successors.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Admit that the term "we" is defined as Zomba Enterprises, Inc., Zomba Songs, Inc. and Zomba Melodies, Inc. in the December 22, 1999 Co-Publishing Agreement.

**REQUEST NO. 27:**

In paragraph 8.06(b)(iii) of the December 22, 1999 Co-Publishing Agreement, "you" means plaintiff Nathan Butler.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Admit that the term "you" or "yours" is defined as Nathan Butler in the December 22, 1999 Co-Publishing Agreement.

**REQUEST NO. 28:**

In paragraph 8.06(b)(iii) of the December 22, 1999 Co-Publishing Agreement, "your" means plaintiff Nathan Butler.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Admit that the term "you" or "yours" is defined as Nathan Butler in the December 22, 1999 Co-Publishing Agreement.

**REQUEST NO. 29:**

The December 31, 1999 Assignment, a copy of which is attached to this Request for Admissions as Exhibit 6, is genuine.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 29:**
2      Admit.
3  **REQUEST NO. 30:**
4      The Playas musical composition is included within the term "Compositions" in the
5  December 31, 1999 Assignment.
6  **RESPONSE TO REQUEST FOR ADMISSION NO. 30:**
7      Admit.
8
9  DATED: February 19, 2021      BY:  GERARD FOX LAW P.C.
10
11                               /s/ *Lauren M. Greene*
12                               Gerard P. Fox
                                Marina V. Bogorad
13                               Lauren M. Greene
14                               *Attorneys for Plaintiffs*
                              SEAN HALL D.B.A. GIMME SOME
15                               HOT SAUCE MUSIC and NATHAN
16                               BUTLER D.B.A. FAITH FORCE MUSIC
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSIONS, SET ONE

EXHIBIT 130 - 51

**PROOF OF SERVICE**

I, Dhruv Vyas, am employed in the County of Los Angeles, in the State of California. I am over the age of 18 and not a party to the above referenced matter. My business address is: Law Offices of Gerard Fox, Inc., 1880 Century Park East, Suite 1410, Los Angeles, CA 90067. On February 19, 2021, I served the following documents, described as **PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS' REQUEST FOR ADMISSIONS, SET ONE** on the person(s) listed in the attached Service List. The document was served by the following means:

| | |
|---|---|
| ☐ | **By personal service**. I personally delivered the document to the persons at the addresses listed in the attached Service List. For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of 9 a.m. and 5 p.m. For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age. |
| ☒ | **By United States mail**. I enclosed the document in a sealed envelope or package addressed to the persons listed in the attached Service List and placed the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
| ☐ | **By overnight delivery**. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed in the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| ☐ | **By messenger service**. I served the documents by placing them in an envelope or packing addressed to the persons at the addresses listed in the attached Service List to and providing them to a professional messenger service for delivery. |
| ☐ | **By facsimile transmission**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached. |
| ☒ | **By electronic service**: Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed in the attached Services List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 19, 2021

_____
Dhruv Vyas

13
PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSIONS, SET ONE

EXHIBIT 130 - 52

## SERVICE LIST

| Peter Anderson, Esq.<br>Davis Wright Tremaine, LLP<br>865 S. Figueroa St., Ste. 2400<br>Los Angeles, CA 90017 | *Attorneys for Defendants*<br><br>TAYLOR SWIFT, KARL MARTIN SANDBERG, KARL JOHAN SCHUSTER, SONY/ATV MUSIC PUBLISHING LLC, KOBALT MUSIC PUBLISHING AMERICA INC., BIG MACHINE LABEL GROUP, LLC and UNIVERSAL MUSIC GROUP, INC. |

14
PLAINTIFFS SEAN HALL AND NATHAN BUTLER'S RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSIONS, SET ONE

EXHIBIT 130 - 53