Peter Anderson, Esq. (Cal. Bar No. 88891)
    peteranderson@dwt.com
Sean M. Sullivan, Esq. (Cal. Bar No. 229104)
    seansullivan@dwt.com
Eric H. Lamm, Esq. (Cal. Bar No. 324153)
    ericlamm@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, 24th Floor
Los Angeles, California  90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants

J. Douglas Baldridge, Esq.
    jbaldridge@venable.com
Katherine Wright Morrone, Esq.
    kwmorrone@venable.com
VENABLE LLP
600 Massachusetts Avenue NW
Washington, DC 20001
Telephone: (202) 344-4000
Fax: (202) 344-8300

Attorney for Defendant
TAYLOR SWIFT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SEAN HALL, *etc., et al.*,<br><br>    Plaintiffs,<br><br>    vs.<br><br>TAYLOR SWIFT, *etc., et al.*,<br><br>    Defendants. | Case No. 2:17−cv−06882 MWF (ASx)<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: September 29, 2022<br>Time: 10:00 a.m.<br><br>Courtroom of the Honorable<br>Michael W. Fitzgerald<br>United States District Judge |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. SUMMARY OF ARGUMENT

Defendants are concurrently moving for Summary Judgment on the grounds that Plaintiffs lack standing to assert the alleged copyright infringement claim, that there is no genuine dispute that the creators of *Shake It Off* did not copy *Playas Gon' Play* ("*Playas*"), and that, in any event, the alleged copying—which is disputed—is within the fair use doctrine. If for any reason that Motion is not granted, Defendants move in the alternative for Partial Summary Judgment as to the following two issues.

## 2. IF SUMMARY JUDGMENT IS NOT GRANTED, PARTIAL SUMMARY JUDMGENT IS APPROPRIATE

### (a) Universal Music Group, Inc., Has Nothing to Do with *Shake It Off*

There is no genuine dispute that defendant Universal Music Group, Inc. ("UMGI") does not own or exploit *Shake It Off*. Facts 514-18. As a result, UMGI cannot be liable for the alleged copyright infringement. *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007) (copyright infringement claim requires, *inter alia*, proof the defendant "violate[d] at least one exclusive right granted to copyright holders under 17 U.S.C. § 106"). Since Plaintiffs have declined to dismiss UMGI from this case, it is entitled to partial summary judgment and, pursuant to Federal Rule of Civil Procedure 54(b), a final judgment in its favor.

### (b) Plaintiffs' Damages Are Limited to Their Ownership Interests

Should the Court permit Plaintiffs' claim to proceed, the Court should limit any recovery to their proportionate ownership of *Playas*. That is so because a co-owner's "recovery in a copyright case is 'confined to [its] own part; that is to say, to its own actual damages, to its proper share of any statutory damages, and to its proper share of the profits.'" *Manno v. Tennessee Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 432 (S.D.N.Y. 2009) (quoting *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 268, 270 (2d Cir. 1944)); *Skidmore v. Led Zeppelin*, No. CV 15–3462, 2016

1

WL 1442461 at *17 (C.D. Cal. Apr. 8, 2016); *Botts v. Kompany.com*, No. SACV 09-00195, 2013 WL 12137690 at *2 (C.D. Cal. Apr. 10, 2013).

Mr. Hall and Mr. Butler have conceded that, by transferring a half or more of their copyright interests to their music publishers, they retain only a 16 2/3% and 25% ownership interest, respectively, in *Playas*.  Facts 517-19.  Accordingly, they are limited to 41 2/3% of any recovery.

### 3. CONCLUSION

If Summary Judgment is not granted, Defendants respectfully submit that the alternative Motion for Partial Summary Judgment is properly granted.

Dated: August 8, 2022

/s/ Peter Anderson
Peter Anderson, Esq.
Sean M. Sullivan, Esq.
Eric H. Lamm, Esq.
DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendants

J. Douglas Baldridge, Esq.
Katherine Wright Morrone, Esq.
VENABLE LLP
Co-counsel for Defendant
TAYLOR SWIFT