GERARD FOX LAW P.C.
Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Marina V. Bogorad (SBN 217524)
mbogorad@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

*Attorneys for Plaintiffs*
SEAN HALL D.B.A. GIMME SOME HOT SAUCE MUSIC AND NATHAN BUTLER D.B.A. FAITH FORCE MUSIC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HALL d.b.a. GIMME SOME HOT SAUCE MUSIC, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TAYLOR SWIFT, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-06882 MWF (ASx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO MODIFY AMENDED SCHEDULING ORDER**<br><br>[Declaration of Olga Viner; and [Proposed] Order filed concurrently herewith]<br><br>Date: September 12, 2022<br>Time: 10:00 a.m.<br>Judge: Hon. Michael W. Fitzgerald<br><br>Pre-Trial Conf.: October 24, 2022<br>Trial Date: November 15, 2022 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 12, 2022 at 10:00 a.m., or as soon thereafter as may be heard, in the courtroom of the Honorable Michael W. Fitzgerald of the United States District Court for the Central District of California, Courtroom 5A of the First Street Courthouse, 350 West Fire Street, Los Angeles, California 90012, Plaintiffs Sean Hall d.b.a. Gimme Some Hot Sauce Music and Nathan Butler d.b.a. Faith Force Music (collectively, "Plaintiffs") will and hereby do move this Court pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure to modify this Court's May 6, 2022 Order Amending Scheduled Dates (Dkt. No. 120) to reopen fact discovery for the limited purpose of allowing Plaintiffs to ascertain which "Universal" entity distributed the musical composition titled *Shake It Off*. To the extent discovery is reopened, Plaintiffs also seek this information in aid of their opposition to Defendants' Partial Summary Judgment Motion under Rule 56(d) of the Federal Rules of Civil Procedure.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Olga Viner filed concurrently herewith, the records and files of this Court, and such further evidence and argument as may be presented at or before the hearing on this Motion. This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place beginning on July 1, 2022 and continued through August 11, 2022.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

When Defendants disclosed to this Court all the parties interested in the outcome of this case, as they were obligated to do under Fed. R. Civ. P. Rule 7.1 and Local Rule 7.1-1, they listed only the named defendants, as well as some corporate parent entities for some of the corporate defendants.[1] This disclosure was never amended; moreover, Defendants never identified any additional entities (other than those named in the Complaint) with information relevant to this case (other than those named in the Complaint) in the parties' Joint Rule 26(f) Report.

At some point in discovery, however, Defendant UMGI, the alleged distributor of the Song, revealed it had nothing to do with it. Yet when Defendants who do know the true identity of the distributor of the Song were deposed, they still pointed to "Universal" as the distributor, without being able to identify the proper entity. Indeed, despite Defendant Big Machine's actually paying the distribution fee for the Song, it was unable to specify which "Universal" entity it pays, even though there is clearly a "Universal" entity listed in its own accounting statements. Notably, both Ms. Swift's and Big Machine's testimony was obtained shortly before fact discovery closed in this case on July 1, 2022.

It is thus clear that Defendants omitted the proper identification of the correct "Universal" entity when making the required initial disclosure to the Court. Furthermore, it was reasonable for Plaintiffs Sean Hall d.b.a. Gimme Some Hot Sauce Music and Nathan Butler d.b.a. Faith Force Music (collectively, "Plaintiffs") to expect that Big Machine, the entity responsible for paying everyone, would have the information to identify the proper

---

[1] All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted. The named Defendants are co-writers of the musical composition *Shake It Off* (the "Song") Taylor Swift, Karl Martin Sandberg and Karl Johan Schuster), the co-writers' publishing companies (Sony/ATV Music Publishing LLC and Kobalt Music Publishing America, Inc.), the record company that released the song (Big Machine Label Group, LLC ("Big Machine")) and the Universal entity that Plaintiffs alleged distributed the song (Universal Music Group, Inc. ("UMGI")). In addition to the Defendants, Plaintiffs' Complaint named five (5) Doe defendants. (Dkt. No. 1.)

"Universal" entity at its deposition, especially because Big Machine was on notice that Plaintiffs expected to elicit information clarifying its accounting statements. Since it did not, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully submit that there is good cause to modify the Amended Scheduling Order and reopen fact discovery for the limited purpose of allowing Plaintiffs to ascertain the correct Universal entity that distributed the Song.

This is especially so given that while Plaintiffs have diligently pursued the information necessary to identify the Universal entity that distributed the Song, Defendants' actions have made ascertaining the Song's distributor difficult from the outset at Plaintiffs' detriment. It is clear that there must be a Universal entity out there that has a pecuniary interest in the outcome of this case, yet Defendants failed to identify it despite their duty to do so. As shown below, while the current schedule prejudices Plaintiffs' ability to adequately prosecute their copyright infringement claim against the proper parties, there is no countervailing prejudice to Defendants from the requested modification. Accordingly, the Court should grant this Motion and modify the Amended Scheduling Order by reopening fact discovery for the limited purpose of allowing Plaintiffs to ascertain which Universal distributed the Song.

