GERARD FOX LAW P.C.
Gerard P. Fox (SBN 151649)
gfox@gerardfoxlaw.com
Marina V. Bogorad (SBN 217524)
mbogorad@gerardfoxlaw.com
Olga Viner (SBN 282423)
oviner@gerardfoxlaw.com
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447

*Attorneys for Plaintiffs*
SEAN HALL D.B.A. GIMME SOME HOT
SAUCE MUSIC AND NATHAN BUTLER
D.B.A. FAITH FORCE MUSIC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN HALL d.b.a. GIMME SOME HOT SAUCE MUSIC, *et al*., <br><br> Plaintiffs, <br><br> vs. <br><br> TAYLOR SWIFT, *et al*., <br><br> Defendants. | Case No.  2:17-cv-06882 MWF (ASx) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT** <br><br> Date:  October 3, 2022 <br> Time:  10:00 a.m. |

As Plaintiffs showed in their concurrently filed opposition, Defendants are not entitled to summary judgment.[1] As Plaintiffs further show below, they are not entitled to their "alternative" relief in the form of partial judgment either.

### I. Issues Remaining as to Universal Music Group, Inc.

As set forth in Plaintiffs' Motion seeking to reopen discovery, there is indisputably some "Universal" entity out there that distributed the allegedly infringing song and currently collects illicit profits for that distribution. (*See* Dkt. No. 136.) Defendant Universal Music Group, Inc. ("UMGI") denies that it is that entity, yet Defendants have conceded that it is affiliated with the actual distributor and shares the same ultimate parent (*see* D-AUF (Pl. Resp.) 514-16). Accordingly, while it cites evidence denying that it distributed the song itself, it does not necessarily rule out UMGI's collection of the profits at issue based on the rights belonging to some affiliate that no longer exists—after all, UMGI is admittedly a "holding" company, whatever that means in the intricate web of "Universal" affiliates. (*See id*.) Alternatively, should the Court allow Plaintiffs to reopen discovery on this issue, Plaintiffs submit that the Court should reserve its decision on UMGI's summary judgment request under Rule 56(d) of the Federal Rules of Civil Procedure until Plaintiffs conduct such further discovery and either ascertain UMGI's actual connection to this dispute or identify the proper "Universal" entity that should be a part of this case instead of UMGI. (*See* Declaration of Gerard P. Fox at ¶ 55.)

### II. No Damages Apportionment is Warranted

Defendants also seek to limit Plaintiffs' recovery to their claimed proportionate ownership in *Playas* but their own authorities foreclose the requested relief. Since this is an "alternative" request to their summary judgment motion on standing, it necessarily presupposes that this Court found that there are sufficient factual issues as to the whether Plaintiffs retain beneficial ownership of the supposedly transferred portion of their respective copyrights. In one of Defendants' cases, plaintiff sued as a beneficial owner of 50% in the

---

[1] All internal alterations, quotation marks, footnotes and citations herein are omitted, and all emphasis is added unless otherwise noted.

copyright, and the court held that his recovery was limited to the "trust" arising of that ownership. *Skidmore v. Led Zeppelin*, 2016 WL 1442461, at *17 (C.D. Cal. Apr. 8, 2016). Indeed, as Plaintiffs' own cases show, even if one assigns all of his interests in exchange for royalties, he still retains standing to sue for the very interests he assigned. *See Love v. The Mail on Sunday*, 2006 WL 4046180, at *10 (C.D. Cal. Aug. 15, 2006) ("[W]hen a composer assigns copyright title to a publisher in exchange for the payment of royalties, an equitable trust relationship is established between the two parties which gives standing to sue for infringement of that copyright."), citing *Cortner v. Israel*, 732 F.2d 267, 271 (2d Cir. 1984); *see also Fantasy, Inc. v. Fogerty*, 654 F. Supp. 1129, 1131 (N.D. Cal. 1987) ("A beneficial owner may bring an infringement action to protect his economic interest in the copyright from being diluted by a wrong-doer's infringement."). Any recovery is subject to a separate accounting between the co-owners rather than any claimed limitations in the infringement suit. *See King Cole Partners, LP v. CD Listening Bar, Inc.*, 2012 WL 13024683, at *3 (C.D. Cal. Mar. 28, 2012), citing *Edgenet, Inc. v. GS1 AIBSL*, 2010 WL 55843, at *5 (E.D. Wis. Jan. 5, 2010) ("In a case where infringement damages are awarded to only one of two co-owners of a copyright, redress is properly sought through a suit between the co-owners ...."), and *Copyright.net Music Pub. LLC v. MP3.com*, 256 F. Supp. 2d 214, 218 (S.D.N.Y. 2003) (approving recovery that contained more than the plaintiff's ownership share and ruling that the proper resolution was for the co-owner to bring an action against the prevailing plaintiff: "[D]efendant based its argument on the premise that it ran the risk of multiple liabilities. But if, as defendant argued, it might be obligated to pay 100% of statutory damages to plaintiffs, and the money was not divided among co-owners of the compositions, then the proper suit would be between these co-owners ....").

Accordingly, Defendants' motion for partial summary judgment should be denied in its entirety.

DATED: August 29, 2022       BY:   GERARD FOX LAW P.C.

                                            */s/ Gerard P. Fox*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gerard P. Fox
Marina V. Bogorad
Olga Viner

*Attorneys for Plaintiffs*
SEAN HALL D.B.A. GIMME SOME
HOT SAUCE MUSIC and NATHAN
BUTLER D.B.A. FAITH FORCE MUSIC