UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  CV 17-6882-MWF (ASx)                    **Date:**  September 21, 2022
**Title:**  Sean Hall et al. v. Taylor Swift et al.

**Present:**  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Not Reported

Attorneys Present for Plaintiff:       Attorneys Present for Defendants:
None Present                           None Present

**Proceedings (In Chambers):**        ORDER DENYING PLAINTIFFS' MOTION TO MODIFY AMENDED SCHEDULING ORDER [136]

Before the Court is Plaintiffs Sean Hall d.b.a. Gimme Some Hot Sauce Music and Nathan Butler d.b.a. Faith Force Music's Motion to Modify Amended Scheduling Order ("Motion"), filed August 15, 2022. (Docket No. 136).  Defendants Taylor Swift, Karl Martin Sandberg, Karl Johan Schuster, Sony Music Publishing (US), LLC (formerly Sony/ATV Music Publishing LLC), Kobalt Music Publishing America, Inc., Big Machine Label Group, LLC, and Universal Music Group, Inc.'s filed an Opposition on August 22, 2022. (Docket No. 140).  Plaintiffs filed a Reply on January 24, 2022.  (Docket No. 145).

The court has read and considered the Motion and held a hearing on **September 12**, **2022**.

The Motion is **DENIED**.  While all of Plaintiffs' actions were understandable, it is not clear that they have met their burden of showing diligence, in the meaning given that word in the caselaw.  In any event, using prejudice as something of tiebreaker, the Court concludes that good cause does not exist.  Plaintiffs face minimal prejudice as they will be able to bring a lawsuit against the new party (the alleged true distributor) and then take advantage of whatever trial victories await.  In contrast, a new defendant would be prejudiced by being forced to complete its own discovery and pretrial motions before the upcoming trial date.  Additionally, it is not clear that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** September 21, 2022 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

Plaintiffs would be able to complete discovery against a new party before the start of trial.

## I. BACKGROUND

Plaintiffs seek to reopen fact discovery for the limited purpose of ascertaining which "Universal" entity distributed the musical composition titled *Shake It Off*, arguing that Defendants improperly omitted the correct "Universal" entity when making required disclosures to the Court. At the hearing, Plaintiffs acknowledged that they ultimately would seek to add the unnamed entity as a defendant and pursue discovery limited to determining the amount of money the unnamed entity made from distributing *Shake It Off*.

Plaintiffs filed their Complaint on September 19, 2017. (Docket No. 1). The Complaint named several defendants, including Universal Music Group, Inc. ("UMGI") as the alleged distributor of *Shake It Off*.

On January 3, 2018, pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 7.1-1, Defendants filed a Notice of Interested Parties. (Docket No. 21). The Notice of Interested Parties included only the names of the parties named in the Complaint.

On September 21, 2020, Defendants filed their Answer to the Complaint. (Docket No. 66). In the Answer, Defendants denied that UMGI "distributes the musical composition titled, *Shake It Off*."

On October 1, 2020, the Court issued an Order Setting Scheduling Conference. (Docket No. 67). The Order directed parties to file a Joint Rule 26(f) Report that included, among other things, "a list of parties, percipient witnesses and key documents on the main issues in the case" and required "[f]or conflict purposes, corporate parties must identify all subsidiaries, parents and affiliates."

On November 2, 2020, parties filed the Joint Rule 26(f) Report. (Docket No. 71). In the Report, Defendants included previously unnamed individuals to its list of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** September 21, 2022 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

parties, and percipient witness, but did not add any previously unnamed entities to the list of subsidiaries, parents and affiliates. Also in the Joint Rule 26(f) Report, Plaintiffs advised the Court that "[d]epending on what is revealed in discovery Plaintiffs may have to file a motion to add additional parties."