## II.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

Plaintiffs filed their Complaint on September 18, 2017 (the "Complaint") alleging copyright infringement and seeking damages and Defendants' profits related to the Song. (Declaration of Olga Viner ["Viner Decl."], ¶ 2; Dkt. No. 1.) In addition to the Song's co-writers, the co-writers' publishing companies at the time the Song was released and the record label responsible for releasing the song, Plaintiffs named UMGI, the Universal entity that Plaintiffs ascertained from publicly available information as the distributor for the Song, as a defendant in the Complaint. (*Id.*)

On January 13, 2018 pursuant to Fed. R. Civ. P. Rule 7.1 and Local Rule 7.1-1, Defendants filed their Notice of Interested Parties, certifying that only the following parties had a direct, pecuniary interest in the outcome of this case: (1) Taylor Swift; (2) Karl Martin Sandberg; (3) Karl Johan Schuster; (4) Sony/ATV Music Publishing, LLC, whose ultimate

parent is Sony Corporation; (5) Kobalt Music Publishing America, Inc., whose ultimate parent is Kobalt Music Group Limited; (6) Big Machine Label Group, LLC; (7) Universal Music Group, Inc., whose ultimate parent is Vivendi, S.A.; (8) Plaintiff Sean Hall; and (9) Plaintiff Nathan Butler.  (Viner Decl., ¶ 3; Dkt. No. 21.)  Defendants did not list any other entities (Universal or otherwise) as having a pecuniary interest in the outcome of this case.  (*Id.*)

On November 2, 2020, the parties filed their Joint Rule 26(f) Report.  (Viner Decl., ¶ 4; Dkt. No. 71.)   While Defendants listed *individuals* (in addition to those named in the Complaint) with knowledge or information of the claim or defenses in this case, no additional *entities* were identified.  (*Id.*)  Nevertheless, on April 9, 2021, UMGI denied having anything to do with the Song in its discovery responses.  (*See* Viner Decl., ¶ 5, Ex. 1 (No. 10.)  At that point, however, the ongoing discovery was limited to the issues relating to the extrinsic test on substantial similarity, indeed, it was only about a year later that full fact discovery finally commenced.

Notably, the scheduled dates in this action have been amended several times to accommodate the parties' Stipulation to early expert discovery as to the copyright infringement extrinsic test (Dkt. Nos. 86 and 87), for COVID-related reasons (Dkt. Nos. 96 and 97), because of the then-pending motion for summary judgment as to the extrinsic test (Dkt. Nos. 102 and 103), and for certain health-related reasons as well as the intervening holidays (Dkt. Nos. 109 and 110).  Due to discovery and expert scheduling issues, the then-scheduled deadlines for the remaining expert disclosures and discovery dates were extended by six weeks (Dkt. Nos. 115 and 116).  Finally, as a result of additional scheduling issues, the Court entered its Order Amending Scheduled Dates on May 6, 2022 (the "Amended Scheduling Order"), which further extended the final and the last day to hear dispositive motions and conduct ADR proceedings by three weeks and set July 1, 2022 as the fact discovery cut-off date (Dkt. Nos. 119 and 120). (Viner Decl., ¶ 6.)

Throughout the pendency of this action, Plaintiffs' discovery efforts have been substantial, and Plaintiffs have been diligent in pursuing the information necessary to identify

the Universal entity that distributed the Song. The deposition schedule was a result of the parties' mutual agreement. (Viner Decl., ¶ 10.) According to that schedule, Plaintiffs took five fact witness depositions, including the depositions of Defendant Taylor Swift and Richard C. Myers, Defendant Big Machine's designated Person Most Knowledgeable ("PMK") on June 15, 2022 and June 28, 2022, respectively. (Viner Decl., ¶¶ 11-13.) Ms. Swift and Mr. Myers would arguably be the most knowledgeable as to which Universal entity distributed the Song—indeed, Ms. Swift co-wrote the song, and Big Machine's Income Statement related to the Song, produced in response to Plaintiffs' document requests, indicates that Big Machine was charged a distribution fee by the Song's distributor to sell and deliver the Song to the market. (*See* Viner Decl. ¶¶ 7-8, Ex. 2.) However, when asked who distributed the Song, Ms. Swift simply testified that she believed the Song was distributed by Universal. (Viner Decl., ¶ 12.) Mr. Myers, Big Machine's designated PMK, testified just three days before the fact discovery cut-off date, that "some Universal entity" did, indeed, charge the distribution fee referenced in Big Machine's Income Statement to sell and deliver the Song to market but he did not know which Universal entity it was or whether it was, in fact, UMGI. (Viner Decl., ¶ 13.) This is despite the fact that Big Machine was on notice of the deposition topics in advance. (*Id.*)