In January 2021, Plaintiffs sent Requests for Admissions, Interrogatories and Requests for Production to Defendants which included a request for "ALL DOCUMENTS sufficient to reflect YOUR revenues, costs or profits for the business of providing, transmitting, selling, licensing, distributing, producing, or reproducing SHAKE IT OFF as a single." (Reply at 1; Declaration of Gerard P. Fox ("Fox Decl.") at ¶¶ 2-3 & Exs. 1-2 [Request No. 25]). The Request defined the responding party as including, "Defendant Universal Music Group, Inc. and any and all present and former members, partners, officers, directors, agents, employees, associates, attorneys, assigns, predecessors-in-interest, successors-in-interest, divisions, subsidiaries and affiliates, and every other person or entity purporting to act on its behalf or its representatives." (*Id.*).

On February 18, 2021, Defendants responded to Plaintiffs January 2021 Requests for Admissions, Interrogatories, and Requests for Production reiterating that UMGI denied having anything to do with *Shake It Off*. (Opposition at 6; *See* Viner Decl., ¶ 5, Ex. 1 (No. 10)). Defendants objected to the broad definitions of "UNIVERAL," "YOU," and "YOUR" and responded to the requests as solely referring to UMGI. (Fox Decl., Ex. 2 at 22:5-14). Defendants responded that it did not have any non-privileged documents within the request. (*Id.* at 34:1-7).

On July 27, 2021, the Court Ordered that the deadline to add parties and amend was September 20, 2021. (Docket No. 97).

In January 2022, Plaintiffs served their second additional discovery requests. (Opposition at 9). Plaintiffs did not ask Defendants to identify non-parties who distribute *Shake It Off*. (Anderson Decl. at 3:12-17). Further, on April 28, 2022, Plaintiffs' counsel and Defendants' counsel conferenced to discuss, among other things, that UMGI had not identified any revenues or expenses related to *Shake It Off*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** September 21, 2022 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

(Opposition at 10, Anderson Decl. at 3-4, ¶ 9-10). The parties' counsel spoke again on May 4, 2022, and Plaintiffs' counsel did not mention UMGI. (Anderson Decl. at 4, ¶ 11).

On May 24, 2022, the Court amended the fact discovery deadline to July 1, 2022. (Order No. 120).

On June 15, 2022, Plaintiffs conducted a deposition of Defendant Taylor Swift. (Motion at 4). Plaintiffs' counsel asked Ms. Swift who distributed *Shake It Off* and Ms. Swift replied that she believed it was Universal. (Viner Decl., ¶ 12).

On June 28, 2022, Plaintiffs conducted a deposition of Defendant Big Machine's Person Most Knowledgeable, Richard C. Meyers. (Motion at 4). Mr. Meyers testified that Big Machine paid the distribution fee referenced in Big Machine Income Statement to sell and deliver *Shake It Off* to "some Universal entity," but he did not know which it was or whether it was UMGI. (Viner Decl., ¶ 13).

On July 1, 2022, Plaintiffs' counsel attempted to initiate a meet and confer with Defendants' counsel regarding the substance of the present Motion. The Parties were not able to reach a resolution over a series of email exchanges which led Plaintiffs to file this Motion on August 15, 2022. (Viner Decl., ¶ 14, Ex. 3).

On August 19, 2022, the Court issued an Order Amending Scheduled Dates and Briefing Schedules setting the jury trial for January 17, 2023. (Docket No. 139).

At the Motion hearing on September 12, 2022, Plaintiffs acknowledged that they would like to add the correct Universal entity to the current action and conduct limited discovery pursuing a Profit and Loss statement from them. Defendants noted that such Profit and Loss statement requests typically take Universal entities between 90 and 120 days to process, and have on occasion taken longer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 17-6882-MWF (ASx)                      Date:  September 21, 2022
Title:     Sean Hall et al. v. Taylor Swift et al.

## II.  STANDARD

Pursuant to Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4); *see also* Fed. R. Civ. P. 6(b)(1)(A) (requiring good cause to extend the time to accomplish an act that must be done within a specified time).

The Rule 16 "good cause" standard "primarily considers the diligence of the party seeking the amendment."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end").  "A party, however, cannot show good cause if the party 'knew or should have known of the grounds for the claims [the party] sought to add well before [the party] moved for leave to amend.'"  *RePET, Inc. v. Zhao*, EDCV 15-2315-VAP (SPx), 2017 WL 11444648, at *2 (C.D. Cal. Jan. 13, 2017) (quoting *Kinney v. Holiday Cos.*, 398 F. App'x 282, 285 (9th Cir. 2010)) (additional citations omitted) (modifications in original).