On July 1, 2022, Plaintiffs' counsel first attempted to meet and confer with Defendants' counsel pursuant to L.R. 7-3 regarding the substance of this Motion. (Viner Decl., ¶ 14, Ex. 3.) After several exchanges between counsel in July and August 2022, it became clear that the parties could not reach a resolution without the Court's intervention, necessitating the filing of this Motion. (*Id.*)

### III. DISCUSSION

#### A. Legal Standard

Pretrial scheduling orders may be modified for "good cause." Fed. R. Civ. P. 16(b)(4). This "'good cause' standard primarily considers the diligence of the party seeking the amendment" and the "moving party's reasons for seeking modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Other considerations can

include "whether the moving party would be prejudiced" and "the likelihood that discovery will lead to relevant evidence." *So. v. Land Base, LLC*, 2009 WL 2566816, at *1 (C.D. Cal. Aug. 18, 2009). Modification of a pretrial schedule is appropriate where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609.

### B. Good Cause Exists for Modifying the Amended Scheduling Order and Reopening Fact Discovery on a Limited Basis

Good cause exists for a modification of the Amended Scheduling Order in this case for the limited purpose of reopening fact discovery to allow Plaintiffs to ascertain which Universal entity distributed the Song. As discussed, there was a degree of evasiveness in Defendants' collective silence as to any other "Universal" entity that is the actual distributor of the Song. *See Exp.-Imp. Bank of Korea v. ASI Corp.*, No. CV162056MWFJPRX, 2018 WL 5263185, at *3 (C.D. Cal. Aug. 3, 2018) (Fitzgerald, J.) (granting motion to modify scheduling order to reopen discovery for a limited purpose: "The Court agrees that KEXIM could have pursued the emails with more vigor, but it is likely that ASI's own denials and evasiveness … played no small role in KEXIM's [need for modification]."). Indeed, Defendants omitted any such entity from all their required disclosures prior to UMGI's denial, in its discovery responses, that it had anything to do with the case.

Yet when the time came to elicit information from Defendants that appeared to be most knowledgeable on the issue, Ms. Swift could only point to "Universal" as the distributor, and Big Machine, which actually pays the distributor, as its own Income Statement shows, could not offer any further information. Since that testimony came in days before fact discovery closed due to no fault of Plaintiffs here, there is good cause to reopen fact discovery for the limited purpose of allowing Plaintiffs to propound limited discovery on Big Machine to ascertain which Universal entity distributed the Song and obtain that entity's financial statements related to its profits from the Song.

### C. Unlike Plaintiffs, Defendants Will Not Suffer Any Prejudice If the Court Grants the Present Motion

While the current schedule prejudices Plaintiffs' ability to develop their case for trial, there is no countervailing prejudice to Defendants from the requested modification to the Amended Scheduling Order—indeed, in their meet and confer with counsel, Defendants never suggested otherwise. (*See* Viner Decl., ¶ 14, Ex. 3.) Nor could they. The requested modification does not impact Defendants' ability to mount a defense in any way. As a result, although Defendants ostensibly oppose this Motion, their opposition merits no weight because they will not suffer any prejudice from the requested modification of the Amended Scheduling Order. Furthermore, the relief sought in this Motion should not affect the standing summary judgment deadlines and November 15, 2022 trial date. As emphasized herein and in meet and confer with Defendants' counsel, Plaintiffs do not seek a blanket reopening of fact discovery, but rather seek reopening for the limited purpose of allowing Plaintiffs to ascertain which Universal entity distributed the song through limited written discovery, allowing Plaintiffs to subsequently amend the Complaint to name the Universal entity that distributed and profited from the Song.

Plaintiffs will be greatly prejudiced if this Motion is not granted. It has become clear from Defendants' document production and deposition testimony obtained just before the close of fact discovery in this case that there is a Universal entity out there that did distribute the Song and is therefore liable to Plaintiffs for copyright infringement. *See* 17 U.S.C. § 106 (distribution of an infringing work subjects the distributor to liability). Without Plaintiffs' ability to conduct further discovery (on the limited basis set forth herein) to ascertain which Universal entity distributed the Song and how much that entity profited from the Song, Plaintiffs will be unable to pursue their copyright infringement claim against all the parties subject to liability and recover all the damages they are entitled to as a result of that infringement.

### IV. CONCLUSION

There is good cause to modify the Amended Scheduling Order in this matter. For all

the foregoing reasons, Plaintiffs respectfully request that this Motion to Modify Amended Scheduling Order be granted and that the Court enter an amended Scheduling Order on the grounds set forth herein.

DATED: August 15, 2022   BY:   GERARD FOX LAW P.C.

/s/ *Gerard P. Fox*
Gerard P. Fox
Marina V. Bogorad
Olga Viner

*Attorneys for Plaintiffs*
SEAN HALL D.B.A. GIMME SOME HOT SAUCE MUSIC and NATHAN BUTLER D.B.A. FAITH FORCE MUSIC