## III.  DISCUSSION

Plaintiffs move to reopen fact discovery and ultimately amend their Complaint by adding an additional party.  Plaintiffs allege Defendants made it difficult from the outset for Plaintiffs to ascertain the true distributor of *Shake It Off*, pointing out that Defendants' have omitted the correct Universal distribution entity from required disclosures to the Court and from its discovery responses to Plaintiffs.  (*See* Motion at 1-2). Plaintiffs argue that their discovery efforts have been diligent in pursuing the information necessary to identify the correct Universal entity and that delay was due to scheduling issues and evasive responses from Defendants.  (*See id.* at 3-4).

Defendants oppose the Motion on the grounds that Plaintiffs have not been diligent in their pursuit of the correct Universal entity.  (*See* Opposition at 2).  Defendants argue that Plaintiffs have known UMGI is not the distributor of *Shake It*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6882-MWF (ASx)          **Date:** September 21, 2022
**Title:**      Sean Hall et al. v. Taylor Swift et al.

*Off* for two years and have done little to identify the correct Universal entity. (*See id.* at 4-6). Specifically, Defendants point out that UMGI denied it was the distributor of *Shake It Off* in its Answer to the Complaint in September 2020 and in discovery responses made in February 2021, yet Plaintiffs did not ask about the identity of non-parties who distribute the song, despite pursuing discovery as to many other matters. (*See id.*). Further, Defendants argue that they have not been evasive because Local Rule 7.1-1 and Federal Rule of Civil Procedure 26(f) do not require parties to unilaterally identify non-parties that Plaintiffs want to sue. (*See* Opposition at 4).

       This Court has found good cause exists to modify a scheduling order when a moving party diligently pursues the information necessary to identify the correct Universal entity but has been undermined by Defendants' evasiveness. See *Exp.-Imp. Bank of Korea v. ASI Corp.*, No. CV162056MWFJPRX, 2018 WL 5263185, at *3 (C.D. Cal. Aug. 3, 2018) (Fitzgerald, J.) (granting a motion to modify a scheduling order where an opposing party made a false discovery denial about using instant messaging).

       Here, Defendants made no false denial; instead their bare yet adequate required disclosures do not rise to the level of evasiveness mandating a finding of good cause. Local Rule 7.1-1 requires parties to list all "firms, partnerships, and corporations (including parent corporations)" that may have a pecuniary interest in the outcome of the case. Defendants provided their parent corporation but did not name their unnamed affiliate who distributed *Shake It Off*. (Docket No. 21). Plaintiffs cite to *Sandoval v. Lagoon Assocs., LLC*, in which a district court permitted an amended complaint after the deadline partially because a defendant did not list two alter ego entities in their L.R. Rule 7.1-1 disclosure. No. 215CV04880RGKRAO, 2016 WL 9115988, at *4 n.5 (C.D. Cal. July 18, 2016). Defendants have not gone as far as concealing alter ego parties and have complied with the local rule, which primarily exists for recusal purposes by forcing the disclosure of the publicly-traded parent.

       Similarly, Defendants did not violate the disclosure requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(i) or the Court's related Order Setting Scheduling Conference. Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires disclosing "each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 17-6882-MWF (ASx) | Date: September 21, 2022 |
| Title: Sean Hall et al. v. Taylor Swift et al. | |

individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses" and the Court ordered parties to include in the Joint Rule 26(f) Report "a list of parties, percipient witnesses and key documents on the main issues in this case" and to "identify all subsidiaries, parents, and affiliate [for conflict purposes]." (Docket No. 67). Rule 26(a)(1) does not create an obligation to do the adversary's work and disclose witnesses harmful to the disclosing party's case. *See* Hon. Virginia A. Phillips and Hon. Karen L. Stevenson, *Rutter Group Prac. Guide Fed. Civ. Proc. Before Trial* Ch. 11(II)-C (updated September 2022). Therefore, when Defendants did not include any additional entities in the Joint Rule 26(f) Report (Docket No. 71) their omission of a non-party affiliate that they do not intend to use as a witness did not violate Rule 26(a)(1) and the inclusion of their parent company served the recusal purposes of the Court's Order.

Still, even if Defendants did nothing improper, it is still possible that Plaintiffs were reasonable in their belief that UMGI was the correct distributor, and their late pursuit of the actual distributor does not evidence a lack of diligence. Defendants suggest *Johnson*, 975 F.2d 604, mandates a finding that Plaintiffs were not diligent. In *Johnson*, a court ruled that a moving party was not diligent when it had identified the correct defendant but delayed until four months after the deadline to add parties to attempt to join the potentially liable company. *Id.* Importantly, the defendants in *Johnson* twice informed plaintiff that it had sued the wrong party, including in a letter in which it offered to stipulate to a substitution of the correct party. *Id.* at 606. Here, Defendants have not been so forthright as to undermine Plaintiffs' argument for diligence.

Defendants also cite *AmerisourceBergen Corp v. Dialysis West, Inc.*, where the Ninth Circuit found that a fifteen-month delay between when a moving party first discovered a relevant fact and when it filed its motion to amend showed a lack of diligence. 465 F.3d 946, 953 (9th Cir. 2006) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991) (eight-month delay between the time of obtaining a relevant fact and seeking a leave to amend held to be unreasonable). Here, Plaintiffs explain that they believed UMGI's denial in the Answer to merely be a denial that they presently distributed *Shake It Off*, which in combination with Defendants' disclosures

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 17-6882-MWF (ASx) | **Date:** September 21, 2022 |
| **Title:** Sean Hall et al. v. Taylor Swift et al. | |

did not signal more than just a regular general denial of allegation and perhaps a change in corporate ownership. (Reply at 1). Plaintiffs argue that it was only when Defendants moved on summary judgment on this issue that they had any sworn evidence of UMGI's denials that it had nothing to do with distribution. (Reply at 3). Plaintiffs argue they soon after attempted to investigate the issue through depositions which took time to schedule and eventually only led to unhelpful answers. (*See id.*; Motion at 3-4). The delay between when Plaintiffs discovered they did not name the true distributor and when they began to act to rectify the issue is not as undue as examples in other cases.

The case law applying the diligence standard to parties seeking Rule 16 modifications reveal this to be a close case. The case law includes grants to modify in situations where opposing parties have been more evasive or untruthful than Defendants have been here and denials in situations where moving parties have been more careless than Plaintiffs have been. Because the Court is unable to determine good cause by focusing exclusively on the moving party's reasons for seeking modification, the Court will consider the degree of prejudice faced by the parties. *See Johnson*, 975 F.2d 604, 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification . . . If that party was not diligent, the inquiry should end").

At the hearing, Plaintiffs argued that denial of the Motion would prejudice them in the form of additional time and resources necessary to file a separate action. That is certainly true for everyone, including the Court. However, given that the relief sought would ultimately lead to adding a new party, which has its own rights to discovery and pretrial motions, the unnamed potential Defendant faces the most prejudice if it is forced to prepare for the quickly approaching trial date.

Further, it is not clear that the eventual addition of the new party could be achieved before the start of trial on January 17, 2023. At the hearing, Defendants informed the Court that even the limited discovery Plaintiffs would like to propound

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 17-6882-MWF (ASx)          **Date:** September 21, 2022
**Title:**     Sean Hall et al. v. Taylor Swift et al.

on a new party, a Profit and Loss statement, would likely take between 90 and 120 days to produce.

Additionally, as discussed at the hearing, Plaintiffs are free to file a separate action against the correct distributor and relate that case back to this one, even after the trial. This assures that the prejudice they face by not having the correct distributor joined at trial will be minimal.

Given that it would be unfair to add a new party this close to the trial date and that the new party could still be held accountable should Plaintiffs succeed at trial, the Court determines that good cause to modify the amended schedule does not exist.

Accordingly, the Motion is **DENIED**.

IT IS SO ORDERED.